UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 04 418 T

| | |
|---|---|
| WINE & SPIRITS RETAILERS, INC. and JOHN HARONIAN,<br><br>*Plaintiffs,*<br>*v.*<br><br>STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as the Associate Director of the Department of Business Regulation,<br><br>*Defendants.* | Civil Action No. |

**COMPLAINT**

**Nature Of The Action**

1. Plaintiffs allege violations of the First, Fifth and Fourteenth Amendments to the Constitution of the United States and Article 1, §8 of the Constitution of the United States.

2. Recently the Rhode Island General Assembly has amended Rhode Island's liquor control statute. Sections 3-5-11 and 3-5-11.1 of the Rhode Island General laws unconstitutionally restrict the rights of speech and association and deny the Plaintiffs of their right to Equal Protection of the laws by treating them different from similarly situated other business entities.

3. Additionally, §3-5-10 discriminates against interstate trade in violation of the Commerce Clause of the Constitution of the United States.

(1)

**Jurisdiction**

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331, because the matter in controversy arises under the Constitution and laws of the United States. Plaintiffs' right to judicial review of the actions complained of is secured by 42 U.S.C. §1983.

5. Venue in this Court is proper under 28 U.S.C. §1391 because the events giving rise to this claim have occurred, and will occur, within the District of Rhode Island.

**The Parties**

6. WINE & SPIRITS RETAILERS, INC. (W&S) is a corporation organized under the laws of Rhode Island. W&S is the franchisor of Douglas Wine and Spirits (DW&S).

7. JOHN HARONIAN is a resident of Rhode Island who provides business advice to liquor stores within the state of Rhode Island. His ability to continue to provide this advice is restricted by the newly amended liquor control law.

8. Defendant STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS is a governmental unit, which promulgates laws and regulations which are binding upon the Plaintiffs. RHODE ISLAND has enacted the statutes at issue in this litigation.

9. Defendant JEFFREY J. GREER, is the Associate Director of the Department of Business Regulations (DBR). In his capacity as Associate Director of the Division of Business Regulation, Division of Commercial Licensing and Regulation, GREER is tasked with enforcing the unconstitutional statute at issue in this litigation. GREER is being sued in his official capacity only.

**Facts Common to All Claims**

10. The Rhode Island General Assembly enacted Rhode Island General Laws §§ 3-5-10, 3-5-11 and 3-5-11.1.

11. Section 3-5-11 bans the ownership of multiple Class A liquor licenses by the same individual or corporation.

12. Section 3-5-11.1 bans the holders of Class A licenses from participating in franchises. Section 3-5-11.1 take effect on April 1, 2004.

13. The elements of §3-5-11 are not separable.

14. The elements of §3-5-11.1 are not separable.

**COUNT I**
**First Amendment to the Constitution of the United States - Speech**

15. Sections 3-5-11 and 3-5-11.1 prohibit the Plaintiffs from engaging in expression protected by the First Amendment to the Constitution of the United States.

**COUNT II**
**First Amendment to the Constitution of the United States - Assembly**

16. Sections 3-5-11 and 3-5-11.1 violate the Plaintiffs' rights secured by the First Amendment to the Constitution of the United States by prohibiting the Plaintiffs from forming an expressive association.

**COUNT III**
**First Amendment to the Constitution of the United States – Unfettered Discretion**

17. The enforcement mechanism of §3-5-11's prohibition of chain stores permits unfettered discretion by the DBR in permitting some Class A to engage in the prohibited activities while not permitting others.

18. This unfettered discretion in the permitting or prohibiting of the First Amendment activities described above renders §3-5-11 unconstitutional.

**COUNT V**
**Article I, §8 of the Constitution of the United States (Commerce Clause)**

19. Section 3-5-10 requires the owners of Class A license to be residents of Rhode Island.

20. This restriction limits the ability of out of state individuals to do business within Rhode Island.

21. Section 3-5-10 discriminates against interstate commerce and therefore violates the Commerce Clause.

22. Section 3-5-11 prohibits owner of liquor stores in other states from obtaining a Class A license in Rhode Island.

**COUNT VI**
**Fifth Amendment to the Constitution of the United States**

23. Sections 3-5-11 and 3-5-11.1 eliminates the reasonable investment backed property rights of the Plaintiffs in their businesses and the value of their existing contractual relationships.

24. The unconstitutional taking of the Plaintiffs' property has caused damage to them in an amount to be proven at trial.

**COUNT VII**
**Denial of Equal Protection of the Laws in Violation of the Fourteenth Amendment to the Constitution Laws of the United States**

25. Sections 3-5-11 and 3-5-11.1 treat the Plaintiffs differently from similarly situated other individuals and businesses.

26. The Defendants lack a legitimate purpose for this different treatment.

## COUNT VIII
## Deprivation of Rights Secured by the Constitution and Laws of the United States in Violation of 42 U.S.C. §1983

**27.** Sections 3-5-10, 3-5-11 and 3-5-11.1 deprive the Plaintiffs of rights or privileges secured by the Constitution and laws of the United States.

**28.** This deprivation of rights has and will occur under color of law.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

**A.** Enter judgment declaring §§3-5-11 and 3-5-11.1 violate the First Amendment to the Constitution of the United States; and

**B.** Enter judgment declaring §§3-5-10 and 3-5-11 violate Article I, §8 of the Constitution of the United States; and

**C.** Enter judgment declaring §§3-5-11 and 3-5-11.1 violate the Fifth Amendment to the Constitution of the United States; and

**D.** Enter judgment declaring §§3-5-11 and 3-5-11.1 violate the Fourteenth Amendment to the Constitution of the United States; and

**E.** Enter Judgment declaring that §§3-5-10, 3-5-11 and 3-5-11.1 have deprived the Plaintiffs of rights secured by the Constitution and laws on the United States in violation of 42 U.S.C. §1983; and

**F.** Permanently enjoin the defendants from enforcing §§3-5-10, 3-5-11 and 3-5-11.1; and

**G.** Award to Plaintiffs the costs of this action, including attorney fees as provided for by 42 U.S.C. §1988; and

**H.** Award such other relief as the Court may deem just.

Dated: September 28, 2004

Respectfully submitted,

WINE & SPIRITS RETAILERS, INC., *et al.*

By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice* pending)
Michael Williams (*pro hac vice* pending)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987