**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE & SPIRITS RETAILERS, INC.
and JOHN HARONIAN,
Plaintiffs,

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, and
JEFFREY J. GREER, in his capacity as
the Associate Director of the Department
of Business Regulation,
Defendants,

**ANSWER**

Now comes the Defendants and hereby answers the Plaintiffs Complaint as follows:

1. Paragraph 1 contains legal conclusions to which no response is required. If a response is deemed required, paragraph 1 is denied.
2. Defendants admit that Rhode Island's liquor control statute was amended recently by the General Assembly and deny each and every allegation after the first sentence contained in Paragraph 2 of Plaintiffs Complaint.
3. Defendants deny each and every allegation contained in Paragraph 3 of Plaintiffs Complaint.
4. Paragraph 2 contains legal conclusions to which no response is required. If a response is deemed required, paragraph 4 is denied.
5. Defendants admit each and every allegation contained in Paragraph 5 of Plaintiffs Complaint.

**The Parties**

6. Defendants admit each and every allegation contained in Paragraph 6 of Plaintiffs Complaint.

7

7. Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations contained in Paragraph 7 of the complaint; therefore, the allegations are denied.
8. Defendants admit each and every allegation contained in Paragraph 8 of Plaintiffs Complaint.
9. Defendants admit that Jeffrey J. Greer is the Associate Director of the DBR and that he is being sued in his official capacity and deny each and every other allegation contained in Paragraph 9 of Plaintiffs Complaint.

**Facts Common to All Claims**

10. Defendants admit each and every allegation contained in Paragraph 10 of Plaintiffs Complaint.
11. The provisions of section 3-5-11 speak for themselves, and the paraphrased allegations of paragraph 11 contain legal conclusions to which no response is required. If a response is deemed required, paragraph 11 is denied.
12. The provisions of section 3-5-11 speak for themselves, and the paraphrased allegations of paragraph 12 contain legal conclusions to which no response is required. If a response is deemed required, paragraph 12 is denied.
13. Defendants admit each and every allegation contained in Paragraph 13 of Plaintiffs Complaint.
14. Defendants admit each and every allegation contained in Paragraph 14 of Plaintiffs Complaint.

**COUNT I**
**First Amendment to the Constitution of the United States – Speech**

15. Defendants deny each and every allegation contained in Paragraph 15 of Plaintiffs Complaint.

**COUNT II**
**First Amendment to the Constitution of the United States – Assembly**

16. Defendants deny each and every allegation contained in Paragraph 16 of Plaintiffs Complaint.

**COUNT III**
**First Amendment to the Constitution of the United States – Unfettered Discretion**

17. Defendants deny each and every allegation contained in Paragraph 17 of Plaintiffs Complaint.

18. Defendants deny each and every allegation contained in Paragraph 18 of Plaintiffs Complaint.

**COUNT IV**
**(NO COUNT IV APPEARS IN PLAINTIFFS COMPLAINT)**

**COUNT V**
**Article I, §8 of the Constitution of the United States (Commerce Clause)**

19. The provisions of section 3-5-11 speak for themselves, and the paraphrased allegations of paragraph 19 contain legal conclusions to which no response is required. If a response is deemed required, paragraph 19 is denied.

20. Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations contained in Paragraph 20 of the complaint; therefore, the allegations are denied.

21. Defendants deny each and every allegation contained in Paragraph 21 of Plaintiffs Complaint.

22. The provisions of section 3-5-11 speak for themselves, and the paraphrased allegations of paragraph 22 contain legal conclusions to which no response is required. If a response is deemed required, paragraph 22 is denied.

**COUNT VI**
**Firth Amendment to the Constitution of the United States**

23. Defendants deny each and every allegation contained in Paragraph 23 of Plaintiffs Complaint.

24. Defendants deny each and every allegation contained in Paragraph 24 of Plaintiffs Complaint.

**COUNT VII**
**Denial of Equal Protection of the Laws in Violation of the Fourteenth Amendment to the Constitution Laws of the United States**

25. Defendants deny each and every allegation contained in Paragraph 25 of Plaintiffs Complaint.

26. Defendants deny each and every allegation contained in Paragraph 26 of Plaintiffs Complaint.

**COUNT VIII**
**Deprivation of Rights Secured by the Constitution and Laws of the United States in Violation of 42 U.S.C. §1983**

27. Defendants deny each and every allegation contained in Paragraph 27 of Plaintiffs Complaint.

28. Defendants deny each and every allegation contained in Paragraph 28 of Plaintiffs Complaint.

WHEREFORE, Defendants respectfully request that the Court deny and dismiss Plaintiffs Complaint, no costs or fees to either party.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Greer, as an officer of the State of Rhode Island, is entitled to all immunities which are enjoyed by the sovereign.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to maintain an action against these Defendants insofar as the legislation at issue enjoys the presumption of validity and, in fact, was duly enacted and is not violative of any provisions of the Federal or State constitutions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing.

### FIFTH AFFIRMATIVE DEFENSE

These Defendants are entitled to a presumption that they will act at all times with good faith.

### SIXTH AFFIRMATIVE DEFENSE

This action is not yet ripe for review.

Respectfully Submitted,

Defendants
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within Answer, postage pre-paid, first class mail, on this 7th day of December, 2004 to those indicated below:

Melissa S. DiTore

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736