UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE AND SPIRITS RETAILERS, INC.
and JOHN HARONIAN,
Plaintiffs

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business
Defendants

**MOTION OF UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND TO INTERVENE AS A PARTY DEFENDANT**

The United Independent Liquor Retailers of Rhode Island ("UILR"), pursuant to Fed. R. Civ. P. 24(a) and (b), moves for leave to intervene in this action as a party defendant. The UILR wishes to assert the defenses set forth in its proposed Answer, a copy of which is attached as *Exhibit A*, and defend the constitutionality of statutes that it was instrumental in moving to successful passage into law. As fully set forth in the accompanying memorandum of law, the UILR seeks to intervene as of right pursuant to Fed. R. Civ. P 24(a) or, alternatively, to intervene permissively under Fed. R. Civ. P 24(b).

Counsel for the UILR has been in contact with counsel for defendants and for plaintiffs and has been advised that the Attorney General, representing defendants, has no objection to UILR's intervention. Plaintiffs, however, object to any participation in this case by the UILR, even as amicus curiae.

15

Respectfully submitted,

UNITED INDEPENDENT LIQUOR
RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 743-4700
(401) 633-7296 (fax)

DATED: February 11, 2005

**CERTIFICATION**

I hereby certify that I sent by first class mail postage prepaid and fax a true copy of the attached Motion to Intervene on this 11th day of February 2005 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE AND SPIRITS RETAILERS, INC.
and JOHN HARONIAN,
Plaintiffs

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business
Defendants

## MEMORANDUM IN SUPPORT OF MOTION OF UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND TO INTERVENE AS PARTY DEFENDANT

The United Independent Liquor Retailers of Rhode Island ("UILR"), pursuant to Fed. R. Civ. P. 24(a) and (b), submit this memorandum in support of their motion to intervene in this action as a party defendant in order to assert the defenses set forth in its proposed Answer, a copy of which is attached as *Exhibit A*, and defend the constitutionality of the State statutes challenged by plaintiffs. The UILR was instrumental in gaining passage of the key statutes at issue. For the reasons expressed below, the UILR seeks to intervene as of right pursuant to Fed. R. Civ. P 24(a) or, alternatively, to intervene permissively under Fed. R. Civ. P 24(b).

## INTRODUCTION

The United Independent Liquor Retailers Association of Rhode Island, Inc. is a nonprofit corporation formed to promote and represent the common business interests of and improve business conditions among members of the independent retail liquor industry operating in Rhode Island. The UILR represents dozens of licensed liquor retailers throughout Rhode Island. The UILR is charged with the duty of protecting its members'

interests by seeking legislative action, and sponsors and participates in legislative enactments dealing with liquor laws and, as appropriate, also becomes involved in litigation where the constitutionality of those laws are at issue.

The UILR was instrumental in helping to ensure that the newly-enacted statutes, R.I. Gen. Laws § 3-5-11 and R.I. Gen. Laws § 3-5-11.1 – the statutes challenged by plaintiffs – became law. In addition, with respect to the other statute challenged by plaintiffs – R.I. Gen. Laws § 3-5-10 – the UILR was the leader in demanding its enforcement through the Department of Business Regulation ("DBR") and the Office of Attorney General.

Indeed, the UILR is referred to by plaintiffs by name in their memorandum in support of their motion for a preliminary injunction. In sum, plaintiffs and the UILR are on opposite sides of the fence with respect to the challenged statutes. The UILR fights for enforcement, urges their passage and contends they are constitutional; plaintiffs argue against enforcement, lobby for their defeat, and contend they are unconstitutional. If plaintiff Haronian and the Wine and Sprits Retailers, Inc. have standing to challenge the subject statutes, the United Independent Liquor Retailers must likewise possess standing sufficient to intervene to defend the challenged statutes.

**I. The UILR is Entitled to Intervene as a Matter of Right**

Rule 24 of the Federal Rules of Civil Procedure provides for both intervention as of right and permissive intervention. It is well established that qualification for intervention as of right depends on four factors: (1) the application must be timely, (2) the applicant must claim an interest relating to the property or transaction which is the subject of the

action, (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest, and (4) the applicant must show its interest will not be adequately represented by existing parties. *See, e.g., Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 637 (1st Cir. 1989).

**A. UILR intervention is timely**

The UILR's motion to intervene is clearly timely. The only pleadings to date have been plaintiffs' complaint and the Attorney General's answer. Plaintiffs just recently filed a motion for a preliminary injunction and no discovery has been undertaken. Plaintiffs would not suffer any prejudice if the motion to intervene is granted, and the UILR will abide by any scheduling deadlines imposed by the Court.

**B. The UILR possesses a substantial legal interest**

The UILR has a direct and substantial interest in the statutory provisions challenged by plaintiffs, an interest at least equal to that of plaintiffs. Throughout Rhode Island there are over 250 alcoholic beverage retailers who possess the statutorily required Class A license to sell. All stores, except those directly and indirectly controlled by plaintiffs, purchase alcohol from wholesalers and advertise prices independently. The UILR supports the independent liquor retailer and the statutes designed to ensure that all Class A retailers compete without collusion. Plaintiffs oppose that long-standing public policy and the statutes designed to promote it.

The first statute challenged by plaintiffs concerns the statutory chain store prohibition in R.I. Gen. Laws § 3-5-10, a statute in effect for over 70 years. The next two statutes, R.I. Gen. Laws § 3-5-11 and 11.1, were passed into law by the General Assembly

last year. The chain store prohibition, buttressed by the new laws, ensures a level playing field for all liquor retailers. Each Class A retailer can negotiate the purchase of alcohol and merchandise from wholesalers, price advertise and employ and receive business advice from whomever they wish, however they wish. What no Class A liquor retailer can do, however, is team up with one or more other liquor retailers either directly or through a third party (such as plaintiffs , who hold no Class A license) to gain a competitive advantage by coordinating their activities through collaborative wholesale purchasing, price advertising, planning or implementation of joint marketing strategies.

In the last few years, plaintiffs have tried schemes to maneuver around the strictures of the chain store prohibition and to exploit section 10. They have done this in an attempt to provide legal legitimacy to collaborative purchasing of wholesale alcohol and collaborative price advertising – precisely what the chain store prohibition was designed to protect against. The enforcement and regulation proceedings at DBR featured plaintiffs on one side and the UILR and its members on the other. DBR never resolved the regulatory issue; the General Assembly did by statute. To clarify the sweeping prohibition on common, group, centralized and/or coordinated purchases of wholesale merchandise, price advertising, marketing strategies and coordinated Class A liquor license holder activities, the legislature passed into law sections 11 and 11.1.

It is therefore beyond peradventure that the members of the UILR are directly affected by the trio of Class A liquor regulation statutes challenged by plaintiffs. *See New York Public Interest Research Group, Inc. v. Regents*, 516 F.2d 350, 352 (2nd Cir. 1975) (pharmacists and their association permitted to intervene as of right to defend their financial interest with respect to a state regulation prohibiting the advertisement of

prescription drug prices that was under attack by a lawsuit by consumers); *Nynex Corporation v. Federal Communications Commission*, 153 F.R.D. 1, 3 (D. Me. 1999) (noting that sufficient interest more easily found where public law disputes affecting regulatory programs at issue).

Of particular importance is the fact that the UILR and its members were directly involved in the drafting and passage of the new statutes challenged by plaintiffs. In *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997), the Court considered a proposed intervenor's interest in the validity of legislation, and its involvement in the process leading to the adoption of legislation, as creating "a cognizable interest in defending that legislation." *Id.* at 1247. The UILR's legal interest in defending the constitutionality of the challenged statutes before this Court is at least at strong as plaintiffs' legal interest in urging that they be stricken.[1]

The UILR is committed to serving the legislative, regulatory and legal needs of its members which comprise the Class A licensed retail liquor industry. One of the major

---

1 Trade associations whose members are subject to alcohol laws and regulations have been permitted to intervene when the state's alcohol laws are challenged. *See Healey v. Beer Inst., Inc.*, 491 U.S. 324 (1989); *Brown-Forman Corp. v. Tennessee Alcoholic Beverage Comm'n*, 492 U.S. 902 (1989); *Cooper v. McBeath*, 11 F.3d 547 (5th Cir. 1994); *Battipaglia v. New York State Liquor Auth.*, 745 F.2d 166 (2d. Cir. 1984). Most importantly, this Court, in a different constitutional challenge to the State's liquor laws, allowed the Allied Beverage Council to intervene as of right to assist in defense of the constitutionality of a newly-passed Rhode Island liquor statute. *See Woolfson v. Carcieri*, 03-463S (D.R.I. 2004) (Smith, J.).

In *Heald v. Engler*, 2001 U.S. Dist. LEXIS 24826 *rev'd on other grounds*, 342 F.3d 517 (6th Cir. Aug. 28, 2003), the District Court permitted the a liquor wholesalers association trade group to intervene. In the Report and Recommendation, the Magistrate Judge concluded that the group had more than merely an economic interest to intervene when Michigan's alcohol laws were challenged, finding a sufficiently direct and substantial interest in the litigation because "it is the validity of the regulations which govern its members' businesses that is being challenged." *Heald*, No. 00-71438, Report and Recommendation filed July 12, 2002, at 8, *accepted and adopted* Aug. 17, 2008. There is no reason in law or fact to arrive at a different conclusion in the present case.

missions of the UILR is to support legislation that will benefit, and oppose legislation which will injure, the members of the retail alcohol beverage license holders and the citizens of Rhode Island. Plaintiffs' complaint seeks to destroy the level playing field among all Class A license holders, to the great detriment of the independent liquor retailer.

The purpose and effect of the laws challenged here is to prevent any owner of a retail liquor store from joining with other retail owners in the purchase or sale of alcoholic beverages. In this manner, no retail owner has an unfair advantage over another, but is constrained to negotiate pricing and promote its business on an even playing field. The use of chain stores and franchise relationships to purchase and sell liquor to consumers breaks this rule, cutting off local independent retailers at the knees. The UILR and its members clearly have a substantial legal interest in defending the constitutional validity of the challenged statutes.

**C. Impairment of Interest**

Rhode Island independent alcoholic beverage retailers (which the UILR represents) clearly benefit from and, are subject to, the statutory alcoholic beverage provisions challenged in this case. If this Court were to strike those provisions down as unconstitutional, thereby permitting unlimited collusion, franchising and chain store activity, Rhode Island's independent alcoholic beverage retailers would be placed at an enormous competitive disadvantage, would face devastating consequences to the investment they have made in their businesses in reliance on the prohibition on such activities, and in due time cease to exist.

Potential economic harm to a would-be intervenor is a factor that warrants serious consideration in the impairment of interest inquiry. *See Public Serv. Co. v. Patch*, 136 F.3d. 197, 205 (1st Cir. 1998). The economic interest, however, must not be general, speculative or contingent. *Id.* Here the detriment to the UILR is not contingent on the uncertain outcome of later determinations. The adverse effect is immediate and certain. The UILR members who fight for a level playing field are the real targets of the suit, and are the subjects of plaintiffs' challenge. *See Conservation Law Found., Inc. v. Mosbacher*, 966 F.2d 39, 43 (1st Cir. 1992). *New York Pub. Interest Research Group*, 516 F.2d at 351-52 (pharmacists had interest in challenge to law prohibiting advertising price of prescription drugs because statute could significantly change conduct of business); *Kleisler v. United States Forest Service*, 157 F.3d 964, 972 (3rd Cir. 1998) (timber companies have direct and substantial interests in a lawsuit aimed at halting logging or, at a minimum, reducing the efficiency of their method of timber-cutting.").

Disposition of this action without the UILR's participation would indeed impact and impede its ability to protect the interests of its members.

**D. Inadequacy of Representation**

An applicant for intervention need only make a minimal showing that the representation by existing parties likely will prove inadequate. *Patch*, 136 F.3d 208; *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972). While the burden of persuasion may be "ratcheted upward" when a governmental entity is involved, an analysis of "inadequacy" necessarily requires a consideration of the strength of the interests the would-be intervenors present and the tests of inadequacy may vary with the strength of

those interests. *See Maine v. Dir., United States Fish & Wildlife Serv.* 262 F.3d 13, 20 (1st Cir. 2001).

As courts have moved from formalistic restrictions to a practical "interest" requirement for intervention as of right, so tests of "inadequacy" tend to vary depending on the strength of the interests. Courts may require very little "inadequacy" if the would-be intervenor's have significant interests at stake and a great deal if the interest were thin and widely shared. *See Dagget v. Comm'n on Governmental Ethics and Election Practices*, 172 F.3d 104, 113-114 (1st Cir. 1999).

As set forth above, the very livelihood of UILR members are threatened by an adverse ruling in this matter. Members of the UILR have direct private interests which are at stake in this matter for which the other defendants have no interest in protecting. *See Maine*, 262 F.2d at 20.

Moreover, the UILR brings to this action a unique perspective and unique interests that are not adequately represented by the existing defendants. The UILR will make arguments that may not be made by the other parties, and the UILR fears that the existing defendants may not appeal an adverse ruling and/or may sacrifice certain provisions of the statutes which benefit Rhode Island retailers for other portions of the statute.

Perhaps most importantly, plaintiffs appear to be making a as applied, as opposed to a facial challenge to the subject statutes. As such, the facts surrounding plaintiffs' business practices become of vital importance. The UILR has unique knowledge of plaintiffs' business practices, its members having been the direct victims of those practices.

Although, the State defendants and the UILR both seek to preserve the constitutionality of Rhode Island alcoholic beverage laws, their reasons are different.

While the State has numerous legitimate reasons for safeguarding the integrity of the chain store and franchise prohibition, the UILR members are concerned with their own economic welfare and investments within the independence-guarantying statutory framework and in maintaining healthy competition in the marketplace within that regulatory framework. Without intervention, the economic interests of the UILR members will be under-represented or unrepresented. *See Conservation Law Found., Inc. v. Mosbacher*, 966 F.2d 39, 45 (1st Cir. 1992) (noting that governmental entity charged by law to represent public interests might not advance narrow interests of private entity).

It is beyond dispute that the UILR and its members bring a unique perspective to this litigation. They may provide evidence, unavailable from the State defendants, that may be of importance to this Court in analyzing the apparent as applied constitutional challenge before it. Simply put, plaintiffs' relationship with Class A liquor license holders is far greater than their claimed role as nothing more than business advisor.

State defendants are focused on the public interest; they will not represent the property interests of the members of the UILR. While both the State and the UILR seek to defend the challenged statutory provisions, the State's primary interest lies with the public interest and in enforcing Rhode Island law, not the economic concerns of the UILR or Class A license holders.

If denied the right to participate as a party to this action, the interests of the UILR, and its constituent members, will go undefended. The UILR, in its representative capacity, has the absolute right to intervene in this action.

## II. In the Alternative, the UILR Should Be Allowed to Intervene Permissively

If this Court were to find that the UILR should not be allowed to intervene as of right, this Court should permit ABC to intervene because it has satisfied all the requirements of permissive intervention under Fed. R. Civ. P. 24(b). Rule 24(b) provides that permissive intervention may be allowed "when the applicant's claim or defense in the main action have a question of law or fact in common." Permissive intervention is discretionary with the Court and the primary consideration in determining whether or not to grant such intervention is whether such intervention (where there are common issues of law or fact) would unduly "delay or prejudice the adjudication or the rights of the original parties." *See Dagget,* 172 F.3d at 113-114.

In the instant case, this Court should allow the UILR to intervene in this action because common questions of law and fact abound and the UILR, like the State defendants, is committed to defending the constitutionality of the statutory provisions at issue here, and because the UILR's unique economic interest is a valid ground for intervention. *See, e.g., Brooks v. Flagg Bros.*, 63 F.R.D. 409, 415 (S.D.N.Y. 1994). The UILR's participation will not delay, and could well assist the Court in expediting adjudication of the ultimate constitutional issues.

## CONCLUSION

The United Independent Liquor Retailers respectfully requests that this Court grant its Motion to Intervene.

Respectfully submitted,

UNITED INDEPENDENT LIQUOR
RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 743-4700
(401) 633-7296 (fax)

DATED: February 11, 2005

**CERTIFICATION**

I hereby certify that I sent by first class mail postage prepaid and fax a true copy of the attached Memorandum in Support of Motion to Intervene on this 11th day of February 2005 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq. #5876
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE AND SPIRITS RETAILERS, INC.
and JOHN HARONIAN,
Plaintiffs

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business
Defendants

**ANSWER**

**NOW COMES** Intervenor-Defendant, the United Independent Liquor Retailers ("UILR"), by and through its attorney, and hereby responds to the allegations in the Complaint as follows:

**INTRODUCTION**

1. Paragraph 1 characterizes the Complaint and states a legal conclusion to which no response is required. To the extent a response is deemed required, paragraph 1 is denied.

2. Defendant UILR admits that Rhode Island's liquor control statue was recently amended by the General Assembly and denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant UILR denies the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION

4. The allegations in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, paragraph 4 is denied.

5. The allegations in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, paragraph 5 is denied.

## THE PARTIES

6. Defendant UILR neither admits or denies the allegations contained in paragraph 6 of the Complaint, but leaves plaintiffs' to their proof. To the extent a response is required, denied.

7. Defendant UILR is without information or knowledge sufficient to for a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, but leaves plaintiffs to their proof. To the extent a response is required, denied.

8. Admitted.

9. Defendant UILR admits that Mr. Greer is an Associate Director at the Department of Business Regulation and that he is being sued in his official capacity and denies all remaining allegations contained in paragraph 9 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

10. Admitted.

11. The provisions of the law cited by plaintiffs' speak for themselves and the allegations contained in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, denied.

12. The provisions of the law cited by plaintiffs' speak for themselves and the allegations contained in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, denied.

13. The provisions of the law cited by plaintiffs' speak for themselves and the allegations contained in paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, denied.

14. The provisions of the law cited by plaintiffs' speak for themselves and the allegations contained in paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, denied.

## COUNT I
## First Amendment to the Constitution of the United States – Speech

15. Denied.

## COUNT II
## First Amendment to the Constitution of the United States – Assembly

16. Denied.

## COUNT III
## First Amendment to the Constitution of the United States – Unfettered Discretion

17. Denied.

18. Denied.

**COUNT IV**
**No Count IV Appears in Plaintiffs' Complaint**

**COUNT V**
**Article I, §8 of the Constitution of the United States (Commerce Clause)**

19. The provisions of the law cited by plaintiffs' speak for themselves and the allegations contained in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, denied.

20. Denied.

21. Denied.

22. The provisions of the law cited by plaintiffs' speak for themselves and the allegations contained in paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT VI**
**Fifth Amendment to the Constitution of the United States**

23. Denied.

24. Denied.

**COUNT VII**
**Denial of Equal Protection of the Laws in Violation of the Fourteenth Amendment to the Constitution Laws [sic] of the United States**

25. Denied.

26. Denied.

**COUNT VIII**
**Denial of Equal Protection of the Laws in Violation of the Fourteenth Amendment to the Constitution Laws [sic] of the United States**

27. Denied.

28. Denied.

**WHEREFORE,** defendant UILR respectfully requests that this Court deny and dismiss plaintiffs' Complaint in its entirety and with prejudice and award it attorney fees and costs and such other relief as it deems just and proper to defend this meritless action.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction under Fed. R. Civ. Pro. 12(b)(1) because there is no actual case or controversy before it. Plaintiffs have failed to provide any facts that would show any enforcement action taken against them or any injury as a result of any such enforcement action. This Court lacks jurisdiction to hear a "potential" action.

**THIRD AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction under Fed. R. Civ. Pro. 12(b)(1) against any of the defendants because the Complaint does not comply with the requirements of Fed. R. Civ. Pro. 8(a), which requires factual support for the allegation that these defendants caused some injury. There are no facts alleged that any of the defendants have enforced the particular statutory provision complained of to the detriment of plaintiffs. Plaintiffs'

Complaint must establish actual facts showing that action has been taken that resulted in harm to the plaintiffs.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim under Fed. R. Civ. Pro. 12(b)(6). Plaintiffs have provided no facts upon which this Court could conclude that anyone has suffered any injury, or that the laws of Rhode Island have been enforced against anyone to their detriment. Without the specific factual support to establish their claim as required by Fed. R. Civ. Pro. 8(a), plaintiffs have failed to state a claim upon which relief may be granted.

FIFTH AFFIRMATIVE DEFENSE

The collusive wholesale purchasing and price advertising of alcoholic beverages directly and indirectly undertaken by plaintiffs' within the State of Rhode Island in violation of the laws of this State is a practice properly halted by the State as an exercise of its power under the 21st Amendment to the United States Constitution.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing.

SEVENTH AFFIRMATIVE DEFENSE

The challenged State laws are supported by legitimate governmental concerns and protected by the 21st Amendment to the United States Constitution.

EIGHTH AFFIRMATIVE DEFENSE

This action is not ripe for review.

Respectfully submitted,

UNITED INDEPENDENT LIQUOR
RETAILERS OF RHODE ISLAND

By its attorneys,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 743-4700
(401) 633-7296 (fax)

DATED: February 11, 2005

**CERTIFICATION**

I hereby certify that I sent by first class mail postage prepaid and fax a true copy of the attached Answer on this 11th day of February 2005 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736