UNITED STATES DISTRICT C   RT
FOR THE DISTRICT OF RHODE ISLAND

WINE AND SPIRITS RETAILERS, INC.
and JOHN HARONIAN,
Plaintiffs

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business
Defendants

## ANSWER

**NOW COMES** Intervenor-Defendant, the United Independent Liquor Retailers ("UILR"), by and through its attorney, and hereby responds to the allegations in the Complaint as follows:

## INTRODUCTION

1. Paragraph 1 characterizes the Complaint and states a legal conclusion to which no response is required. To the extent a response is deemed required, paragraph 1 is denied.

2. Defendant UILR admits that Rhode Island's liquor control statue was recently amended by the General Assembly and denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant UILR denies the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION

4. The allegations in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required,

paragraph 4 is denied.

5. The allegations in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, paragraph 5 is denied.

## THE PARTIES

6. Defendant UILR neither admits or denies the allegations contained in paragraph 6 of the Complaint, but leaves plaintiffs' to their proof. To the extent a response is required, denied.

7. Defendant UILR is without information or knowledge sufficient to for a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, but leaves plaintiffs to their proof. To the extent a response is required, denied.

8. Admitted.

9. Defendant UILR admits that Mr. Greer is an Associate Director at the Department of Business Regulation and that he is being sued in his official capacity and denies all remaining allegations contained in paragraph 9 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

10. Admitted.

11. The provisions of the law cited by plaintiffs' speak for themselves and the allegations contained in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, denied.

12. The provisions of the law cited by plaintiffs' speak for themselves and the

allegations contained in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, denied.

13. The provisions of the law cited by plaintiffs' speak for themselves and the allegations contained in paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, denied.

14. The provisions of the law cited by plaintiffs' speak for themselves and the allegations contained in paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, denied.

## COUNT I
## First Amendment to the Constitution of the United States – Speech

15. Denied.

## COUNT II
## First Amendment to the Constitution of the United States – Assembly

16. Denied.

## COUNT III
## First Amendment to the Constitution of the United States – Unfettered Discretion

17. Denied.

18. Denied.

## COUNT IV
## No Count IV Appears in Plaintiffs' Complaint

COUNT V

Article I, §8 of the Constitution of the United States (Commerce Clause)

19. The provisions of the law cited by plaintiffs' speak for themselves and the allegations contained in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, denied.

20. Denied.

21. Denied.

22. The provisions of the law cited by plaintiffs' speak for themselves and the allegations contained in paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, denied.

COUNT VI

Fifth Amendment to the Constitution of the United States

23. Denied.

24. Denied.

COUNT VII

Denial of Equal Protection of the Laws in Violation of the Fourteenth Amendment to the Constitution Laws [sic] of the United States

25. Denied.

26. Denied.

COUNT VIII

Denial of Equal Protection of the Laws in Violation of the Fourteenth Amendment to the Constitution Laws [sic] of the United States

27. Denied.

28. Denied.

**WHEREFORE,** defendant UILR respectfully requests that this Court deny and dismiss plaintiffs' Complaint in its entirety and with prejudice and award it attorney fees and costs and such other relief as it deems just and proper to defend this meritless action.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction under Fed. R. Civ. Pro. 12(b)(1) because there is no actual case or controversy before it. Plaintiffs have failed to provide any facts that would show any enforcement action taken against them or any injury as a result of any such enforcement action. This Court lacks jurisdiction to hear a "potential" action.

**THIRD AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction under Fed. R. Civ. Pro. 12(b)(1) against any of the defendants because the Complaint does not comply with the requirements of Fed. R. Civ. Pro. 8(a), which requires factual support for the allegation that these defendants caused some injury. There are no facts alleged that any of the defendants have enforced the particular statutory provision complained of to the detriment of plaintiffs. Plaintiffs' Complaint must establish actual facts showing that action has been taken that resulted in harm to the plaintiffs.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim under Fed. R. Civ. Pro. 12(b)(6). Plaintiffs have provided no facts upon which this Court could conclude that anyone has suffered any injury, or that the laws of Rhode Island have been enforced against anyone to their detriment. Without the specific factual support to establish their claim as required by Fed. R. Civ. Pro. 8(a), plaintiffs have failed to state a claim upon which relief may be granted.

FIFTH AFFIRMATIVE DEFENSE

The collusive wholesale purchasing and price advertising of alcoholic beverages directly and indirectly undertaken by plaintiffs' within the State of Rhode Island in violation of the laws of this State is a practice properly halted by the State as an exercise of its power under the 21st Amendment to the United States Constitution.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing.

SEVENTH AFFIRMATIVE DEFENSE

The challenged State laws are supported by legitimate governmental concerns and protected by the 21st Amendment to the United States Constitution.

EIGHTH AFFIRMATIVE DEFENSE

This action is not ripe for review.

Respectfully submitted,

UNITED INDEPENDENT LIQUOR
RETAILERS OF RHODE ISLAND

By its attorneys,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 743-4700
(401) 633-7296 (fax)

DATED: March 14, 2005

## CERTIFICATION

I hereby certify that I sent by first class mail postage prepaid and email in pdf format a true copy of the attached Answer on this 14th day of March 2005 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736