UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WINE & SPIRITS RETAILERS, INC., *et al.*<br>*Plaintiffs,*<br>*v.*<br>STATE OF RHODE ISLAND, *et al.*,<br>*Defendants.* | Civil Action No. 04-418-T |

**MOTION FOR AN INJUNCTION PENDING APPEAL**

Pursuant to Fed.R.Civ.P. 62, the Plaintiffs move for an injunction pending appeal of this Court's Memorandum and Order denying the Plaintiffs' motion for a preliminary injunction. Plaintiffs request that this honorable Court enjoin the State from enforcing RI ST § 3-5-11, subparagraphs (b)(1)(iii-vi), and all of RI ST § 3-5-11.1 until such time as the First Circuit Court of Appeals has reviewed and rendered a decision in this matter. As stated more fully in the Plaintiffs' memorandum in support of their motion for an injunction pending appeal, this injunction is necessary to preserve the business interests of the Plaintiffs and other affected parties pending an appellate decision on this important and controlling question of law.

Dated: April 12, 2005

Respectfully submitted,
WINE & SPIRITS RETAILERS, INC., *et al.*
By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

25

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*
*v.*
STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**MEMORANDUM IN SUPPORT OF MOTION FOR AN INJUNCTION PENDING APPEAL**

The Plaintiffs move for an injunction pending appeal of this Court's Memorandum and Order denying the Plaintiffs' motion for a preliminary injunction. Rule 62 of the Federal Rules of Civil Procedure provides, in pertinent part, that this Court may in its discretion grant an injunction during the pendency of the interlocutory appeal of a decision denying Plaintiffs' motion for a preliminary injunction. In *Lorillard Tobacco Co.*, the First Circuit granted a request for a stay pending appeal and expedited[1] consideration of that appeal. *See* Appeals Docket #00-1107, Order entered on January 31, 2000. The *Lorillard* case also involved a First Amendment challenge to regulations affecting the operations of businesses.

In the decision denying the motion for a preliminary injunction, this Court ruled that R.I. Gen. Laws §3-5-11 as amended and R.I. Gen. Laws §3-5-11.1 do not infringe upon the First Amendment rights of either the Franchisor or Franchisees. Thus, the burden did not shift to the State to meet the burden of proving "that its interest in the restrictions is substantial, that the regulation directly advances the asserted interest, and that the regulation is not more extensive

than is necessary to advance that interest." *See* Memorandum and Order, n.2. This Court's decision regarding the First Amendment and shifting of burdens is outcome determinative of most, if not all, of the issues pending in this action. Accordingly, the Plaintiffs respectfully request that this Court grant an injunction pending appeal so that Plaintiffs may remain in business while the First Circuit decides this important issue.

The Plaintiffs contend that the Rhode Island statute impinges upon First Amendment rights by prohibiting:

(iii) Participation in a coordinated or common advertisement with one or more liquor licensed business in any advertising media.

(iv) Coordinated or common planning or implementation of marketing strategies.

(v) Participation in agreed upon or common pricing of products.

(vi) Any term or name identified as a chain or common entity.

RI ST § 3-5-11(b)(1). The newly enacted statute, RI ST § 3-5-11.1, violates the freedom of speech and association rights of the franchisor and franchisee by banning franchising relationships in the retail liquor industry only.

This Court held that the statutes do not preclude the franchisor from giving information or the franchisees from receiving information. Rather, the statute precludes the coordination of efforts by the franchisees. The Court gave as an example the coordination of what products and prices to include in joint advertising. The Court opined that the individual franchisees could place their own advertisements. The inability to jointly advertise takes away from the effect and strength of the message in joint advertising. The Court's observation also ignores the uncontested testimony that it is too expensive for one store to place the advertising. Moreover, a

[1] Plaintiffs have filed with the First Circuit a motion for an expedited appeal and referenced the *Lorillard* precedent.

determination that these restrictions affect action without impinging upon speech is the equivalent of saying that a law restricting protestors of the war on terror from communicating with each other to coordinate the speakers, time and place of the protest does not impinge upon their First Amendment rights of freedom of speech and association.

In *Lorillard Tobacco Co. v. Reilly*, the Commonwealth of Massachusetts sought to restrict, *inter alia*, the placement of signs advertising tobacco products and the location of tobacco products to behind the counter, out of the reach of customers. The lower courts were not sure if these restrictions required First Amendment scrutiny. The Supreme Court held that the restrictions did impinge upon First Amendment rights and applied First Amendment scrutiny. *See Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 566-70 (2001). To paraphrase the Supreme Court:

> The First Amendment also constrains state efforts to limit advertising of [alcohol] products, because so long as the sale and use of [alcohol] is lawful for adults, the [alcohol] industry has a protected interest in communicating information about its products and adult customers have an interest in receiving that information.

*Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 571 (2001). Indeed, adult consumers in Rhode Island and the franchisees have a constitutional right to receive information. *Id.* at p.565 ("a speech regulation cannot unduly impinge on the speaker's ability to propose a commercial transaction and the adult listener's opportunity to obtain information about products."); *see also Martin v. City of Struthers,* 319 U.S. 141 (1943) (government may enforce "no soliciting" signs that homeowners and businesses put up, but may not enact law banning all soliciting because that would cut off residents who wanted to receive the information). "Massachusetts [was] not concerned with any 'secondary effects' of tobacco advertising—it [was] concerned with the advertising's primary effect, which [was] to induce those who view the advertisements to

purchase and use tobacco products. In other words, it seeks to suppress speech about tobacco because it objects to the content of that speech." *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 574 (2001) (Thomas, J., concurring) (internal citations omitted).

Rhode Island has not prohibited franchising and use of common name, marketing plan or advertising in any other industry. Rhode Island does not object to joint advertising, it objects to the message of selling alcohol. This is content based and necessarily involves a consideration of the content of the message. The content-based decision of the State of Rhode Island is applying the restrictions on the liquor retail industry only. "[N]onverbal expressive activity can be banned because of the action it entails, but not because of the ideas it expresses—so that burning a flag in violation of an ordinance against outdoor fires could be punishable, whereas burning a flag in violation of an ordinance against dishonoring the flag is not. *See R.A.V.*, 505 U.S. at 385 (citations omitted). Similarly, the State of Rhode Island has not banned joint advertising in any other industry. The logical conclusion is that the State has banned joint advertising in the liquor industry because it disagrees with the message. The Court must therefore seek proof from the State that its regulation meets the requirements of the *O'Brien* test (at a minimum).

The Supreme Court has struck down laws that considered the content of the speech in the determination of whether it is prohibited. "Whether individuals may exercise their free-speech rights near polling places depends entirely on whether their speech is related to a political campaign." *Burson v. Freeman,* 504 U.S. 191, 197 (1992). In this case, whether individuals may exercise their free-speech and association rights is dependant upon whether their speech or association involves the sale of alcoholic beverages. "[L]aws favoring some speakers over others demand strict scrutiny when the legislature's speaker preference reflects a content preference." *Turner Broadcasting System, Inc. v. Federal Communications Commission*, 512

U.S. 622, 658 (1994), *citing Buckley v. Valeo,* 424 U.S. 1, 649 (1976); *see also Miami Herald Publishing Co. v. Tornillo,* 418 U.S. 241, 256 (1974) (striking down law triggered only when newspaper article concerned a political candidate).

This Court's decision hinges upon a finding that the statutes restrict conduct unrelated to speech. This finding does not mean that First Amendment scrutiny does not apply. This Court cites *R.A.V. v. City of St. Paul, Minnesota*, 505 U.S. 377 (1992), for the proposition that "[W]ords can in some circumstances violate laws directed not against speech but against conduct.[sic]" Memorandum and Order, p.8 (internal quotes omitted). The *R.A.V.* Court cites to *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 571 (1991), to support this statement. *R.A.V.*, 505 U.S. at 389 (1992). The significance of these two decisions to the matter at hand is not the recognition that some regulations have only a secondary effect on speech. The significance is that both of these cases apply First Amendment scrutiny to the respective statutes challenged and only then come to the conclusion that the statutes are constitutional, *i.e.,* are sufficiently directed at conduct, not speech. *See id.* at 396; *Barnes,* 501 U.S. at 571.

As noted by the Supreme Court in *Lorillard*, "[t]o qualify as a regulation of communicative action governed by the scrutiny outlined in *O'Brien*, the State's regulation must be unrelated to expression." 533 U.S. 525, 567 (2001). In *United States v. O'Brien*, 391 U.S. 367 (1968), the Supreme Court held that statutes designed to regulate conduct rather than speech, but which have an incidental impact on speech, are to be treated differently than those that directly regulate speech. Although the level of scrutiny is reduced, the O'Brien standard still shifts the burden to the government to meet its requirements. Under the standard articulated in *O'Brien,* a regulation of conduct that has an incidental impact on speech will only survive,

> if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is

> unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of the interest.

*O'Brien*, 391 U.S. at 377. In this case, the government did not provide evidence of any governmental interest or effectiveness of the statues in supporting any alleged interest.

Furthermore, this Court recognized that "[I]f the statute burdens 'fundamental rights' such as voting rights . . ., a 'strict scrutiny' test is utilized in determining its constitutionality." Memorandum and Order, p.14. Because the Plaintiffs are exercising their fundamental right to provide paid advice (*Fox*) and to speak to prospective customers (*44 Liquormart* and *Lorillard*), a fundamental right is involved and strict scrutiny must apply. The amendments should have been reviewed under strict scrutiny because they burden fundamental rights. Because neither Rhode Island nor the intervenors offered any evidence to meet the burden of heightened scrutiny under the Equal Protection, Commercial Speech, Non-Commercial, or Associational Rights standards, the District Court should have granted the injunction.

Given the closeness of this issue and the severe repercussions to the Plaintiffs, this Court should grant this motion and enjoin the State from enforcing the provisions of RI ST § 3-5-11 cited above and all of RI ST § 3-5-11.1 until such time as the First Circuit Court of Appeals has reviewed and rendered a decision in this matter. A decision in favor of the Plaintiffs after successful enforcement of these provisions in the interim is a hollow victory.

Dated: April 12, 2005

Respectfully submitted,

WINE & SPIRITS RETAILERS, INC., *et al.*

By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WINE & SPIRITS RETAILERS, INC., *et al.*<br>*Plaintiffs,*<br>*v.*<br>STATE OF RHODE ISLAND, *et al.*,<br>*Defendants.* | Civil Action No. 04-418-T |

**CERTIFICATE OF SERVICE**

The undersigned attorney for the Plaintiffs hereby certifies that a true copies of the Motion for an Injunction Pending Appeal, Memorandum in Support of Motion for an Injunction Pending Appeal and Proposed Order were served upon the following attorneys of record by United States first class mail, postage prepaid on this 12th day of April, 2005:

Rebecca Partington
Assistant Attorney General, Deputy Chief,
Civil Division, Office of the Attorney General
150 South Main Street
Providence, RI 02903

Joseph S. Larisa, Jr.
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903

Robert J. Roughsedge #5876