**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE & SPIRITS RETAILERS, INC.
and JOHN HARONIAN,
Plaintiffs,

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, and
JEFFREY J. GREER, in his capacity as
the Associate Director of the Department
of Business Regulation, UNITED INDEPENDENT
LIQUOR RETAILERS OF RHODE ISLAND
Defendants,

**OBJECTION TO MOTION FOR AN INJUNCTION PENDING APPEAL**

Now come Defendants and object to Plaintiffs' Motion for an Injunction Pending Appeal. A Memorandum in Support hereof is attached.

Respectfully Submitted,

Defendants
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

20

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of the within Objection, by facsimile and first class mail, postage prepaid, on this 26th day of April, 2005 to those indicated below:

Melissa A. DiFonzo

Evan Lawson, Esq.
Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
One Citizens Plaza
Suite 1100
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE & SPIRITS RETAILERS, INC.
and JOHN HARONIAN,
Plaintiffs-Appellants

v.

C.A. NO. ~~05-1549~~ 04-418T

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, and
JEFFREY J. GREER, in his capacity as
the Associate Director of the Department
of Business Regulation,
Defendants-Appellees

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR AN INJUNCTION PENDING APPEAL**

Plaintiffs have moved this Court for an Order enjoining the Defendants from enforcing the provisions of R.I. Gen. Laws § 3-5-11(b)(1)(iii-vi) only, and § 3-5-11.1. This request follows a denial of a Motion for Preliminary Injunction requesting the same relief. Wine and Spirits Retailers, Inc. and John Haronian v. State of Rhode Island and Providence Plantations and Jeffrey J. Greer, C.A. No. 04-418T (D.R.I. April 8, 2005)(hereinafter "slip op."). The reason for this second request is "to preserve the business interests of the Plaintiffs and other affected parties pending an appellate decision on this important and controlling question of law." For the same reasons articulated by these Defendants during the Preliminary Injunction phase, and for the reasons set forth below, the instant request for relief must be denied.

The procedural vehicle Plaintiffs use to transport their request is F.R.C.P. 62, which provides that injunctive relief pending appeal is discretionary. The First Circuit has instructed that the standard for a party seeking a stay of an injunctive order pending appeal are (1) a strong showing that they are likely to succeed on the merits of the appeal; (2) a showing that unless a stay is granted they will suffer irreparable injury; (3) a showing that no substantial harm will come to other interested parties, and (4) a showing that a stay will do no harm to the public interest. Martinez-Rodriguez v. Jimenez, 537 F.2d 1 (1[st] Cir. 19076)(citations omitted); Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13 (1[st] Cir. 2002)(citation omitted). "The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits." Acevedo-Garcia, Id., at 16.

Another consideration in this case is the notion that when a party seeks equitable relief, such as an injunction, they must approach the Court with "clean hands." Texaco Puerto Rico, Inc. v. Department of consumer Affairs, 60 F.3d 867 (1[st] Cir. 1995); Boston Celtics Limited Partnership, v. Shaw, 908 F.2d 1041 (1[st] Cir. 1990). In this case, the Court's decision held that the prohibitions against joint advertising, which conduct is orchestrated by the Plaintiff (The franchisor placed the advertisement entered as Exhibit A for all the franchisees, Transcript, p. 36), were constitutional, and therefore could be enforced. Notwithstanding this ruling, a joint advertisement was placed in the April 17 edition of the Providence Journal, and enforcement proceedings have begun. *See* Exhibit A, advertisement and cease and desist letters. This indicates "unclean hands" on the part of the Plaintiffs, and no equitable relief should be granted to them.

1) Plaintiffs have not made a strong showing that they are likely to succeed on the merits.

This Court did not equivocate on this issue: "the likelihood that W&S, ultimately, will succeed on the merits of its claim appears rather remote." *Slip op.* at 19. The Court stated that it was impossible that "W&S ultimately will succeed on the merits of its claim". *Slip op.* at 21. Plaintiffs

have offered nothing new since the penning of these words to mandate a reversal of the prior denial of their request for injunctive relief.

Any review in this case should begin with the presumption of constitutionality enjoyed by this legislation. In Grand Union Company v. Sills, 204 A.2d 853 (N.J. 1964), a similar law was upheld against due process and equal protection attacks, even though the Court recognized that it would curb chain store liquor operations and aid small liquor dealers. Initially, that Court acknowledged that the "legislation was entitled to the various presumptions of constitutionality which attend on judicial review of statutory enactments, and to aid from the doctrine that factual support for the legislative judgment would be presumed, and absent a sufficient showing to the contrary, the court would assume that the enactment rested upon some rational basis within the knowledge and experience of the Legislature." Likewise, this enactment of the General Assembly enjoys the presumption of constitutionality—particularly important in this preliminary stage of litigation, before the facts have been fully developed by a full-blown trial on the merits. *Slip. op. at 4.*

Although this Court expressed interest in the purpose served by the legislation, again, it is expressed in the body of the Act. This particular piece of legislation is only part of a larger regulatory scheme, the purpose of which is stated as "the promotion of temperance and for the reasonable control of the traffic in alcoholic beverages." R.I. Gen. Laws §3-1-5. Further, in other cases from other jurisdictions routinely upholding such enactments against constitutional attack, a legitimate governmental purpose has been easily ascertained: "They were designed to aid in the stabilization of the industry and in the promotion of temperance through the curbing of competitive practices which tended to stimulate sales." Grand Union Co., 204 A.2d at 400; *See also* Granite State Grocers Ass'n v. State Liquor Commission, 289 A2d 399 (N.H. 1972)("The obvious purpose

of this well-rounded regulatory system is to supervise and to fractionalize the beverage industry."); Johnson v. Martignetti, 375 N.E.2d 290 (Mass. 1978)("Concentration of retailing in the hands of an economically powerful few has been thought to intensify the dangers of liquor sales stimulations, thereby threatening trade stability and promotion of temperance. Regulation of the number of licenses issued, therefore, aims at controlling the tendency toward concentration of power in the liquor industry; preventing monopolies; avoiding practices such as indiscriminate price cutting and excessive advertising; and preserving the right of small, independent liquor dealers to do business.").

(2) Plaintiffs have not made a showing that unless a stay is granted they will suffer irreparable injury.

Plaintiffs argue, without any evidentiary or record support, that they will be unable to remain in business if the validly enacted statutes are not enjoined. As stated *infra,* the major complaint of the Plaintiffs, the ban on joint advertising, has thus far been ignored by the franchisors and franchisees. No change of conduct appears to have taken place, so this argument cannot, and should not, be taken seriously. Plaintiffs liken themselves to protestors against terrorism whose voice has been stilled. This is not a fitting analogy, to say the least. In its earlier decision denying injunctive relief, this Court determined that these sections constituted purely social and economic legislation. *Slip op.* at 15. Plaintiffs fail to provide any meaningful reason why this Court should reverse course and act as a super-legislature, invalidating an act of the General Assembly.

This Court found explicitly that subsection (b)(1)(iv) does not, in *any* way, prevent W&S from "providing paid marketing and management advice." What it prohibits is concerted activity on the part of Class A licensees (non-Plaintiffs) to engage in joint advertising and other collusive price-fixing conduct. The Court noted that W&S does not hold a Class A license and remains free to provide licensees with planning and/or marketing advice which, during the hearing, it described as advice regarding marketing, methods of doing business, what products to sell, and how to set up a

store. This activity can go on, unaffected by the legislation under attack. The Court advised W&S that it was free to provide marketing and management advice and even advice regarding coordinated planning and implementation of marketing strategies. The law was read, correctly, as merely preventing Class A licensees from acting in concert to engage in such activities. The playing field was leveled, and any anti-competitive advantage was negated.

Plaintiffs maintain their lament that the legislation at issue restricts their First Amendment rights. This is because they are aware that due process and equal protection challenges to similar legislation have been soundly rejected by the Courts that have considered them. *Slip op.,* p. 11. Evidence presented to the Court during the preliminary injunction hearing made it clear that it is collusive anti-competitive conduct, not speech, that is the subject of the legislative ban.

At this point, an issue that has been mentioned briefly should be examined in more detail. That issue is standing–neither Plaintiff is the holder of a Class A license. The penalties in the legislation are applicable only to such license holders. In their moving papers, Plaintiffs seek the extraordinary remedy of stilling the voice of the people of Rhode Island, partly on behalf of themselves "and other affected parties". *See,* Motion for an Injunction Pending Appeal, April 12, 2005.

Plaintiffs cite as support for their extraordinary request the decision in Lorillard Tobacco Co. v. Reilly, 533 U.S. 525 (2001). That case is easily distinguishable from the case *sub judice*. Reilly, the Attorney General for the State of Massachusetts, promulgated rules and regulations prohibiting tobacco advertising near schools. The effect was to completely ban tobacco advertising in large pockets of several metropolitan areas. The restrictions were held to be preempted by an earlier act of Congress, and were held to violate the fourth prong of the Central Hudson test[1], insofar as they

1 Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y., 447 U.S. 557 (1980). The Central Hudson four-prong test is used in determining whether a restriction on commercial speech

were considered overly broad because of their nearly complete ban on truthful advertising in some areas.

The subject legislation here should not even be scrutinized under Central Hudson, since speech is not the focus of its prohibitions. True, the statute prohibits joint advertising, but does not put any restriction on the dissemination of truthful information, or on a Class A license holder's "ability to propose a commercial transaction and the adult listener's opportunity to obtain information about products." 533 U.S. at 565. Simply put, the legislation at issue here does not implicate the First Amendment, and should not be the subject of a Central Hudson analysis.

Plaintiffs claim that they will be unable to remain in business if this Court does not grant an injunction pending appeal. This is belied by the Court's own acknowledgment that W&S will still be free to provide paid marketing and management advice to its franchisees. *Slip op.* at 6, 7.

The inability to engage in joint advertising is the centerpiece of the instant motion. However, neither of these Plaintiffs engages in joint advertising–they have no standing to press this argument before this Court. The argument is a losing one at that. Simply because the Providence Journal charges a great deal of money for a full page advertisement in the Sunday edition of the paper is of no consequence–it is not State action, and the Court's denial of the injunction merely leveled the playing field for all Class A license holders. The Court acknowledged that the prohibition against common advertising does not prevent the individual licensees from advertising in any paper, of any price or item. It is the collusive activity of joint advertising, and the necessary collusive agreement of what price to sell what item for, that is the subject of the legislation.[2]

---

violates the First Amendment. In this case, since speech is not the focus of the statute, that test has no application.

[2] "As previously stated, in order to place common advertisements, W&S's franchisees must agree upon the price to be charged for the products advertised and W&S's franchisee arrangement restricts the territory in which a franchisee may operate." *Slip op.* at 12.

(3) Plaintiffs have failed to make a showing that no substantial harm will come to other interested parties, or a showing that a stay will do no harm to the public interest.

The General Assembly stated that the purpose of the legislation is "To promote the effective and reasonable control and regulation of the Rhode Island alcoholic beverage industry and to help the consumer by protecting their choices and ensuring equitable pricing." The documents submitted by the Defendants show that the intent of the franchisors and francisees is contrary to this purpose. Joint advertising necessarily facilitates price fixing agreements. Territorial restrictions dampen competition. Restricting what products can be sold minimizes the choices of Rhode Island consumers. The list goes on. These are harms that were shown simply by the filings of the Plaintiffs.

In 1964 the Governor of New Jersey, in signing into law that state's restriction on the number of licenses, noted "the exceptional nature of the liquor industry and the great need for its rigid control and noted that 'to the extent that free enterprise, in its full theoretical sense, collides with effective alcoholic beverage control, it manifestly must yield to the public welfare.'" Grand Union Company v. Sills, 204 A.2d 853 (N.J. 1964). The public interest herein lies with the strict control of the alcoholic beverage industry.

Further, the Court should deny the instant request for relief because otherwise there is great harm to the Defendants and to the public. That harm is done to the democratic process itself. The people of the State of Rhode Island have elected leaders to pass laws. This law was the subject of robust debate, was passed by the General Assembly and approved by the Governor. An effective date was put in place, with months of advance notice. Plaintiffs waited until the Eleventh hour to request drastic relief from this Court. To say that the will of the people can be contravened on the evidence before this Court simply because it interferes with the collusive business arrangements

entered into with full knowledge of the pending enactment, and without any Class A license holders voicing objection, would do serious and irreparable harm to these Defendants.

Respectfully Submitted,

Defendants
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within Objection, by facsimile and first class mail, postage prepaid, on this 26th day of April, 2005 to those indicated below:

Melissa L DiLonzo

Evan Lawson, Esq.
Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
One Citizens Plaza
Suite 1100
Providence, RI 02903

**EXHIBIT A**

**DOUGLAS WINE & SPIRITS**

15% OFF any ITALIAN Lay-Down Wine (excluding sale items)

[illegible]
[illegible]
[illegible] Tr. [illegible]
900 Victory Highway, N. Smithfield
453 Atwood Ave., Cranston
30 Putnam Pike, Johnston
1360 Hartford Ave., Johnston

OPEN SUNDAYS 12-5PM
WWW.DOUGLASWINE.COM

$2 [illegible] MR. & MRS. T [illegible]

$2.59 PLANTERS Dry Roast Peanuts 24 oz

# WINE

2/$13.00-4.00 Mail-In Rebate on 2
2/$9.00 SUTTER HOME Wt Zin-Wt Merlot Sauv Blanc 1.5L

$2.00 Rebate Available
$10.99 WOODBRIDGE All Types 1.5L

$9.99-1.50 Mail-In Rebate
$8.49 CAVIT All Types 1.5L

$8.99-2.00 Mail-In Rebate
$6.99 SUTTER HOME Chard-Merlot Cabernet 1.5L

From Australia
2/$19.00 LITTLE PENGUIN All Types 1.5L

Mix & Match 3 for $24 750ml

## Spring Sale

**BOGLE** Merlot-Chard-Sauv Blanc-Petite Sirah
**LINDEMANS** Reserves
**AVALON** Napa Cabernet Sauvignon
**FIRESTEED** Pinot Noir

COLUMBIA CREST All Grand Estates 750ml ........ $8.99
B.V. COASTAL All Types 750ml ........ 2/$14.00
HOGUE 750ml Jo or Late Harvest Riesling ... 2/$14.00
VINTNER'S CHOICE 4L All but Wt Zin ($8.99-2.00 M.I.R.) $4.99
ROSEMOUNT BLENDS All Types 750ml 2/$12.00

2/$15.00-2.00 Mail-In Rebate
2/$13.00 DELICATO All Types 1.5L

2/$11.00 CORBETT CANYON All Types 1.5L

$5.99 STONY HOLLOW All Types 1.5L

2/$17.00 CLOS DU BOIS Chard-Shiraz Sauv Blanc 750ml

NEW! Great Value from California!
3/$9.99 FOX BROOK All Types 750ml SAVE

| | |
|---|---|
| ST. PAULI Reg. or Dark 2/12 Pk Btl Case | $18.99 |
| MILLER Lite or Genuine Draft 30 Pk Cans | [illegible] |
| SMIRNOFF ICE 2/12 Pk Btl Case | [illegible] |
| BASS ALE 12 Pk Btls | $11.99 |
| HEINEKEN OR AMSTEL 2/12 Pk Btl Case | $21.99 |
| GUINNESS PUB DRAUGHT 12 Pk Btls | $11.99 |
| NEWPORT STORM 2/12 Pk Btl Case | $21.99 |
| MOLSON Excludes XXX 2/12 Pk Btl Case | $15.99 |
| KEYSTONE Ice or Light 30 Pk Cans | $13.99 |
| ROLLING ROCK 18 Pk Cans | $9.99 |
| SEA DOG Motley Crew 2/12 Pk Btl Case | $18.99 |
| SAM SMITH 18.7 oz Btl | 2/$7.00 |
| BUCKLER NON-ALCOHOLIC 4/6 Pk Btl Case | $16.99 |

## SPIRITS

| | |
|---|---|
| CAPTAIN MORGAN Spiced or Parrot Bay 1.75L | $21.99 |
| YOUR CHOICE 1.75L: DEWAR'S / KETEL ONE / JACK DANIEL'S | $31.99 |
| TANQUERAY GIN 1.75L | $27.99 |
| SOUTHERN COMFORT 1.75L | $21.99 |
| SKYY *In the Blue Bottle* 1.75L | $19.99 |
| SAUZA GOLD *Manager's Selection* 1.75L | $26.99 |
| CANADIAN MIST 1.75L ($14.99-4.00 M.I.R.) | $10.99 |
| COSSACK VODKA 1.75L | $9.99 |
| SVEDKA *Imported from Sweden* 1.75L | $16.99 |
| OLD SMUGGLER 1.75L | $14.99 |

PRICES EFFECTIVE 4/17/05-4/23/05

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation

DIVISION OF COMMERCIAL LICENSING AND REGULATION
233 Richmond Street, Suite 230
Providence, RI 02903-4230
Tel. (401) 222-2416 or (401) 222-2417
TDD: (401) 222-2999 FAX: (401) 222-6654
Web Site: www.dbr.state.ri.us

April 22, 2005

Anna Iacona
Douglas Wine & Liquors
97 Farnum Pike #7
Smithfield, RI 02917

Dear Ms. Iacona:

It has come to my attention that the enclosed advertisement was placed in the Providence Journal by your store on April 17, 2005. This letter serves as a formal notice that said advertising is in violation of R.I.G.L § 3-5-11, in that it represents a coordinated or common advertisement with another licensed business.

PLEASE CEASE AND DESIST THIS TYPE OF ADVERTISING PRACTICE IMMEDIATELY. Any further advertising of this nature will result in a transferring of your licensing records to the Department's legal division with a recommendation for a sanction that could include suspension or revocation.

It is also strongly recommended that before your licensed store takes any action which one would have reason to believe could violate R.I.G.L. § 3-5-11 you contact myself or William DeLuca of my staff, in writing, to determine if said action could violate R.I.G.L. §3-5-11.

Sincerely,

Jeffrey J. Greer
Associate Director

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation

DIVISION OF COMMERCIAL LICENSING AND REGULATION
233 Richmond Street, Suite 230
Providence, RI 02903-4230
Tel. (401) 222-2416 or (401) 222-2417
TDD: (401) 222-2999 FAX: (401) 222-6654
Web Site: www.dbr.state.ri.us

April 20, 2005

Meredith Ann Bochner
Douglas Wine & Spirits
39 Putnam Pike
Johnston, RI 02919

Dear Ms. Bochner:

It has come to my attention that the enclosed advertisement was placed in the Providence Journal by your store on April 17, 2005. This letter serves as a formal notice that said advertising is in violation of R.I.G.L § 3-5-11, in that it represents a coordinated or common advertisement with another licensed business.

PLEASE CEASE AND DESIST THIS TYPE OF ADVERTISING PRACTICE IMMEDIATELY. Any further advertising of this nature will result in a transferring of your licensing records to the Department's legal division with a recommendation for a sanction that could include suspension or revocation.

It is also strongly recommended that before your licensed store takes any action which one would have reason to believe could violate R.I.G.L. § 3-5-11 you contact myself or William DeLuca of my staff, in writing, to determine if said action could violate R.I.G.L. §3-5-11.

Sincerely,

Jeffrey J. Greer
Associate Director

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation

DIVISION OF COMMERCIAL LICENSING AND REGULATION
233 Richmond Street, Suite 230
Providence, RI 02903-4230
Tel. (401) 222-2416 or (401) 222-2417
TDD: (401) 222-2999 FAX: (401) 222-6654
Web Site: www.dbr.state.ri.us

April 20, 2005

James Hayes
Douglas Wine & Spirits
1380 Hartford Avenue
Johnston, RI 02919

Dear Mr. Hayes:

It has come to my attention that the enclosed advertisement was placed in the Providence Journal by your store on April 17, 2005. This letter serves as a formal notice that said advertising is in violation of R.I.G.L § 3-5-11, in that it represents a coordinated or common advertisement with another licensed business.

PLEASE CEASE AND DESIST THIS TYPE OF ADVERTISING PRACTICE IMMEDIATELY. Any further advertising of this nature will result in a transferring of your licensing records to the Department's legal division with a recommendation for a sanction that could include suspension or revocation.

It is also strongly recommended that before your licensed store takes any action which one would have reason to believe could violate R.I.G.L. § 3-5-11 you contact myself or William DeLuca of my staff, in writing, to determine if said action could violate R.I.G.L. §3-5-11.

Sincerely,

Jeffrey J. Greer
Associate Director

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation

DIVISION OF COMMERCIAL LICENSING AND REGULATION
233 Richmond Street, Suite 230
Providence, RI 02903-4230
Tel. (401) 222-2416 or (401) 222-2417
TDD: (401) 222-2999 FAX: (401) 222-6654
Web Site: www.dbr.state.ri.us

April 20, 2005

Ronald Bochner
Douglas Wine & Liquors
453 Atwood Avenue
Cranston, RI 02920

Dear Mr. Bochner:

It has come to my attention that the enclosed advertisement was placed in the Providence Journal by your store on April 17, 2005. This letter serves as a formal notice that said advertising is in violation of R.I.G.L § 3-5-11, in that it represents a coordinated or common advertisement with another licensed business.

PLEASE CEASE AND DESIST THIS TYPE OF ADVERTISING PRACTICE IMMEDIATELY. Any further advertising of this nature will result in a transferring of your licensing records to the Department's legal division with a recommendation for a sanction that could include suspension or revocation.

It is also strongly recommended that before your licensed store takes any action which one would have reason to believe could violate R.I.G.L. § 3-5-11 you contact myself or William DeLuca of my staff, in writing, to determine if said action could violate R.I.G.L. §3-5-11.

Sincerely,

Jeffrey J. Greer
Associate Director

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation

DIVISION OF COMMERCIAL LICENSING AND REGULATION
233 Richmond Street, Suite 230
Providence, RI 02903-4230
Tel. (401) 222-2416 or (401) 222-2417
TDD: (401) 222-2999 FAX: (401) 222-6654
Web Site: www.dbr.state.ri.us

April 20, 2005

Kathleen Haronian
Douglas Wine & Spirits
1661 Mineral Spring Avenue
North Providence, RI 02904

Dear Ms. Haronian:

It has come to my attention that the enclosed advertisement was placed in the Providence Journal by your store on April 17, 2005. This letter serves as a formal notice that said advertising is in violation of R.I.G.L § 3-5-11, in that it represents a coordinated or common advertisement with another licensed business.

PLEASE CEASE AND DESIST THIS TYPE OF ADVERTISING PRACTICE IMMEDIATELY. Any further advertising of this nature will result in a transferring of your licensing records to the Department's legal division with a recommendation for a sanction that could include suspension or revocation.

It is also strongly recommended that before your licensed store takes any action which one would have reason to believe could violate R.I.G.L. § 3-5-11 you contact myself or William DeLuca of my staff, in writing, to determine if said action could violate R.I.G.L. §3-5-11.

Sincerely,

Jeffrey J. Greer
Associate Director

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation

DIVISION OF COMMERCIAL LICENSING AND REGULATION
233 Richmond Street, Suite 230
Providence, RI 02903-4230
Tel. (401) 222-2416 or (401) 222-2417
TDD: (401) 222-2999 FAX: (401) 222-6654
Web Site: www.dbr.state.ri.us

April 20, 2005

Gerald Marsocci
Douglas Wine & Spirits
1450 Smith Street
North Providence, RI 02911

Dear Mr. Marsocci:

It has come to my attention that the enclosed advertisement was placed in the Providence Journal by your store on April 17, 2005. This letter serves as a formal notice that said advertising is in violation of R.I.G.L § 3-5-11, in that it represents a coordinated or common advertisement with another licensed business.

PLEASE CEASE AND DESIST THIS TYPE OF ADVERTISING PRACTICE IMMEDIATELY. Any further advertising of this nature will result in a transferring of your licensing records to the Department's legal division with a recommendation for a sanction that could include suspension or revocation.

It is also strongly recommended that before your licensed store takes any action which one would have reason to believe could violate R.I.G.L. § 3-5-11 you contact myself or William DeLuca of my staff, in writing, to determine if said action could violate R.I.G.L. §3-5-11.

Sincerely,

Jeffrey J. Greer
Associate Director

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation

DIVISION OF COMMERCIAL LICENSING AND REGULATION
233 Richmond Street, Suite 230
Providence, RI 02903-4230
Tel. (401) 222-2416 or (401) 222-2417
TDD: (401) 222-2999 FAX: (401) 222-6654
Web Site: www.dbr.state.ri.us

April 20, 2005

Christopher Aldcroft
Douglas Wine & Spirits
1235 Wampanoag Trail
East Providence, RI 02915

Dear Mr. Aldcroft:

It has come to my attention that the enclosed advertisement was placed in the Providence Journal by your store on April 17, 2005. This letter serves as a formal notice that said advertising is in violation of R.I.G.L § 3-5-11, in that it represents a coordinated or common advertisement with another licensed business.

PLEASE CEASE AND DESIST THIS TYPE OF ADVERTISING PRACTICE IMMEDIATELY. Any further advertising of this nature will result in a transferring of your licensing records to the Department's legal division with a recommendation for a sanction that could include suspension or revocation.

It is also strongly recommended that before your licensed store takes any action which one would have reason to believe could violate R.I.G.L. § 3-5-11 you contact myself or William DeLuca of my staff, in writing, to determine if said action could violate R.I.G.L. §3-5-11.

Sincerely,

Jeffrey J. Greer
Associate Director