UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC. and JOHN HARONIAN, Plaintiffs | : | |
| v. | : | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND Defendants | : | |

## OBJECTION OF UILR TO PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL

Defendant United Independent Liquor Retailers of Rhode Island ("UILR") hereby objects to Plaintiffs' Motion for an Injunction Pending Appeal on the grounds set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 743-4700
(401) 633-7296 (fax)

DATED: April 26, 2005

29

## CERTIFICATION

I hereby certify that I sent by first class mail postage prepaid and/or email in pdf format a true copy of the attached Objection on the 26th day of April 2005 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903
rpartington@riag.ri.gov

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
rroughsedge@lawson-weitzen.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC. and JOHN HARONIAN, Plaintiffs | : | |
| v. | : | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND Defendants | : | |

**MEMORANDUM OF UILR IN SUPPORT OF ITS OBJECTION TO PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL**

Despite their previous failure to obtain a preliminary injunction to halt the effective date of the challenged statutory amendments pending a trial on the merits, Plaintiffs again ask this Court for a preliminary injunction – this time until their appeal to the First Circuit is resolved. For the same reasons that this Court denied Plaintiffs' last request for an injunction, it should deny this one.[1]

On April 8, this Court issued a comprehensive twenty-one page Memorandum and Order denying Plaintiffs' demand that the statutory amendments to R.I. Gen. Laws § 3-5-11 and § 3-5-11.1 be enjoined as unconstitutional. The amendments do nothing more than clarify the 72 year old ban on the retail sale of alcoholic beverages by chain store

[1] In this motion, Plaintiffs do not seek to enjoin the operation of § 3-5-11(b)(1)(i) and (ii):

(i) Common, group, centralized or coordinated purchases of wholesale merchandise.

(ii) Common billing or utilization of the services of the same person or the same entity in the management or operation of more than one liquor licensed business.

organizations in Rhode Island – a ban long in existence in numerous states throughout the country. *Memorandum and Order ("M&O")* at 2.

Plaintiffs' legal argument continues to shift from its original brief, oral argument and the present memorandum, challenging different sections of the statute with changing legal theories and cases. Its present memorandum is focused almost exclusively on the First Amendment. Even more, its analysis is now centered on the joint advertising ban, with scant attention paid to the other prohibitions. Like its prior memo and argument, this one still goes nowhere.

The fundamental flaw in Plaintiffs' First Amendment case is its total failure to recognize that the statutory amendments do not prohibit any First Amendment protected speech and are content neutral. All they prohibit is *concerted* activity, just as do federal antitrust laws. It is undisputed that any Class A license holder may price advertise, plan and implement a marketing strategy, price its products and name its store. What the statutory amendments do – consistent with the prohibition on retail liquor chain store organizations – is to say that Class A license holders may not do these activities *together*. The legal question, then, is whether the ban on *concerted action* violates the First Amendment; *not* whether it prohibits price advertising, marketing strategy, pricing "or the message of selling alcohol," *Pl. Memo.* at 4, because it does not.

Plaintiffs open by stating that "the inability to jointly advertise takes away from the effect and strength of the message in joint advertising." *Pl. Memo.* at 2. Putting aside the question of how it does so, Plaintiffs cite no First Amendment jurisprudence in support of their "effective speech" right. That is because none exists. Plaintiffs also claim that there is "uncontradicted testimony that it is too expensive for one store to place the

advertising." *Pl. Memo.* at 2. There was no such clear testimony, and as *Exhibit A* shows, subsequent to this Court's ruling, at least one individual Douglas stores has done exactly that.

Plaintiffs claim that this Court's "determination that these restrictions affect action without impinging upon speech is the equivalent of saying that a law restricting protestors of the war on terror from communicating with each other to coordinate the speakers, time and place of the protest does not impinge upon their First Amendment rights of freedom of speech and association." *Pl. Memo.* at 3. The twin flaws in Plaintiffs' attempted analogy highlight the problem with their First Amendment argument. First, it is *concerted* action that the restrictions prohibit, not just action; second, it is not the *speech* that the restrictions prohibit, it is the *action*. Just as protestors may speak out in protest of the war on terror, Plaintiffs can *discuss* joint advertising, marketing, purchasing, pricing and naming. What they cannot do is act jointly on those discussions, just as war on terror protestors may not act to shut down a courthouse. Likewise, the Court gave the compelling example of how laws prohibiting the sale of alcohol to minors do not unlawfully restrict any right to dispense advice on marketing alcohol to minors, *M&O* at 6, or urging a change in the law.

Plaintiffs now cite *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 571 (2001) for the point that the retail alcoholic beverage industry, like the tobacco industry, has "a protected interest in communicating information about its products and adult customers have an interest in receiving that information." *Pl. Memo.* at 3. Plaintiffs could have cited *44 Liquormart* to the same effect. What Plaintiffs miss, however, is that the restrictions here do *not* prohibit the communication of any truthful information and adults can receive

the same information about the type price of alcoholic beverages with the amended statutes in place as they did previously.[2] *See Exhibit A.* Indeed, the only salient difference between the new Douglas Wine & Spirits advertisement attached hereto and the joint advertisement introduced into evidence is the omission of the names and addresses of six other Douglas Wine & Spirits stores. The real question thus presented is whether there is a First Amendment right to include multiple stores in price advertising to the public for the retail sale of alcoholic beverages. The Court correctly held that the answer is negative. It is clear that the *concerted action* prohibition on such price advertising no more triggers First Amendment protection than application of federal antitrust laws to analogous concerted action. *See, e.g., Associated Press v. United States*, 326 U.S. 1, 19-20 (1945) ("The First Amendment offers not the slightest support for the contention that a combination to restrain trade" in violation of the Sherman Act "has a constitutional immunity."); *see also Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984) ("It is the obligation of the person desiring to engage in the assertedly expressive conduct to demonstrate that the First Amendment even applies.").

It is only by ignoring this plain truth than Plaintiffs can claim that the prohibitions on concerted activity by Class A license holders are "content based" and that "Rhode Island does not object to joint advertising, it objects to the message of selling alcohol." *Pl. Memo.* at 4. No message whatsoever is banned by the statutory amendments clarifying Rhode Island's chain store prohibition; no content is banned. The nonverbal speech at

[2] Once the unfair competitive advantage created by Plaintiffs' franchised chain stores is eliminated, there may be more alcoholic beverage price advertising due to the return of the level playing field with respect to wholesale buying. In other words, the independent liquor retailer will be able to buy (and thus advertise) with each Douglas store on equal terms.

issue here is *not* proscribed because of the "content" element – retail price advertising of alcoholic beverages – but because of the "noncontent" element – *concerted* action in purchasing, price advertising, franchising, common name and marketing. Indeed the "content" element asserted by Plaintiffs (price advertising of retail sales of alcoholic beverages) is untouched by the subject amendments and is protected as an indisputable matter of law after *44 Liquormart*.

Plaintiffs complain that Rhode Island has not outlawed franchising (or chain stores) in any other industry. It has long been established, however, that the reasonable control of the distribution of alcohol after the Twenty-First Amendment justifies such prohibitions (prevalent nationwide) on liquor chain store organizations, whether franchised or not. Simply put, there is no constitutional right to sell alcohol as a chain or to sell it as a franchisee.

Finally, Plaintiffs' argue that strict scrutiny must apply because the statutory amendments attack their "fundamental right to provide paid advice (*Fox*) and to speak to prospective customers (*44 Liquormart* and *Lorillard*)." Because the amendments do no such thing, this Court correctly applied a rational basis test.

***

Federal Rule of Civil Procedure 62 leaves the ordering of injunctive relief pending appeal to the sound discretion of this Court. *See Caroline T. v. Hudson School District*, 915 F.2d 752 (1st Cir. 1990). Like the preliminary injunction already denied, the standard for a party seeking an injunction/stay pending appeal are a strong showing that the moving party is likely to succeed on the merits of the appeal and, unless an injunction/stay is granted, that the moving party will suffer irreparable injury, that no substantial harm will

come to other interested parties, and that a stay will serve the public interest. *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16-17 & n.3 (1st Cir. 2002) (citation omitted). "The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits." *Id.* at 16 (brackets by Court; citation omitted).

This Court has already correctly held that the likelihood that Plaintiffs' will succeed on the merits "appears rather remote." *M&O* at 19. As shown here, Plaintiffs have added nothing since then to change that conclusion. This is not, as Plaintiffs claim, a close case. Likewise, the other factors have already been analyzed by this Court and do not, on balance, favor Plaintiffs.

For the foregoing reasons, Defendant UILR requests that Plaintiffs' motion for a preliminary injunction pending appeal be denied.

Respectfully submitted,

UNITED INDEPENDENT LIQUOR
RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 743-4700
(401) 633-7296 (fax)

DATED: April 26, 2005

**CERTIFICATION**

I hereby certify that I sent by first class mail postage prepaid and/or email in pdf format a true copy of the attached Memorandum in Support of Objection on this 26th day of April 2005 to the following:

Rebecca Tedford Partington #3890 rpartington@riag.ri.gov
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq. rroughsedge@lawson-weitzen.com
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

**Page 2** East Providence Post April 22, 2005

**DOUGLAS** WINE & SPIRITS

1235 Wampanoag Trail
East Providence, RI
401-433-0231
*All stores independently owned & operated*

Less than 2 miles from Home Depot, Seekonk

**OPEN SUNDAYS 12-6 PM**

| | | |
|---|---|---|
| **SUTTER HOME** WT ZIN-WT MERLOT-SB 1.5L (2/$13.00-4.00 M.I.R.) | 2/$ | 9.00 |
| **CAVIT** ALL TYPES 1.5L ($9.99-1.50 MAIL-IN REBATE) | $ | 8.49 |
| **SUTTER HOME** CHARD-MERLOT-CAB 1.5L ($8.99-2.00 M.I.R.) | $ | 6.99 |
| **LITTLE PENGUIN** *FROM AUSTRALIA* ALL TYPES 1.5L | 2/$ | 19.00 |
| **DELICATO** ALL TYPES 1.5L (2/$15.00-2.00 MAIL-IN REBATE) | 2/$ | 13.00 |
| **STONY HOLLOW** ALL TYPES 1.5L | $ | 5.99 |
| **CLOS DU BOIS** CHARDONNAY-SHIRAZ-SAUV BLANC 750ML | 2/$ | 17.00 |
| **FOX BROOK** *NEW FROM CALIFORNIA* ALL TYPES 750ML | 3/$ | 9.99 |
| **BOGLE** MERLOT-CHARD-SAUV BLANC-PETITE SIRAH 750ML | 3/$ | 24.00 |
| **FIRESTEED** PINOT NOIR 750ML | 3/$ | 24.00 |
| **COLUMBIA CREST** ALL GRAND ESTATES 750ML | $ | 8.99 |

**EXCELLENT CUSTOMER SERVICE**

| | | |
|---|---|---|
| **MILLER** LITE OR GENUINE DRAFT 30 PK CANS | $ | 18.99 |
| **MOLSON** ALL TYPES EXCEPT XXX 2/12 PK BTL CASE | $ | 15.99 |
| **ST. PAULI** REG OR DARK 2/12 PK BTL CASE | $ | 18.99 |
| **BASS ALE** 12 PK BTLS | $ | 11.99 |
| **NEWPORT STORM** 2/12 PK BTL CASE | $ | 21.99 |
| **SMIRNOFF ICE** 2/12 PK BTL CASE | $ | 22.99 |
| **GUINNESS PUB DRAUGHT** 12 PK BTLS | $ | 11.99 |
| **ROLLING ROCK** 18 PK CANS | $ | 9.99 |

**LOWER BEER PRICES THAN MA & NO DEPOSIT!**

| | | |
|---|---|---|
| **DEWAR'S** 1.75L | $ | 31.99 |
| **KETEL ONE VODKA** 1.75L | $ | 31.99 |
| **CAPTAIN MORGAN** SPICED OR PARROT BAY 1.75L | $ | 21.99 |
| **SOUTHERN COMFORT** 1.75L | $ | 21.99 |
| **SVEDKA** *IMPORTED FROM SWEDEN* 1.75L | $ | 16.99 |

PRICES EFFECTIVE 4/20/05-4/30/05

Prices available in East Providence only.
Not responsible for typographical errors.

**WOODBRIDGE**
ALL TYPES 1.5L
*$2.00 Rebate Available*
$10.99

**HEINEKEN OR AMSTEL**
2/12 PK BTL CASE
$21.99

**SKYY VODKA**
*IN THE BLUE BOTTLE* 1.75L
$19.99