**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE & SPIRITS RETAILERS, INC.
and JOHN HARONIAN,
, Plaintiffs,

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, and
JEFFREY J. GREER, in his capacity as
the Associate Director of the Department
of Business Regulation,
Defendants,

**OBJECTION TO MOTION TO AMEND**

Now come Defendants, State of Rhode Island and Jeffrey Greer, and object to the Motion to File and Amended Complaint filed by the Plaintiffs on or about October 12,2005. A memorandum in support hereof is attached.

Respectfully Submitted,

Defendants
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within postage pre-paid, first class mail, on this 24th day of October, 2005 to those indicated below:

Melissa L DiFonzo

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE & SPIRITS RETAILERS, INC.
and JOHN HARONIAN,
Plaintiffs,
v. C.A. NO. 04-418T
STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, and
JEFFREY J. GREER, in his capacity as
the Associate Director of the Department
of Business Regulation,
Defendants,

**EM[illegible] IN SUPPORT OF [illegible] T [illegible] OTI[illegible] TO AMEND**

Three new plaintiffs seek to join in this action challenging the constitutionality of a statutory scheme prohibiting the franchising of liquor stores. The amendment also seeks to add a claim based on ERISA. For the reasons that follow, the amendment should be denied.

**The Amendment Would Be Futile**

"When the amendment would be futile or would not serve any legitimate purpose, the district court need not prolong the matter." Harvey v. Smith, 281 F.Supp.2d, 376 at 381 (citing Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990)). "Futility," as defined by the First Circuit, refers to a proposed amendment that fails to state a claim upon which relief can be granted. Glassman v. Comvutervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). The test to determine if it would be futile to grant a plaintiffs' motion to amend is the same standard of legal sufficiency as is applied to a motion to dismiss for failure to state a claim upon which relief could be granted. Id.

The substantive allegations contained in the Amended Complaint are identical to those in the original Complaint, and there is an added Count based on ERISA. Both this Court and the First Circuit have made bold statements signaling that an amendment adding parties would be

futile.[1] Since the allegations based on the First Amendment remain the same, and since this Court and the Court of Appeals have rejected those arguments, albeit during proceedings requesting preliminary injunctive relief, it appears that the amendment will prove nothing but dilatory. The ERISA claims wholly lack merit, bordering on the frivolous, and the Defendants should not have to defend such a baseless claim.

1. The First Amendment Claims

As in the original Complaint, Count I of the Proposed Amended Complaint alleges a violation of the First Amendment. This Court, when reviewing the original Complaint and after hearing evidence on the issue, recognized that the restrictions on advertising applied to Class A license holders, but did not prevent them from advertising. Wine and Spirits Retailers, Inc. v. State of Rhode Island, 364 F.Supp.2d 172 (D.R.I. 2005). This Court went on to telegraph to the Class A license holders what their rights were:

> ...no restrictions have been placed on the right of individual Class A licensees to advertise or on the content of their advertisements. What subsection (b)(1)(iii) prohibits is the ***concerted activity*** of placing ***common*** advertisements which the evidence shows requires agreement among licensees with respect to what products will be advertised and what price will be charged for those products. In this regard, the prohibition against common advertising has no greater impact on licensees' freedom of expression than 'an injunction against price fixing' may have on 'the freedom of businessmen to talk to one another about prices.'

Id. at 177 (emphasis in original).

This Court went on to characterize the Class A license holders' activities as "anti-competitive commercial practices", rejecting any claim of First Amendment protection (be it speech or association) to the joint advertising that was, and is, being engaged in by the Douglas franchise stores. This Court, in rejecting the claims that the joint advertising prohibition ran afoul of the First Amendment, held that:

[1] Although these Defendants raised the absence of Class A license holders as a defense to the proceedings to date, both this Court and the First Circuit rejected that argument and proceeded to examine the merits of the Plaintiffs' allegations.

> While the First Amendment also may protect the rights of businesses to associate for economic purposes, it does not confer any right to engage in particular kinds of concerted economic activity. Rather, the constitutional limitations on a state's power to regulate such activity derives from other provisions, such as the due process and equal protection clauses.

Id. at 178.

The court was clear that the associational claims sought to be pressed by the Class A license holders are unsupportable:

> ...the ban on the franchise sale of liquor does not prevent **W&S and/or Class A licensees** from associating for the purpose of exchanging or expressing ideas or for any other purpose except engaging in concerted economic activity. In this respect, the ban on franchise sales of alcoholic beverages is similar to the ban on the sale of alcoholic beverages by chain stores which has been upheld by nearly every court in which the constitutionality of such bans has been challenged.

Id. at 179 (emphasis supplied).

The First Circuit reviewed the merits of the Plaintiffs arguments, albeit at a preliminary phase of the proceedings, rejecting the standing argument, concluding that the First Amendment claims simply had no foundation. Wine and Spirits Retailers, Inc. v. Rhode Island, 418 F.3d 36 (1st Cir. 2005). First, the Circuit court held that section 3-5-11(b)(1) "simply does not prohibit the communication of advice between a franchisor and the holders of Class A liquor licenses." Id. at 47. The Court went on, explicitly stating that "...section 3-5-11(b)(1), on its face, imposes no burden on the ability of a business advisor to relay marketing and management advice lo holders of Class A liquor licenses..." Id. at 48. Therefore, any claims by these three new plaintiffs that their associational rights with the franchisor Wine & Spirits lack merit, and an amendment to allow them to relitigate groundless claims should not be allowed.

The First Circuit declined to directly address the First Amendment rights of Class A license holders when it came to the prohibition on joint advertising and the use of common names. But it did examine in detail the nature of those activities, and the opinion is a clear indication that any amendment to allow these claims to proceed would be futile. First, the Court

found that the provision in the statute addressing advertising and licensing services is not speech that proposes a commercial transaction, and therefore does not constitute commercial speech. Id. at 49. Since the proposed Amended Complaint is based on the notion that the Class A license holders are engaged in protected speech, an argument already rejected by the Circuit, this amendment should not be allowed. Further, the First Circuit, anticipating another argument based on the First Amendment, held that "any assertion that the advertising and common naming provisions substantially overreach would fail because the overbreadth doctrine is inapplicable in the commercial speech context." Id. at 50.

In a nutshell, the First Circuit found that the statute was akin to an antitrust law, the constitutionality of which cannot be disputed, Id. at 51, and that the Plaintiffs' claims of expressive conduct were "exaggerated." Id. at 53.

2. The Eaual Protection Claims

The Class A license holders also seek to press the Equal Protection claims rejected by both this Court and the First Circuit. This Court recognized that the statute at issue is "purely 'social and economic legislation' and that it 'does not employ suspect classifications or impinge on fundamental rights.'" 364 F.Supp.2d at 180. Therefore, the question was whether the prohibition has a rational basis. In rejecting out of hand any argument that the statute violated the United States Constitution, this Court wrote that "it seems apparent to even a casual observer that significant differences exist between the relatively small number of retailers who exclusively sell unlimited quantities of alcoholic beverages for off-premises consumption to persons who may or may not be the ultimate consumers and the much larger number of restaurants and clubs that dispense alcoholic beverages in measured quantities, often accompanied by food, for on-premises consumption." Id. at 180. The Court held that the likelihood of success on the merits of this claim was "rather remote." Id. at 182.

The First Circuit agreed that the legislation at issue is economic in nature. 418 F.3d at 54. They agreed that it was "improbable" that any equal protection claim would succeed.

3. The ERISA Claim

The sole basis for adding an ERISA claim is found in the Amended Complaint itself "Defense counsel indicated that the grouping together of Class **A** licensees for the purpose of purchasing of insurance is prohibited by §3-5-11(b)(1)(ii)." Proposed Amended Complaint, ¶ 33. Although, as the First Circuit recognized in this case, "the ingenuity of lawyers is nearly endless", 418 F.3d at 42, statements made by attorneys rarely can support a federally cognizable cause of action, and such ingenuity cannot keep afloat demonstrably baseless claims. After reviewing the available transcripts and briefs filed, the only statement contained in the record that even comes close is found in memos to both this Court and the First Circuit, and lists the elements that should be considered in determining whether a prohibited chain store operation exists, as articulated by the Massachusetts Supreme Court. ***See,*** Memorandum in Support of Objection to Preliminary Injunction, p.6. This, without more, cannot support an amendment to add a cause of action based upon ERISA.

For the foregoing reasons, Defendants State of Rhode Island and Jeffrey Greer respectfully request that the Amendment sought herein be denied.

Respectfully Submitted,

Defendants
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within postage pre-paid, first class mail, on this 24th day of October, 2005 to those indicated below:

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
55 Dorrance Street, Suite 301B
Providence, RI 02903