**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE AND SPIRITS RETAILERS, INC. and JOHN HARONIAN,
Plaintiffs

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND
Defendants

**OBJECTION BY UILR TO PLAINTIFFS' MOTION TO AMEND**

For the reasons stated in the accompanying memorandum of law, the United Independent Liquor Retailers of Rhode Island objects to plaintiffs' motion to amend their complaint to add a new claim and new parties.

Respectfully submitted,

UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903
(401) 743-4700
(401) 633-6296 (fax)

DATED: October 26,2005

**CERTIFICATION**

I hereby certify that I sent by first class mail postage prepaid and email a true copy of the attached Objection and Memo in Support on this 26th day of October 2005 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC.<br>and JOHN HARONIAN,<br>Plaintiffs | :<br>:<br>:<br>: | |
| v. | | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND<br>Defendants | : | |

**MEMORANDUM IN SUPPORT OF OBJECTION**
**<u>BY UILR TO PLAINTIFFS' MOTION TO AMEND</u>**

The instant motion is just more incontrovertible evidence that the eight Douglas Wine & Spirits stores are nothing more than a single entity controlled by plaintiffs Wine & Spirits, Inc. and its owner John Haronian. Although professing that each of the eight Douglas Wine & Spirits stores are "independently owned and operated," none of the stores has hired their own lawyer or moved to intervene as a party plaintiff in this case. Instead, Mr. Haronian's attorneys, moving to amend their complaint, are attempting to bring a selected three – Cumberland, North Providence, and Cranston – of these allegedly "independent" retailers into the case. In Gonzalez-Perez v. Hospital *Interamericano* de Medicina Avanzada, 355 F.3d 1, 13 (1st Cir. 2004) the Court noted that "Rule 15(a) instructs that 'leave [to amend the pleadings] shall be freely given when justice so requires.' . . . In the absence of any apparent or declared reason – such as undo delay, bad faith or dilatory motive on the part of the movant . . . futility of the amendment, etc., the

leave sought should, as the rules require, be 'freely given.'" Id. (quoting Supreme Court quoting rule).

The motion to amend should be denied both because it is futile and the plaintiffs to be added have engaged and continue to engage in ultimate bad faith; that is, repeated intentional violation of the law they challenge despite the absence of any injunction halting application of the law.

*Futility*

The three Class A license holders are purported to be added to bring the same challenge to R.I. Gen. Laws § 3-5-11 and 11.1 as has already been briefed and litigated, including a futile claim that the subject statute's ban on collusive advertising is unconstitutional. As discussed in the Objection of the Attorney General, the substance of plaintiffs' legal challenge has already been litigated in this Court and the First Circuit. Although in the context of a denial of a preliminary injunction, the *legal conclusions* reached by this Court and the First Circuit did not depend on any additional facts that if **proven by plaintiffs (existing or new) would render any part of the amended statutes** unconstitutional. Adding new plaintiffs does not make unconstitutional a statute which has already properly been determined to be constitutional.

*Bad Faith*

This suit was brought over thirteen months ago, and only now do plaintiffs wish to add actual Class A license holders. The amended statute became effective last April 1, and the First Circuit affirmed this Court's decision that it was not unconstitutional in August.

Yet the unlawful actions by the three plaintiffs (and indeed all eight Douglas Wine & Spirits stores) have continued unaltered to this very day. Attached hereto are copies of flyers distributed by the Cumberland, North Providence, and Cranston stores on Monday, October 24,2005. These store advertisements are identical. They offer the identical products at the identical price. A receipt for one of the items confirms the joint pricing on a sample advertised bottle of liquor. Also attached is the identical statewide advertisement from the Providence Journal from Sunday, October 23,2005 – again, identical products, identical price and indeed, identically designed ad (right down to the witch, snowman and pumpkin).

As this Court is well aware, the amended R.I. Gen. Laws § 3-5-11(a), effective April 1, 2005, prevents Class A retail licenses from being "granted, issued, or transferred to or for the use of any 'chain store organization' . . . " Section (b) clarifies the term "chain store organization" (which was prohibited pre-amendment) to "include, but not limited to:

> (1) Any group of one or more holders of Class A liquor licenses who engage in one or more of the following practices with respect to the business conducted under such licenses, either directly or indirectly, or have any direct or indirect beneficial interest in the following practices:
>
> (i) Common, group, centralized or coordinated purchases of wholesale merchandise.
>
> (ii) Common billing or utilization of the services of the same person or the same entity in the management or operation of more than one liquor licensed business.
>
> (iii) Participation in a coordinated or common advertisement with one or more liquor licensed business in any advertising media.
>
> (iv) Coordinated or common planning or implementation of marketing strategies.

(v) Participation in agreed upon or common pricing of products.

(vi) Any term or entity identified as a chain or common entity.

From these facts alone[1] it is incontrovertible that the three Class **A** license holders who seek to join this case as plaintiffs are in clear violation of the Act's ban on: 1) coordinated or common advertisement; 2) participation in agreed upon or common pricing of products; and 3) any term or entity identified as a chain or common entity. Under these circumstances, until and unless the Class **A** license holders clean up their act, justice does not so require allowing them into this suit while they act in bad faith by proceeding as if an injunction had been granted against the operation of the challenged statute, when both this Court and the First Circuit emphatically (and correctly) refused to enjoin it.

Respectfully submitted,

UNITED INDEPENDENT LIQUOR
RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903
(401) 743-4700
(401) 633-6296 (fax)

DATED: October 26,2005

[1] The UILR is in possession of a mountain of evidence of continued statutory violations by all eight Douglas Wine & Spirits stores, continuing after the First Circuit opinion. Attached the simply the latest, tempered by the Court's limit on exhibit pages.

# CERTIFICATION

I hereby certify that I sent by first class mail postage prepaid and email a true copy of the attached Objection and Memo in Support on this 26th day of October 2005 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

A14 October 23, 2005 FROM PAGE A1 The Providence Sunday Jou




# McElroy

*Continued from Page A1*

ticularly among the 600 mentally ill inmates residing in the state's prison — who for their safety and the public's, need to remain confined in long-term hospitalization?

H. Reed Cosper, the state's mental health advocate — the state official charged with protecting the rights of the mentally ill — says yes there are.

Case in point, he says, is Todd McElroy, a 39-year-old sexual predator who state officials are now struggling to find a way to keep confined. He is scheduled to be released from state custody Friday.

Sentenced to serve 17 years in prison for kidnapping and raping a 10-year-old boy, McElroy was "tortured" behind bars, says Cosper, by "haphazard" mental health care that left him often psychotic and incapable of following prison rules.

McElroy spent in total, almost 4 ½ years in punitive segregation, Cosper says. During that time he was stripped naked and prohibited from leaving his cell.

In June 2004, McElroy became



TODD McELROY

too much for corrections staff to handle and Corrections Director A.T. Wall successfully petitioned to have McElroy transferred from the Adult Correctional Institutions to the one ward in the state set aside for severely mentally ill inmates and criminals deemed not guilty by reason of insanity: the Forensic Unit of the Eleanor Slater Hospital in Cranston.

Within 12 days of taking a new medication, the attending psychiatrist at the Forensic Unit, Dr. Pedro Tactacan, reported that McElroy's condition and behavior had improved — and it continued to improve.

But Cosper claims that because of a prevailing attitude that long-term hospitalizations are now a thing of the past — and the desire to save money — state mental health officials tried in March to have McElroy tra[ns]ferred back to prison.

Kathleen Spangler, acting [di]rector of the Department of M[en]tal Health, Retardation and H[os]pitals, says McElroy's condi[tion] had improved by then and th[ere] was no further reason to k[eep] him in the Forensic Unit.

Spangler says the 20-bed [unit] generally provides only tem[po]rary care. She denies that the [de]partment was in any way try[ing] to save money by attempting [to] move McElroy out of the Fo[ren]sic Unit.

Only three criminals, curre[ntly] deemed not guilty by reason [of] insanity, now reside in the [Fo]rensic Unit on a long-term ba[sis].

Spangler said her departm[ent] moved to transfer McElroy [back] to prison last spring becaus[e he] had improved to the point w[here] prison doctors could keep [him] stable and continue his t[reat]ment plan until his release.

But Cosper challenged [the] transfer attempt and a Sup[erior] Court judge, without hearing [the] merits of the case, ruled McE[lroy] should remain in the For[ensic] Unit until his release.

For his part, Corrections [Di]rector Wall says McElroy [was] sentenced to prison — not [the] Forensic Unit — and it's hi[s job] to carry out that sentence, n[ot to] second-guess where ju[dges] wanted inmates to serve [their] time.

Still, Wall defends the m[ental] health services his depart[ment] provides to inmates in need.

"I'm proud of the quali[ty of] mental health care here," [says] Wall, "and I object to any a[sser]tion that it is cavalier or sub[stan]dard. It's not."

Replies Cosper: "Todd M[cEl]roy is a living, breathing co[ntra]diction to that. [Wall] shou[ld be] ashamed at how Todd McE[lroy] was treated. Todd McElroy [is a] good example of what's w

BARGAIN OUTLET
'DIRT CHEAP' BARGAINS

BANKRUPTCY
• Experience
Reasonable Rates
Free Consultation
anet J. Goldman, Esq.
Jefferson Blvd., Warwick

BE...

3/$24.00
Spier L S. Africa
Chenin Blanc? 2005

Proyecto 4
Spain-Blend
10.49




Cumberland
10/24/05

ORIGINAL RECEIPT
Douglas Wine & Spirits
(401) 334-3500
10/24/2005

| | |
|---|---|
| 1.75L CLAN MACGREGOR (3 CASES) | |
| Sku 02198 | 12.99D |
| 1 ITEMS SUBTOTAL | 12.99 |
| 7% RI TAX on 12.99 | 0.91 |
| ID # 231 TOTAL | 13.90 |
| CASH | 20.00 |
| CASH CHANGE | -6.10 |

ACCOUNT BALANCE: 0.00
10/24/2005 12:29:21 PM ref: 2016799

Thanks for Shopping DW&S Cumberland

ALL stores
HAD SIGN IN
WINDOW

"SAVE $1 for
Fuel.."
Shop our
advertised
Low Prices"

023

10/24/2005 18:52 FAX

O R I G I N A L R E C E I P T
Douglas Wine & Spirits - Smith Street
(401) 353-0576
10/24/2005

1.75L CLAN MACGREGOR (3 CASES)
1 sku 02198 12.89D

| | | | |
|---|---|---|---|
| | 1 ITEMS SUBTOTAL | | 12.99 |
| | 7% RI TAX on | 12.99 | 0.91 |
| ID # 105 | TOTAL | | 13.90 |
| | CASH | | 14.00 |
| | CASH CHANGE | | -0.10 |

ACCOUNT BALANCE: 0.00
10/24/2005 01:22:58 PM ref: 2132804

Thanks for Shopping DW&S Smith St




Smith St
N. Prov
10/24/05
(1)

017

10/24/2005 18:48 FAX

Atwood Ave
10/24/05

ORIGINAL RECEIPT
Douglas Wine & Spirits - Cranston
DOUGLAS WINE & SPIRITS
10/24/2005

| | | |
|---|---|---|
| 1.75L CLAN MACGREGOR (3 CASES) | | |
| 1 | sku 02198 | 12.99D |
| | 1 ITEMS SUBTOTAL | 12.99 |
| | 7% RI TAX on 12.99 | 0.91 |
| | ID # 220 TOTAL | 13.90 |
| | CASH | 20.00 |
| | CASH CHANGE | -6.10 |

10/24/2005 02:00:05 PM ref: 2323363

THANKS FOR SHOPPING
DOUGLAS WINE & SPIRITS




10/24/2005 18:40 FAX 006