UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC. and JOHN HARONIAN, *et al.*<br><br>Plaintiffs<br><br>v.<br><br>STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND<br><br>Defendants | : | C.A. NO. 04-418T |

**OBJECTION BY UILR TO PLAINTIFFS' SECOND MOTION FOR INJUNCTION**

Defendant UILR objects to Plaintiffs' second motion for a preliminary injunction on the grounds set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903
(401) 743-4700
(401) 633-6296 (fax)

DATED: November 21, 2005

## CERTIFICATION

I hereby certify that I sent by email and first class mail, postage prepaid a true copy of the attached Objection on this 21st day of November 2005 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC. and JOHN HARONIAN, *et al.* Plaintiffs | : | |
| v. | : | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND Defendants | : | |

**MEMORANDUM IN SUPPORT OF OBJECTION BY UILR TO PLAINTIFFS' SECOND MOTION FOR INJUNCTION**

Three of eight illegal Douglas Wine & Spirits chain stores[1] ask for the same injunctive relief previously denied by this Court and affirmed by the First Circuit. The instant request seeks the identical injunction (halting the legislature's ban on joint naming and joint advertising) by Class A license holders and is brought by counsel representing all of the plaintiffs – Wine & Spirits, Inc, John Haronian and all eight illegal Douglas Wine & Spirits chain stores (three of which are plaintiffs here).

The Attorney General has filed an objection properly citing and analyzing the prior decisions of this Court and the First Circuit in denying plaintiffs' first motion for a preliminary injunction. In sum, law of the case precludes relitigation of the previously denied injunctive relief. The UILR joins the Attorney General in this analysis and does not repeat it here.

[1] For the purposes of this motion only, the UILR will assume that the three stores are allowed to intervene. If that motion (to which the UILR and the AG have objected) is denied on the hearing day, then plaintiffs' motion on behalf of the three stores is moot – as is this objection.

It is not surprising that the memorandum of law submitted by the "new" plaintiffs in support of a preliminary injunction is nearly identical to the First Amendment and Equal Protection arguments made in support of the first motion for a preliminary injunction over nine months ago. The cogent legal analyses authored by this Court and the First Circuit in rejecting the notion that plaintiffs had a substantial likelihood of success on the merits of last time, apply with equal force this time.

The fact that the same legal arguments are made by three of the individual stores controlled by plaintiffs as opposed to John Haronian and Wine & Spirits, Inc. does not somehow turn a losing legal argument into a winner. What it does do in the balance, however, is highlight the *unclean hands* of the new plaintiffs (and indeed, all plaintiffs) weighing heavily against use by this Court of its equitable power to order preliminary injunctive relief. "It is a fundamental maxim that in order to invoke equity jurisdiction, the party seeking relief must come into court with clean hands." *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 814 (1945); *Williams v. Jones*, 11 F.3d 247, 256 (1st Cir. 1994) ("fraud and 'unclean hands' historically have been regarded as valid equitable defenses to injunctive relief"). "The doctrine of unclean hands applies to preliminary injunctions and affords the equity court broad discretion in rejecting an unclean litigant's claims." *Healthpoint, Ltd. v. Stratus Pharmaceuticals, Inc.*, 273 F.Supp.2d 769, 794 (W.D.Tex. 2001).

The First Circuit has applied the doctrine to uphold the denial of equitable relief, setting forth the salient legal principles:

> It is old hat that a court called upon to do equity should always consider whether the petitioning party has acted in bad faith or with unclean hands. *See Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*,

> 324 U.S. 806, 814 (1945) (explaining that the doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief"); *see also Dobbs, supra,* at 109; *see generally K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 910- 12 (1st Cir.1989) (discussing "unclean hands" doctrine in relation to the equitable maxim that "he who seeks equity must do equity"). But even though equitable doctrines are renowned for their elasticity, they are not without all limits. The doctrine of unclean hands only applies when the claimant's misconduct is directly related to the merits of the controversy between the parties, that is, when the tawdry acts "in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication."[2] *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933).

*Texaco Puerto Rico, Inc. v. Department of Consumer Affairs,* 60 F.3d 867, 880 (1st Cir. 1995).

As in *Texaco*, the actions of the three Douglas Wine & Spirits stores since passage of the challenged statute reek with bad faith and unclean hands – they violate the *very statutes* they seek to enjoin. The UILR has shown in its objection to its intervention of these three stores – and will offer proof at the second preliminary injunction hearing[3] – that these three stores knowingly and willingly have flouted the very provisions of the statute they now seek to enjoin ever since it became effective on April 1, 2005. The stores continue to intentionally flout these prohibitions even after this Court refused to enjoin

---

[2] In other words, "[t]he bad conduct [ ] must pertain to the subject matter of the suit and affect the equitable relations between the litigants. *Washington Capitols Basketball Club, Inc. v. Barry*, 304 F.Supp. 1193, 1200-1201 (N.D.Cal.), *aff'd*, 419 F.2d 472 (9th Cir. 1969). "[M]isconduct in the abstract, unrelated to the claim to which it is asserted as a defense, does not constitute unclean hands. The concept invoking the denial of relief is not intended to serve as punishment for extraneous transgressions, but instead is based upon 'considerations that make for the advancement of right and justice.' . . . What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendant." *Republic Molding Corp. v. B. W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir. 1963) *citing Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933).

[3] The UILR may also address the irreparable injury to those Class A license holders who play by the rules – that is, purchase, price and advertise independently.

them and after the First Circuit removed any chance for a preliminary injunction in its detailed affirming opinion on August 10, 2005 – nearly four months ago.

As the UILR has shown and will show, the new plaintiffs have indisputably violated the statutory bans on: 1) coordinated or common advertisement; 2) participation in agreed upon or common pricing of products; and 3) any term or entity identified as a chain or common entity – and continue to act as an illegal chain store / franchise.[4] Equity dictates that the new plaintiffs abide by the law before seeking an injunction. Instead, they have been and continue to proceed as if an injunction had been granted against the operation of the challenged statute, when both this Court and the First Circuit expressly refused to enjoin it.

Equity should not countenance injunctive relief in favor of these three stores while they turn a blind eye to the rule of law. Their motion for a preliminary injunction should be denied.

Respectfully submitted,

UNITED INDEPENDENT LIQUOR
RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903
(401) 743-4700
(401) 633-6296 (fax)

DATED: November 21, 2005

[4] Plaintiffs allege that other stores are violating the joint naming prohibition. There is no proof, however, that any of these stores are colluding as a chain in the way the three new plaintiffs are. More importantly, *none* are seeking intervention of this Court's equitable power to enjoin the subject statute.

## CERTIFICATION

I hereby certify that I sent by email and first class mail, postage prepaid a true copy of the attached Objection and Memo in Support on this 21st day of November 2005 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736