UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., JOHN HARONIAN, DOUGLAS WINE & SPIRITS – CUMBERLAND, INC., DOUGLAS, DOUGLAS WINE & SPIRITS – CRANSTON, INC. and, DOUGLAS WINE & SPIRITS N. PROVIDENCE, INC.,

*Plaintiffs,*

*v.*

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as the Associate Director of the Department of Business Regulation,

*Defendants,*

*and*

UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND,

*Defendant-Intervenor.*

Civil Action No. 04-418-T

**FIRST AMENDED COMPLAINT**

---

**Nature Of The Action**

1. Plaintiffs allege violations of the First, Fifth and Fourteenth Amendments to the Constitution of the United States and Article 1, §8 of the Constitution of the United States.

2. Sections 3-5-11 and 3-5-11.1 of the Rhode Island General laws unconstitutionally restrict the rights of speech and association and deny the Plaintiffs of their right to Equal Protection of the laws by denying them fundamental rights in a discriminatory manner.

3. Additionally, §3-5-10 discriminates against interstate trade in violation of the Commerce Clause of the Constitution of the United States.

**Jurisdiction**

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331, because the matter in controversy arises under the Constitution and laws of the United States. Plaintiffs' right to judicial review of the actions complained of is secured by 42 U.S.C. §1983.

5. Venue in this Court is proper under 28 U.S.C. §1391 because the events giving rise to this claim have occurred, and will occur, within the District of Rhode Island.

**The Parties**

6. WINE & SPIRITS RETAILERS, INC. (W&S) is a corporation organized under the laws of Rhode Island. W&S was the franchisor of Douglas Wine and Spirits (DW&S) and People's Liquor Warehouse (People's). W&S currently sells business advice and advertising services as a consultant to liquor stores.

7. JOHN HARONIAN is a resident of Rhode Island who provides business advice to liquor stores within the state of Rhode Island. His ability to continue to provide this advice is restricted by the amended liquor control law.

8. DOUGLAS WINE & SPIRITS – CUMBERLAND, INC. (DW&S – CUMBERLAND) is a corporation organized under the laws of Rhode Island. DW&S – CUMBERLAND operates a liquor store. Until recently nullified by §3-5-11.1, DW&S – CUMBERLAND had a franchise agreement with W&S and enjoyed the benefits of the joint advertising, trade name and business advice that resulted from that agreement.

9. DOUGLAS WINE & SPIRITS N. PROVIDENCE, INC. (DW&S – N.PROVIDENCE) is a corporation organized under the laws of Rhode Island. DW&S – N.PROVIDENCE operates a liquor store. Until recently nullified by §3-5-11.1, DW&S – N.PROVIDENCE had a franchise agreement with W&S and enjoyed the benefits of the joint advertising, trade name and business advice that resulted from that agreement.

10. DOUGLAS WINE & SPIRITS – CRANSTON, INC. (DW&S – CRANSTON) is a corporation organized under the laws of Rhode Island. DW&S – CRANSTON operates a liquor store. Until recently nullified by §3-5-11.1, DW&S – CRANSTON had a franchise agreement with W&S and enjoyed the benefits of the joint advertising, trade name and business advice that resulted from that agreement.

11. Defendant STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS is a governmental unit, which promulgates laws and regulations which are binding upon the Plaintiffs. RHODE ISLAND has enacted the statutes at issue in this litigation.

12. Defendant JEFFREY J. GREER, is the Associate Director of the Department of Business Regulations (DBR). In his capacity as Associate Director of the Division of Business Regulation, Division of Commercial Licensing and Regulation, GREER is tasked with enforcing the unconstitutional statutes at issue in this litigation. GREER is being sued in his official capacity only.

13. UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND is an organization of liquor stores from Rhode Island and Massachusetts, which has intervened in this action as a defendant.

**Facts Common to All Claims**

14. The Plaintiffs seek to restore their franchise relationships.

15. The Plaintiffs seek to speak to their prospective customers through joint advertising and through the use of the name Douglas Wine & Spirits.

16. The Rhode Island General Assembly enacted Rhode Island General Laws §§ 3-5-10, 3-5-11 and 3-5-11.1.

17. Section 3-5-11 bans the ownership of multiple Class A liquor licenses by the same individual or corporation.

18. Section 3-5-11.1 bans the holders of Class A licenses from participating in franchises. Section 3-5-11.1 took effect on April 1, 2004.

19. DW&S – CUMBERLAND, DW&S – N.PROVIDENCE and DW&S – CRANSTON had franchise agreements with W&S. Those agreements have been nullified by §§3-5-11, as amended, and 3-5-11.1.

20. DW&S – CUMBERLAND, DW&S – N.PROVIDENCE and DW&S – CRANSTON currently seek to purchase business advice and marketing services from W&S. This relationship is threatened by §3-5-11, as amended.

21. The elements of §3-5-11 are not separable.

22. The elements of §3-5-11.1 are not separable.

**COUNT I**
**First Amendment to the Constitution of the United States - Speech**

23. Sections 3-5-11 and 3-5-11.1 prohibit the Plaintiffs from engaging in expression protected by the First Amendment to the Constitution of the United States.

**COUNT II**
**First Amendment to the Constitution of the United States - Assembly**

24. Sections 3-5-11 and 3-5-11.1 violate the Plaintiffs' rights secured by the First Amendment to the Constitution of the United States by prohibiting the Plaintiffs from forming an expressive association.

**COUNT III**
**First Amendment to the Constitution of the United States – Unfettered Discretion**

25. The enforcement mechanism of §3-5-11's prohibition of chain stores permits unfettered discretion by the DBR in permitting some Class A to engage in the prohibited activities while not permitting others.

26. This unfettered discretion in the permitting or prohibiting of the First Amendment activities described above renders §3-5-11 unconstitutional.

**COUNT IV**
**Article I, §8 of the Constitution of the United States (Commerce Clause)**

27. Section 3-5-10 requires the owners of Class A license to be residents of Rhode Island.

28. This restriction limits the ability of out of state individuals to do business within Rhode Island.

29. Section 3-5-10 discriminates against interstate commerce and therefore violates the Commerce Clause.

30. Section 3-5-11 prohibits owner of liquor stores in other states from obtaining a Class A license in Rhode Island. Section 3-5-11 thereby discriminates against interstate commerce in violation of the Commerce Clause

**COUNT V**
**Fifth Amendment to the Constitution of the United States**

31. Sections 3-5-11 and 3-5-11.1 eliminates the reasonable investment backed property rights of the Plaintiffs in their businesses and the value of their existing contractual relationships.

32. The unconstitutional taking of the Plaintiffs' property has caused damage to them in an amount to be proven at trial.

**COUNT VI**
**Fourteenth Amendment to the Constitution Laws of the United States**

33. Sections 3-5-11 and 3-5-11.1 deny fundamental rights to the Plaintiffs.

34. Sections 3-5-11 and 3-5-11.1 treat the Plaintiffs differently from similarly situated other individuals and businesses.

**COUNT VII**
**Deprivation of Rights Secured by the Constitution and Laws of the United States in Violation of 42 U.S.C. §1983**

35. Sections 3-5-10, 3-5-11 and 3-5-11.1 deprive the Plaintiffs of rights or privileges secured by the Constitution and laws of the United States.

36. This deprivation of rights has and will occur under color of law.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. Enter judgment declaring §§3-5-11 and 3-5-11.1 violate the First Amendment to the Constitution of the United States; and

B. Enter judgment declaring §§3-5-10 and 3-5-11 violate Article I, §8 of the Constitution of the United States; and

C. Enter judgment declaring §§3-5-11 and 3-5-11.1 violate the Fifth Amendment to the Constitution of the United States; and

D. Enter judgment declaring §§3-5-11 and 3-5-11.1 violate the Fourteenth Amendment to the Constitution of the United States; and

**E.** Enter judgment declaring that §§3-5-10, 3-5-11 and 3-5-11.1 have deprived the Plaintiffs of rights secured by the Constitution and laws on the United States in violation of 42 U.S.C. §1983; and

**F.** Enter judgment declaring that §3-5-11(b)(1)(ii) violates 29 U.S.C. §1001; and

**G.** Permanently enjoin the defendants from enforcing §§3-5-10, 3-5-11 and 3-5-11.1; and

**H.** Award to Plaintiffs the costs of this action, including attorney fees as provided for by 42 U.S.C. §1988 and 29 U.S.C. §1132(g)(1); and

**I.** Award such other relief as the Court may deem just.

Dated: December 21, 2005

Respectfully submitted,

WINE & SPIRITS RETAILERS, INC., *et al.*

By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*

*Plaintiffs,*

*v.*

STATE OF RHODE ISLAND, *et al.*,

*Defendants.*

Civil Action No. 04-418-T

**CERTIFICATE OF SERVICE**

The undersigned attorney for the Plaintiffs hereby certifies that true copies of the *Amended Complaint* were served upon the following attorneys of record by United States first class mail, postage prepaid on this 21st day of December, 2005:

Rebecca Partington
Deputy Chief – Civil Division
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Joseph S. Larisa, Jr.
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903

Michael Williams (*pro hac vice*)