UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC.,
et al.
Plaintiffs,

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, et al.

Defendants

**MOTION TO COMPEL AND FOR COSTS UNDER RULES 26 AND 37**

Now come Defendants, State of Rhode Island and Jeffrey J. Greer, and, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, move this Court for an Order requiring Plaintiffs to comply with three (3) Deposition Notices and Subpoenas. Specifically, Defendants request:

1. An Order that the plaintiffs produce the store managers for deposition.
2. An Order that the plaintiffs produce invoices, originals or copies, as requested in the subpoena, to the Attorney General within 10 days of the date of the Court's order. The Attorney General agrees to copy same and return them to the plaintiffs within 10 days of their receipt.
3. Costs in the amount of $1,233.50, representing the stenographic costs of the useless depositions that were taken—and had to be transcribed on an expedited basis due to a pending hearing.
4. Attorneys' fees in the amount of $600.00, for counsel's time spent in four hours of useless depositions.

A Memorandum in support hereof, and exhibits are attached.

Respectfully Submitted,

Defendants
By their Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of the within document, postage pre-paid, first class mail, on this 5th day of January, 2006 to those indicated below:

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
55 Dorrance Street, Suite 301B
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC.,
et al.
Plaintiffs,

v.

C.A. NO. 04-418T

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, et al.
Defendants

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND FOR COSTS UNDER RULES 26 AND 37**

**Background**

By way of Motion to Amend dated October 12, 2005, the original two plaintiffs sought to add three additional plaintiffs and one cause of action. The three potential plaintiffs were all liquor stores that had franchise agreements with Plaintiff Wine & Spirits Retailers, Inc. At the same time, the three potential plaintiff storeowners filed a Motion for Preliminary Injunction. The Defendants objected to both, and the court scheduled hearings for both on December 15, 2005. On November 10, 2005, Defendants sent out three Deposition Notices pursuant to Rule 30(b)(6) of the Rules of Civil Procedure,[1] one to each of the three proposed plaintiff stores. The Deposition Notices read as follows:

> As required by Rule 30(b)(6), in response to this deposition notice, you have a duty to designate one or more persons employed, or formerly employed by deponent to testify as the person most knowledgeable about the documents and matters listed below. You should make every effort to provide the authors of the documents listed below for examination or designate an individual who can testify as to the history and authenticity of the document and its contents.
>
> The matters for examination will be the day-to-day operations of the deponent, the interaction with any other business entities or persons, included but

[1] The deposition notice for the Cumberland store, identical to the other two, is attached as Exhibit "A".

not limited to the named Plaintiffs in this action, suppliers of inventory, as well as advertising, signage and use of the "Douglas" name.

The Deponents were subpoenaed to bring with them the following documents:

1) Any and all advertisements placed by or on behalf of CWS Operating Co., Inc. d/b/a Douglas Wine & Spirits Cumberland, Inc. in any print medium since April 1, 2005.

2) Any and all documents indicating who prepared or participated in preparing such advertisements.

3) Any and all documents indicating who paid for such advertisements.

4) Any and all flyers or advertisements placed or provided to customers in-store.

5) Any and all documents indicating who prepared or participated in preparing such in store flyers or advertisements.

6) Any and all documents indicating who paid for such in store flyers or advertisements.

7) Any and all documents indicating who designed the signage located at your store.

8) Any and all documents indicating who paid for such signage.

9) Any and all documents indicating any pending changes to such signage.

10) Invoices from suppliers of inventory of wine, beer and from April 1, 2005 to the present.

11) Any documents referencing or regarding any communication with any other Douglas Wine & Spirits store, or any other Class A license holder, as regards advertising, in-store flyers, pricing of any alcoholic beverages, or signage.

12) Any documents referencing or regarding any communication with John Haronian as regards advertising, in-store flyers, pricing of any alcoholic beverages, signage, and/or the payment of invoices.

13) Any documents referencing or regarding any communication with Plaintiff Wine & Spirits Retailers, Inc. as regards advertising, in-store flyers, pricing of any alcoholic beverages, signage, and/or the payment of invoices.

14) Any documents referencing or regarding any communication with Tri-State Leasing as regards advertising, in-store flyers, pricing of any alcoholic beverages, signage, and/or the payment of invoices.

Initially, the depositions were scheduled for November 29. On November 22, Plaintiffs sent a letter objecting to the depositions, for many reasons. Defense counsel contacted Plaintiffs' counsel, who indicated that the invoices were too voluminous to have copied by the date of the deposition, but indicated that copies could be made if the depositions were continued. All agreed to a continuance to December 9, 2005 for the three depositions. Most importantly, Plaintiffs' counsel agreed that the continuance would provide sufficient time to copy the invoices. However, at 4:30 on December 8, Plaintiffs' counsel contacted defense counsel, indicating that the invoices were still not copied, and that they would be made available for inspection and copying at a "central location," rather than being brought to the deposition. The response was clear—the documents had been subpoenaed and should be brought.

**The Depositions**

On the 9th, the owners of the three stores appeared for the 30(b)(6) depositions.[2] It became apparent early in each deposition that the storeowners were not the appropriate representatives as specified in the deposition notice. For example:

- **Ronald S. Bochner** appeared on behalf of the Cranston store. He has owned the store for three years. He testified that he did no search for documents responsive to item numbers 7 and 8. Most importantly for purposes of this litigation, he was unclear about how the advertisements that appear in the media for his store are created. He repeatedly testified that his store manager would know the answers to those questions. He also could not answer questions about an item change request form that indicates someone has to

[2] All three depositions were suspended, rather than terminated.

approve a manager's decision. There has been testimony from another witness in this case that store managers could not make such decisions without contacting "the consultant". This line of questioning was brief, but is critical to the central issues in this case. Most importantly, although this store brought their invoices to the deposition, they would not leave them for review and comparison to other invoices, an inspection that could be critical to the outcome of this case.

- **Joseph Santoro** appeared on behalf of the Cumberland store. It became apparent early that Mr. Santoro was not the appropriate person designated to provide testimony, as highlighted by the following deposition testimony:

    - Had not seen the subpoena.
    - He leaves the advertising up to his manager.
    - He left the search for documents responsive to Schedule A to his manager.
    - He did not know how many advertisements had been placed by his store since it opened in August of 2005.
    - He did not know what his manager did in response to the document request in Schedule A.
    - He leaves the day-to-day operations of the store up to his manager and the consultant.
    - He does not see the advertisements as they are transmitted from "the consultant", and does not know whether they contain prices or not.
    - He did not bring any documents concerning payment for advertisements and does not know what the manager did to find them, or how much time he spent looking for them.
    - He appeared at the deposition because he spent a lot of money on the franchise.
    - He spent no time looking for in store advertisements in response to item numbers 4, 5 and 6, and doesn't know what his manager did in response to the subpoena.
    - He plays no role in deciding what products or prices are contained on the in-store advertisements. Those decisions are made by his manager and "the consultant."
    - He did not know whether the store pays for the in store advertisements or not.
    - He did not bring any documents responsive to items numbered 7, 8 and 9 regarding signage. These documents should presumably have been easy to locate, since the store has been open only since August of 2005. He "presumed" that he paid for the signage, but did not know, and did not know how much.

- He did not bring any of the invoices that were subpoenaed. They were left at an undisclosed "central location". The witness did not know where the invoices were.
- He did not know what the documents were that were produced in response to 12 on schedule "A", and did not bring a complete set, just "a sample."
- He could not testify about the documents that were produced in response to number 13, stating that he would have to ask his manager.
- When asked if he was familiar with plaintiff, Wine & Spirits Retailers, Inc., he responded that he didn't know.
- He did not bring any documents responsive to number 14, relative to his store's relationship with Tri-State leasing, although they do use Tri-State for accounting services, on advice from the consultant.
- The consultant sends over prices to the store manager. He doesn't know if they've ever disagreed with a price sent over by the consultant.
- He testified that he leaves the handouts that are given out at his store to the manager, and has never even seen a handout.
- He was unfamiliar with what the language on an in-store flyer meant, and would have to ask the manager to explain it.
- He has no knowledge of whether there's ever been a disagreement on pricing of a liquor product or a new product between his store and the consultant.
- He does not know how John Dileo, the marketing person for Wine & Spirits, interacts with his store, and would have to ask his store manager.
- He knows that Frank Mariano is a buyer, but does not know whether he buys products for his store.
- He does not know what relationship Craig Power, an employee of Wine & Spirits, has with his store, and would have to ask his manager.

- **Kathleen Haronian** appeared for the North Providence store, of which she is the owner. Although the subpoena requested "Any and all documents indicating who prepared or participated in preparing such advertisements", and although she testified that the layouts for the ads come from "the consultant", the layouts were not provided. (Nor were they provided by the other 2 deponents). She testified that her manager determines what products are to be in the advertisement, and what price, after consulting with the consultant. She does not know who the graphic artist is who prepares the layouts, because that person works for the consultant.

- Although the subpoena requested "Any and all documents indicating who paid for the advertisements", none were brought to the deposition. She estimated that the amounts on the invoices would run between $25,000 to $30,000.
- Although the subpoena requested documents regarding signage at the store, she did not bring any such invoices.
- Although the subpoena requested "Invoices from suppliers of inventory of wine, beer and from April 1, 2005 to the present", she did not bring them to the deposition, because they were very heavy, and were in 2-3 boxes.
- Most important for the purposes of this motion was Ms. Haronian's repeated testimony that she doesn't manage the store on a day-to-day basis. This is directly contrary to the 30(b)(6) deposition notice. She testified that her manager "runs day-to-day".

**<u>The Motion Should Be Granted</u>**

Rule 30(b)(6) states that upon receipt of a deposition notice:

> The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to maters known or reasonably available to the organization.

In imposing penalties following an inadequate response to a Rule 30(b)(6) deposition notice, the First Circuit in <u>Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Company</u>, 201 F.R.D. 33 (D.Mass 2001), that Court cited earlier caselaw which supports the instant motion:

> Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial.

Id. at 36 (citations omitted).

The Court ordered remedial action by the deponents, despite acknowledging that preparing for a Rule 30(b)(6) deposition can be burdensome. However, the Rule requires that a witness be prepared so that they can provide meaningful information about any designated areas of inquiry. Id. at 37 (citation omitted). "It is [the corporation's] responsibility to prepare its Rule 30(b)(6) designee 'to the extent matters are reasonably available, whether from documents, past employees, or other sources.'" Berwind Property Group v. Environmental Management Group, Inc., 2005 WL 3406509 (D. Mass. Dec. 5, 2005)(citations omitted). This preparation, document review, and studying is required of a 30(b)(6) designee. Id.

In this case, these designees were unprepared, and, quite frankly, were inappropriate designees in the first instance. The stores were under an obligation to make a "conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the deposing party and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the deposing party] as to the relevant subject matters." Mitsui & Co. v. Puerto Rico Water Resource Authority, 93 FR.D. 62 (D.Puerto Rico 1981).

Because of the woeful inadequacy of the response to the subpoena, the State defendants request that they be reimbursed the costs of the depositions, $1,233.50,[3] plus a reasonable attorneys' fee in the amount of $600.00 for the four hours of deposition, and that the Plaintiffs be ordered to provide the invoices, originals or copies, to them at the Department of Attorney General, within 10 days of the Order of this Court. Defendants also request an Order requiring

[3] A copy of the invoice is attached. Because the depositions were rescheduled to December 9th, the transcripts had to be prepared on an expedited basis, because of the pending December 15th hearing.

the stores to produce the managers of the 3 stores, who appear to have been the appropriate designees to the 30(b)(6) notice in the first instance.

Respectfully Submitted,

Defendants
By their Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within document, postage pre-paid, first class mail, on this 5th day of January, 2006 to those indicated below:

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
55 Dorrance Street, Suite 301B
Providence, RI 02903