UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WINE & SPIRITS RETAILERS, INC., *et al.*<br>*Plaintiffs,*<br>*v.*<br>STATE OF RHODE ISLAND, *et al.*,<br>*Defendants.* | Civil Action No. 04-418-T |

**PLAINTIFFS' OBJECTION TO MOTION TO COMPEL AND FOR COSTS**

The Plaintiffs object to the Motion to Compel and For Costs filed by the Defendant State of Rhode and Jeffery Greer. The Defendants' motion should be denied for the reasons stated in the accompanying memorandum in opposition.

Dated: January 17, 2006

WINE & SPIRITS RETAILERS, INC., *et al.*
By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*
*v.*
STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE MOTION TO COMPEL AND FOR COSTS FILED BY DEFENDANTS RHODE ISLAND AND GREER**

**1. Depositions**

Federal Rule of Civil Procedure 30(b)(6) states:

> A party may in the party's notice and in a subpoena name as a deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, **the organization so named shall designate one or more officers, directors, or managing agents,** or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. **This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.**

Fed.R.Civ.P. 30(b)(6) (emphasis added). In this case, the organizations so named designated the sole shareholders and presidents of their respective corporations. The complaint of the Defendant is that the "storeowners" (as the Defendant refers to them) "were not the appropriate representatives."

The deponents, now Plaintiffs, are not large corporations. The pool of potential witnesses consists of the shareholder, a store manager and several hourly wage employees. The deponents are not about to designate an hourly wage employee as a witness in a case that threatens their

very existence. The presidents of the corporations elected to sit for the depositions themselves. The case cited by the Defendant in support of its motion involve large corporations presenting low level employees, not CEOs. The store managers are not unknown to the Defendant. The Defendant subpoenaed the store managers to appear at the hearing on the motion to amend. As stated in Rule 30(b)(6), the Defendant is free to take the deposition of individual employees.

The Defendant asks for an Order that the Plaintiffs produce their store managers to testify as their Rule 30(b)(6) designees. The party seeking the deposition does not have the power to select the designee. Moreover, Rule 30(b)(6) requires that a person not an officer of the corporation must be willing to testify on behalf of the corporation. After receiving this motion, the Plaintiffs asked their store managers if they would appear on behalf of the corporation and received their consent. The Attorney General brought this motion without requesting this relief directly of the Plaintiffs as required by Rule 37. In fact, the Attorney General did not certify on the motion as required by Rule 37 that a good faith effort was made to resolve or narrow the issues prior to filing.

**2. Documents**

The Defendant fails to mention or attach in its motion or memorandum that the deponents served written objections to the subpoena duces tecum in writing. *See attached correspondence, Exhibit A* and the *Affidavit of Michael Williams*, *Exhibit C*. Upon service of an objection to the Defendant, the Defendant is not entitled to inspect and copy the materials. *See* Rule 45(c)(2)(B). The Defendant's complaint that the documents were not produced at the deposition is premature. Even after a motion to compel production is granted, "an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded." The expense is the issue.

The documents in dispute are the invoices received from wholesalers upon delivery of product to a liquor store. The invoices sought represent the business' current operations. These are ongoing business entities that need access to these invoices in order to conduct business.

The deponents offered to have the requested documents copied for the Defendant and provided an estimate from copying service that the cost was in excess of $400 per entity. The Defendant refused to pay for the copying. Each deponent has two to three banker boxes of documents responsive to the request. A deponent is only required by the Rules to make the responsive documents available for inspection and copying. There is no requirement that the deponent pay for copying.

The Deponents are not inclined to pay the costs of copying these documents a second time. When the DBR commenced its investigation into the then franchisees, it requested copies of these same documents from all franchisees. The DBR was investigating whether the franchisees were purchasing from wholesalers as one entity. The stores voluntarily paid copying costs and delivered to the DBR a complete set of copies of these documents for that time period. After a thorough investigation, no irregularities or violations of law were reported by the DBR to any of the stores. It is not clear why the Attorney General needs copies of all of these documents again.

There is also a concern that the competitors of these deponents will have access to these documents through the Intervenor UILRRI. These documents will provide cost and inventory information that would provide an competitive edge in pricing and marketing.

**3. Conclusion**

The Plaintiffs are willing to produce the requested store managers, but were never asked. The Defendant has subpoenaed the store managers to court only to send them away without

testifying. The Defendant did not seek sanctions for this conduct because it was understood as harmless error by Defense counsel and not a deliberate attempt to inconvenience the Plaintiffs. The Defendants complaint that the information received from the sole shareholders and presidents of the deponents was insufficient is not "tantamount to a complete failure" and does not amount to bad faith sufficient to justify sanctions. *See Berwind Property Group, Inc. v. Environmental Management Group, Inc.*, 2005 WL 3406509 (D. Mass. 2005) (Gorton, J.) (cited by Defendant and attached as Exhibit B hereto).

The Defendant is not entitled to compel even a party opponent to do more than make the documents available for inspection and copying at the Defendant's expense. *See* Rules 34 & 45.

Accordingly, the Plaintiffs request that this honorable Court deny the motion to compel.

Dated: January 17, 2006

WINE & SPIRITS RETAILERS, INC., *et al.*
By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*

*v.*

STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**CERTIFICATE OF SERVICE**

The undersigned attorney for the Plaintiffs hereby certifies that true copies of *Plaintiffs' Objection to Motion to Compel and For Costs* and *Plaintiffs' Memorandum in Opposition to the Motion to Compel and For Costs Filed by Defendants Rhode Island and Greer* were served upon the following attorneys of record by United States first class mail, postage prepaid on this 17th day of January, 2006:

Rebecca Partington
Deputy Chief – Civil Division
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Joseph S. Larisa, Jr.
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903

Robert J. Roughsedge #5876