**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Massachusetts.
BERWIND PROPERTY GROUP INC. and
Newton Investors Limited Partnership,
Plaintiffs,
v.
ENVIRONMENTAL MANAGEMENT GROUP,
INC., Defendant.
**No. CIV.A. 04-11411-NMG.**

Dec. 5, 2005.

**Background:** Buyer brought state contract, tort and unfair practices suit against inspection firm based on its failure to discover significant structural defects in property. Buyer moved to compel further deposition testimony from corporation and to amend complaint to add additional party defendants.

**Holdings:** The District Court, Gorton, J., held that:
(1) corporation's designation of ill-prepared deponent was not tantamount to failure to testify;
(2) corporation would be required to attempt to find former employee for deposition;
(3) corporation would be required to seek documents relevant to prior inspections, notwithstanding belated claim that task would be onerous; and
(4) buyer did not show good cause to amend complaint to add two corporate employees as additional defendants.
Motions granted in part and denied in part.

**[1] Federal Civil Procedure ⚷1325**
170Ak1325 Most Cited Cases
Designated corporate deponent's inability to answer questions related to some topics outlined in deposition notice was not tantamount to complete failure of corporation to appear, as would have required corporation to designate new witness, notwithstanding that deponent should have been better prepared, where deponent was able to answer most questions based on best corporation information and there was no bad faith or willful obstruction of discovery process. Fed.Rules Civ.Proc.Rule 30(b)(6), 28 U.S.C.A.

**[2] Federal Civil Procedure ⚷1325**
170Ak1325 Most Cited Cases
Corporation has responsibility to prepare designee for corporate deposition to the extent the matters are reasonably available, whether from documents, past employees, or other sources. Fed.Rules Civ.Proc.Rule 30(b)(6), 28 U.S.C.A.

**[3] Federal Civil Procedure ⚷1325**
170Ak1325 Most Cited Cases
Corporation, whose designated deponent was unprepared to testify about contract discussions between its former employee and plaintiff, would be required to make effort to find and make former employee available for deposition or provide relevant documentary evidence. Fed.Rules Civ.Proc.Rule 30(b)(6), 28 U.S.C.A.

**[4] Federal Civil Procedure ⚷1325**
170Ak1325 Most Cited Cases
Corporation, whose chosen deponent obfuscated on questions related to its prior experience in evaluating reinforced concrete structures due to failure to conduct proper pre-deposition investigation, would be required to produce its files, notwithstanding its belated objection that task would be onerous, particularly where its claim of hardship was unsupported with affidavits or other evidence. Fed.Rules Civ.Proc.Rule 30(b)(6), 28 U.S.C.A.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**[5] Federal Civil Procedure ⟹1935.1**
170Ak1935.1 Most Cited Cases
More stringent good cause standard of pretrial conference rule, not the "freely given" standard of rule generally governing complaint amendments, governs motions to amend after a scheduling order is in place. Fed.Rules Civ.Proc.Rules 15(a), 16(b), 28 U.S.C.A.

**[6] Federal Civil Procedure ⟹392**
170Ak392 Most Cited Cases

**[6] Federal Civil Procedure ⟹1935.1**
170Ak1935.1 Most Cited Cases
Plaintiff did not show good cause to amend complaint to add two employees of corporate defendant as party defendants after scheduling order had entered in case; 15 months had elapsed from filing of complaint, discovery period had expired, and identities and involvement of employees had been known since initiation of suit. Fed.Rules Civ.Proc.Rule 16(b), 28 U.S.C.A.
Steven Joseph Bolotin, Morrison Mahoney LLP, Boston, for Environmental Management Group, Inc., Defendant.

Eric F. Eisenberg, Hinckley, Allen and Snyder, LLP, Boston, for Berwind Property Group, Inc., Newton Investors Limited Partnership, Plaintiffs.

Lauren Timoney Upton, Hinckley, Allen and Snyder, LLP, Boston, for Berwind Property Group, Inc., Newton Investors Limited Partnership, Plaintiffs.

MEMORANDUM & ORDER

GORTON, J.

***1** Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership (collectively, "Berwind") filed a civil complaint in Massachusetts state court against Defendant Environmental Management Group, Inc. ("EMG") alleging gross negligence, negligence, negligent misrepresentations, breach of contract, fraud in the inducement and violation of M.G.L. c. 93A, all in connection with an agreement between Berwind and EMG for professional services performed in Massachusetts. The case was removed to this Court on June 22, 2004. Berwind now moves the Court 1) to compel further testimony from EMG pursuant to Fed.R.Civ.P. 30(b)(6) and 2) to amend the complaint to include additional defendants. The Court resolves the motions as follows.

I. *Background*

A. Facts

Plaintiff Berwind, an entity having its usual place of business in Philadelphia, Pennsylvania, was the buyer under a purchase and sale agreement of property located in Newton, Massachusetts ("the Property"). Pursuant to the purchase and sale agreement, Berwind created an entity, Newton Investors Limited Partnership, a Pennsylvania limited partnership, which was to take control and ownership of the Property. Defendant EMG is a Maryland corporation having its usual place of business in Baltimore, Maryland.

According to Berwind's complaint, EMG represented to Berwind that a qualified, licensed and professional engineer would inspect and evaluate the Property in addition to providing any necessary engineering services. On or about March 17, 1999 the two parties entered into a contract ("the Contract") by which EMG agreed to provide such services to Berwind for $9,300.

Pursuant to the Contract, EMG was to visit the Property in order to assess the condition of the site and its improvements, to identify deferred maintenance issues and to provide estimates for future maintenance costs relating to the Property. Pursuant to the Contract, EMG was to perform its services in accordance with industry-accepted due diligence practices and to use the degree of skill and care ordinarily exercised by members of the industry.

During March, 1999, EMG employee Sandra Terepka Hoffman ("Hoffman") inspected the parking garage located on the Property and consulted Property personnel and documents related

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

to the Property. Hoffman is not a structural engineer nor does she have training in structural engineering. The result of Hoffman's efforts was a Property Condition Evaluation Report which EMG submitted to Berwind on or about April 6, 1999.

Although the report identified a number of existing and potential problems with the Property, it failed to note that there were significant structural defects with a parking facility as well as waterproofing deficiencies. Berwind allegedly decided to purchase the Property based on the representations of EMG, a purchase which Berwind asserts it would not have made or would have made for less than the $11.7 million had it been apprised of the significant flaws in the Property.

***2** On or after April 10, 2001, Berwind allegedly became aware that the Property had a number of significant defects requiring expensive repairs. Berwind contends that it has since learned that the Property's structural and waterproofing problems had been readily observed by other engineers who had examined the Property on prior occasions and that Hoffman was a *mechanical* engineer and was, therefore, unqualified to perform a complete structural and waterproofing inspection and evaluation pursuant to the terms of the Contract. Berwind filed suit against EMG as sole defendant on March 8, 2004, and two months later filed an amended complaint and jury demand.

Berwind's complaint includes five Counts upon which it seeks relief: 1) negligence and gross negligence, 2) negligent and grossly negligent misrepresentation, 3) breach of contract, 4) fraud in the inducement and 5) unfair and deceptive trade acts and practices in violation of M.G.L. c. 93A. Berwind requests that the Court enter judgment against EMG on the claims asserted in the complaint in an amount over $800,000, together with interest and costs and seeks an award of treble damages and attorneys' fees pursuant to M.G.L. c. 93A. In its answer to Berwind's complaint, EMG denies all materials allegations and offers 19 affirmative defenses ranging from contributory negligence to estoppel.

B. Procedural History

On or about March 3, 2005, Berwind's counsel served a deposition notice and subpoena pursuant to Fed.R.Civ.P. 30(b)(6) on EMG's counsel. The notice scheduled a deposition for March 29, 2005 and required EMG to designate a witness prepared and competent to testify with respect to specific topics listed in the deposition notice. Those topics included 1) all communications between Berwind and EMG concerning performance of the Property assessment and evaluation, 2) all actions or activities undertaken or conducted by EMG in its analysis and evaluation on the Property, 3) all structural analyses and evaluations that EMG performed on reinforced concrete parking structures between 1996 and 1999 and 4) the education, experience and qualifications of EMG personnel who performed the assessment and evaluation of the Property.

EMG designated Patrick Jarosinski ("Jarosinski") as its Rule 30(b)(6) deponent and produced him for the deposition on March 29, 2005. Hoffman was deposed on the following day and Michael Collins ("Collins"), EMG's program supervisor who oversaw Hoffman's work and verified that the Contract requirements had been satisfied, was deposed by Berwind shortly thereafter.

On May 12, 2005, Berwind's counsel conferred with EMG's counsel by telephone in an effort to narrow the issues with respect to the instant discovery dispute but the parties were unable to reach an agreement or resolve their differences. At no time during the course of this litigation has EMG filed a motion pursuant to Fed.R.Civ.P. 45(c)(3)(A) to quash or modify the subpoena.

II. *Legal Analysis*

A. Plaintiff's Motion to Compel Further Rule 30(b)(6) Deposition Testimony from Defendant and for an Award of Costs

***3** Plaintiff's instant motion arises from the testimony proffered by Jarosinski at his deposition on March 29, 2005. Berwind alleges that Jarosinski

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

had no knowledge regarding most of the topics listed in its deposition notice and, moreover, had made no effort to become familiar with material facts reasonably available to the corporation. Specifically, Berwind points to Jarosinski's response to questions regarding the extent of his preparation for his deposition. According to Berwind, with the exception of speaking with EMG's in-house and defense counsel, reviewing EMG's master file and speaking with employees about obtaining the EMG master file from storage and confirming that the EMG file contained a complete version of the Contract, Jarosinski had undertaken no preparation.

Upon learning of Jarosinski's limited preparation, Berwind's counsel offered to suspend the deposition and reconvene at a time when either Jarosinski or such other person designated by EMG had conducted the requisite inquiry to enable EMG's Rule 30(b)(6) designee to provide full and complete testimony. Counsel for EMG objected to any suspension and stated:

> We're not required to create information nor are we required to go and do an overly diligent search to respond to things that we don't think are relevant.

EMG's counsel stated that they had provided "a witness who's able to speak as best as anyone can without doing specific research", therefore, it had met its obligation under Rule 30(b)(6).

Berwind's counsel continued with the deposition but asserts that Jarosinski testified repeatedly that he had no knowledge relating to the topics outlined in the deposition notice. Jarosinski also acknowledged that there were other persons at EMG who might have more pertinent knowledge and that there were other documents that he had not reviewed and were not produced by EMG that contained relevant, requested information.

Rule 30(b)(6) allows private corporations such as EMG to designate individuals to testify on their behalf. Another session of this Court has noted:

> Rule 30(b)(6) explicitly requires [a company] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before trial. This would totally defeat the purpose of the discovery process.

*Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc.,* 201 F.R.D. 33, 36 (D.Mass.2001) (quoting *United States v. Taylor,* 166 F.R.D. 356, 362 (M.D.N.C.1996)). The burden on the designee is significant but appropriate given that he/she speaks for (and binds) the corporation.

[1] The facts of this case make it clear that Jarosinski was less than appropriately knowledgeable and forthcoming. EMG should have done a better job preparing him for his deposition. Nevertheless, his failure or inability to testify fully is not, as this Court has noted in the past, "tantamount to a complete failure" of the corporation to appear. *United States v. Mass. Indus. Fin. Agency,* 162 F.R.D. 410, 412 (D.Mass.1995). Jarosinski had not worked on the project at issue but had reviewed EMG files related to the transaction, consulted with inside and outside counsel for EMG and answered most questions based on the best corporate information available to him. The Court finds no bad faith on EMG's part nor a wilful obstruction of the discovery process. As a result, this Court will not order EMG to produce another Rule 30(b)(6) deposition witness.

***4** Nevertheless, EMG is responsible for supplementing Jarosinki's incomplete deposition testimony. For example, Jarosinki had little or no information with respect to communications between Berwind and EMG concerning the Contract. EMG's spokesman at the time was Matthew Dillis ("Dillis"), now a former employee. At his deposition, Jarosinski discussed the forms and notes prepared by Dillis and the procedures that were in place at the time relating to the initiation of such engagements which led to those forms being used. Nonetheless, Jarosinski was unable to testify

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

to the substance of the conversations between Dillis and EMG's representatives.

[2][3] Despite Jarosinski's lack of first-hand information, it is defendant's responsibility to prepare its Rule 30(b)(6) designee "to the extent the matters are reasonably available, whether from documents, *past employees,* or other sources". *Calzaturficio,* 201 F.R.D. at 37 (emphasis added) (quoting *Bank of N.Y. v. Meridien BIAO Bank Tanz., Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y.1997)). *See also Mass. Indus. Fin Agency,* 162 F.R.D. at 412 (rejecting corporation's arguments that it was not required under Rule 30(b)(6) to educate its witness about actions taken by former employees of the corporation). EMG apparently made no effort to obtain any information from Dillis for Jarosinski's deposition and must therefore now make a good faith effort to find and/or make available Dillis for his deposition or, in the alternative, provide relevant documentary evidence to Berwind.

[4] Similarly, it is clear that Jarosinski obfuscated on questions relating to EMG's prior experience in the evaluation of reinforced concrete parking structures in the three years prior to the Contract. Jarosinski lacked information relating to that topic due to his failure to conduct a thorough pre-deposition investigation. Although such preparation would have required more work on his part, it is required of a Rule 30(b)(6) designee.

EMG responds that the only way it could obtain "the type of information sought would be to review thousands of files, located in archives nationwide, going back 6 to 9 years". It remains to be seen, however, how onerous a task that would be, especially given the fact that at no time did EMG move this Court to quash or modify the subpoena. EMG asserts that the hardship is "self-evident", but without affidavits or other evidence of undue expense or burden, EMG's claims are unsupported and therefore unpersuasive. Thus, EMG will promptly supplement Jarosinski's testimony with respect to its prior experience in the evaluation of reinforced concrete parking structures from 1996-1999.

As to the remaining topics of inquiry, EMG has met its obligations under Rule 30(b)(6). With respect to the actions or activities undertaken by EMG in its analysis and evaluation of the subject buildings, EMG has produced both Hoffman and Collins for their depositions. Whatever gaps existed in Jarosinski's testimony on those topics were addressed adequately by Hoffman and Collins. Moreover, Jarosinski, Hoffman and Collins sufficiently addressed questions relating to the education, experience and qualifications of EMG personnel who performed services under the Contract. That Berwind may be unhappy with those answers is not the Court's concern and it will not order EMG to supplement those responses.

B. Plaintiff's Motion to Amend the Complaint

***5** At issue in plaintiffs' motion to amend is a request to join as parties two current employees of EMG, Hoffman and Collins. That request is made after depositions were taken of those employees and following the discovery deadline. EMG asserts that the motion to add Hoffman and Collins as individual defendants is 1) moot as a matter of law, 2) unduly prejudicial and 3) made in bad faith solely to harass the defendant and its employees.

[5] According to Fed.R.Civ.P. 15, leave to amend will be "freely given when justice so requires" unless the amendment "would be futile or reward, *inter alia,* undue or intended delay". *Resolution Trust Corp. v. Gold,* 30 F.3d 251, 253 (1st Cir.1994). Notwithstanding this liberal amendment policy, it is the more stringent "good cause" standard of Fed.R.Civ.P. 16(b), not the "freely given" standard of Rule 15(a), that governs motions to amend after a scheduling order is in place. *O'Connell v. Hyatt Hotels of P.R.,* 357 F.3d 152, 154-155 (1st Cir.2004). The "good cause" standard under Rule 16(b) emphasizes the diligence of the party seeking amendment rather than the "freely given" standard of Rule 15(a) which limits denial mostly to the bad faith of the moving party or prejudice to the opposing party. *Id.* at 155.

[6] The Court entered a scheduling order in this case on October 7, 2004. Thus, it reviews plaintiff's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

motion to amend the complaint under the "good cause" standard of Fed.R.Civ.P. 16(b).

The First Circuit Court of Appeals has held that

> [W]here...considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some "valid reason for his neglect and delay".

*Hayes v. New England Millwork Distribs., Inc.,* 602 F.2d 15, 19-20 (1st Cir.1979). *See also Grant v. News Group,* 55 F.3d 1, 6 (1st Cir.1995) (affirming the district court's denial of a motion to amend that had been submitted 14 months after the filing of the initial complaint and after the close of discovery); *Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 933 (1st Cir.1983) (deeming a 17-month delay between the initiation of the action and filing a motion to amend, served ten days prior to the close of discovery, to be undue).

In fact, the First Circuit, when confronted with a virtually identical timeline to the instant case in *Acosta-Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49 (1st Cir.1998), affirmed the district court's denial of plaintiff's motion to amend. Given that 1) 15 months has elapsed between the time of the original complaint and plaintiffs' instant motion to amend, 2) one year has elapsed between the time of plaintiffs' first amendment and the instant motion and 3) the discovery period has expired, plaintiffs have the burden of demonstrating to this Court a valid reason for their neglect and delay in filing a motion to amend to include additional defendants.

This Court is unaware of any such valid reason. The identities and involvement of Hoffman and Collins have been known to the plaintiffs since the filing of their complaint in March, 2004. The propriety of adding two new defendants did not just become obvious nor were plaintiffs prevented from naming Hoffman and Collins as individual defendants at the initial filing of the complaint.

***6** Plaintiffs argue that they did not know until Hoffman's deposition that she was not a structural engineer and had no expertise in structural engineering but their position is belied by the record. Specifically, plaintiffs submitted the First Affidavit of Lauren Timoney Upton in relation to their Motion to Compel Further Rule 30(b)(6) Deposition Testimony. Attached to that affidavit as Exhibit Three is EMG's Property Condition Evaluation. That report includes the resume of Ms. Hoffman (nee Terepka) which specifically identifies her background as a mechanical engineer. Moreover, page 3 of that report includes a specific recommendation by EMG to Berwind to "[r]etain [a] structural engineer to review parking garage drainage and construction".

Plaintiffs cannot now claim that they had no way of knowing that Hoffman lacked expertise in structural engineering when they had that information at the time of EMG's evaluation in April, 1999. Thus, Berwind does not have "good cause" for failing to pursue purported claims against Hoffman or Collins when this action was initially brought and the motion to amend will be denied.

ORDER

In accordance with the foregoing, plaintiff's Motion to Compel Further Rule 30(b)(6) Deposition Testimony from Defendant (Docket No. 19) is DENIED, provided however that defendant shall, on or before January 17, 2006,

1) make a good faith effort to find and make available Matthew Dillis for his deposition and supplement by the production of documentary evidence the information provided by the Rule 30(b)(6) witness with respect to its communications with plaintiffs relating to the Contract; and

2) supplement for Berwind information with respect to its prior experience in the evaluation of reinforced concrete parking structures between 1996 and 1999.

Plaintiff's Motion to Amend the Complaint (Docket No. 23) is DENIED.

So ordered.

--- F.R.D. ----, 2005 WL 3406509 (D.Mass.)

**Motions, Pleadings and Filings (Back to top)**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

• 1:04cv11411 (Docket) (Jun. 22, 2004)

• 2004 WL 2777899 (Trial Pleading) Answer and Jury Demand of Defendant Environmental Management Group, Inc. d/b/a EMG to Plaintiffs' First Amended Complaint (Jan. 01, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.