UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC., JOHN HARONIAN, *et al.* Plaintiffs | : | |
| v. | : | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND Defendants | : | |

**MOTION OF CHRISTOPHER GASBARRO TO QUASH DEPOSITION SUBPOENA**

For the reasons stated in the attached memorandum of law, nonparty Christopher Gasbarro moves to quash the deposition subpoena served upon on him on or about January 26, 2006.

Respectfully submitted,

CHRISTOPHER GASBARRO
By his attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903
(401) 743-4700
(401) 633-6296 (fax)

DATED: January 31, 2006

## CERTIFICATION

I hereby certify that I sent by first class mail postage prepaid and email a true copy of the attached Motion to Quash and Memo in Support on this 31th day of January 2006 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC., JOHN HARONIAN, *et al.* Plaintiffs | : | |
| v. | : | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND Defendants | : | |

**MEMORANDUM IN SUPPORT OF GASBARRO'S**
**MOTION TO QUASH DEPOSITION SUBPOENA**

Plaintiffs have issued and served a deposition subpoena (attached) seeking to depose a nonparty to this litigation for no reason other than to harass the nonparty. This case is a specific constitutional challenge raised by plaintiffs in their complaint to R.I. Gen. Laws §§ 3-5-11 and/or 11.1. No information by any nonparty has any bearing on whether the challenged provisions pass constitutional muster – a pure question of law. As such, under Fed. R. Civ. P. § 45(c)(3) and 26(c), Christopher Gasbarro moves to quash the deposition subpoena served on him on or about January 26, 2006.

It is old hat that the Rule 26 mandates that all discovery be "relevant to the subject matter involved in the action" or be "calculated to lead to the discovery of admissible evidence." Moreover, as a nonparty, Mr. Gasbarro is entitled to simply move to quash the deposition subpoena under Rule 45. Citing a plethora of federal cases, including the First Circuit, the Circuit Court of Appeals for the Federal Circuit summarized the applicable law as follows:

> While the Federal Rules of Civil Procedure unquestionably allow broad discovery, a right to discovery is not unlimited. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). As a matter of procedure, to secure protection from discovery, a nonparty may invoke the inherent power of the court, see 5A J. Moore & J. Lucas, Moore's Federal Practice, § 45.05[3], at 37 (2d ed.1989), or Fed. R. Civ. P. 45(b), if appropriate, to quash a subpoena. Under Rule 45(d), a nonparty subpoenaed for testimony and production of documents may move for a protective order under Fed. R. Civ. P. 26(c), including an order that discovery not be had. Confidential commercial information warrants special protection under Rule 26(c)(7). *Smith & Wesson v. United States*, 782 F.2d 1074, 1082 (1st Cir. 1986). A nonparty also may merely object to production of documents and things. Fed. R. Civ. P. 45(d)(1). By merely objecting, such discovery is foreclosed except pursuant to an order of the court. *Id.*

*Micro Motion, Inc. v. Kane Steel Co., Inc.,* 894 F.2d 1318, 1323 (Fed. Cir. 1990).

The Court later continued that:

> While the burdens may vary somewhat depending on which rule or procedure is invoked, the substantive considerations for denying a party discovery are generally the same and may be gleaned from Rule 26(b), (c) and (g). *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d at 1210-11 *American Standard, Inc. v. Pfizer Inc.*, 828 F.2d 734, 739-42 (Fed. Cir. 1987); *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d at 1023-26. Discovery may not be had regarding a matter which is not "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information. Fed. R. Civ. P. 26(b)(1); *American Standard, Inc. v. Pfizer Inc.*, 828 F.2d at 739-42. Rule 26(g) specifically requires that the party or his attorney seeking discovery must certify that he has made a "reasonable inquiry" that the request is warranted. This "reasonable inquiry" is also imposed by Rule 11. *See* Fed. R. Civ. P. 11, *Notes of Advisory Committee on Rules--1983 Amendment* ("Discovery motions, however, fall within the ambit of Rule 11."); *see also Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1015 (2d Cir. 1988) (noting that Rule 26(g) "imposes a more stringent certification requirement than Rule 11" because a discovery request usually pertains to more specific subject matter than that covered under Rule 11).

*Id.*

Here, there is no testimony of Mr. Gasbarro that has any bearing to the issue of the constitutionality of the subject statutes. They are not any more or less likely to violate the first amendment or equal protection clauses of the Constitution based upon any testimony of nonparty Mr. Gasbarro. Mr. Gasbarro does not even hold a Class A liquor license in Rhode Island. For many years, he has been licensed in Massachusetts, where he owns two retail liquor stores. Plaintiffs have hinted that they have some type of unknown complaint pending against Mr. Gasbarro (as well as several other Rhode Island Class A license holders) before the DBR and that they believe they are being selectively prosecuted for violating the subject statutes. Aside from the fact that there is no merit to this claim, *this* case is about the constitutionality of two laws, not about enforcement of them.

In sum, there is no need whatsoever for the testimony of Mr. Gasbarro as necessary for any constitutional issue in this case because anything he would say is neither relevant to any issue, nor could it lead to any relevant evidence. The motion to quash should be granted.

Respectfully submitted,

CHRISTOPHER GASBARRO
By his attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903
(401) 743-4700
(401) 633-6296 (fax)

DATED: January 31, 2006

**CERTIFICATION**

I hereby certify that I sent by first class mail postage prepaid and email a true copy of the attached Motion to Quash and Memo in Support on this 31[th] day of January 2006 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WINE & SPIRITS RETAILERS, INC., *et al.*<br>*Plaintiffs,*<br>*v.*<br>STATE OF RHODE ISLAND, *et al.*,<br>*Defendants.* | Civil Action No. 04-418-T |

**NOTICE of TAKING of DEPOSITION**
**of the STATE OF CHRISTOPHER GASBARRO**

To: Rebecca Partington
Deputy Chief – Civil Division
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Joe Larisa, Jr.
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903

PLEASE TAKE NOTICE that on **Thursday, February 2, 2006 at 10:00A.M.**, at **Catuogno Court Reporting Services, 72 S. main Street, Providence, RI**, the Plaintiffs, by their attorneys will take the deposition upon oral examination of **Christopher Gasbarro**, pursuant to the Federal Rules of Civil Procedure, before a Notary Public in and for the State of Rhode Island, or before some other officer authorized by law to administer oaths.

You are invited to attend and cross-examine.

Dated: January 13, 2006

WINE & SPIRITS RETAILERS, INC., *et al.*
By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
(617) 439-3987

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

WINE & SPIRITS RETAILERS, INC., et al.
V.
STATE OF RHODE ISLAND, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-418-T

TO: Christopher Gasbarro
85 Boyce Ave,
Barrington, RI

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Catuogno Court Reporting Services, 72 S. main Street, Providence, RI | February 2, 2006 at 10:00AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| Attorney for the Plaintiffs | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael Williams
Lawson & Weitzen, LLP, 88 Black Falcon Ave., Suite 345, Boston, MA 02210, (617) 439-4990

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.