UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*
*v.*
STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**PLAINTIFFS' OBJECTION TO THE MOTION OF CHRISTOPHER GASBARRO TO QUASH DEPOSITION SUBPOENA**

The Plaintiffs object to the motion of third-party Christopher Gasbarro to quash the deposition subpoena served upon him on January 25, 2006. The motion should be denied for the reasons stated in the *Memorandum In Support of Plaintiffs' Objection to the Motion of Christopher Gasbarro to Quash Deposition Subpoena.*

Dated: February 10, 2006

Respectfully submitted,

WINE & SPIRITS RETAILERS, INC., *et al.*

By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*
*v.*
STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**CERTIFICATE OF SERVICE**

The undersigned attorney for the Plaintiffs hereby certifies that true copies of *Plaintiffs' Objection to the Motion of Christopher Gasbarro to Quash Deposition Subpoena* and *Memorandum In Support of Plaintiffs' Objection to the Motion of Christopher Gasbarro to Quash Deposition Subpoena* were served upon the following attorneys of record by mail on this 10th day of February, 2006:

Rebecca Partington
Deputy Chief – Civil Division
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Joseph S. Larisa, Jr.
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903

Robert J. Roughsedge #5876

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*
*v.*
STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**MEMORANDUM IN SUPPORT of PLAINTIFFS' OBJECTION TO THE MOTION OF CHRISTOPHER GASBARRO TO QUASH DEPOSITION SUBPOENA**

Gasbarro, through his counsel, who by coincidence also represents Intervening Defendant United Independent Liquor Retailers of Rhode Island, urges this Court to quash the subpoena served upon him by the Plaitniffs on the grounds that Mr. Gasbarro has no relevant information concerning the amendments at issue in this litigation. But Mr. Gasbarro's motion to quash fails to inform this Court that Mr. Gasbarro is the founder of intervening defendant United Independent and that in that capacity he played a pivotal role in the enactment of the amendments. Mr. Gasbarro can shed light on the defense expected to be offered by the Defendants – that the amendments serve the purpose of improving competition within the retail liquor market. He can also provide testimony concerning the true anti-competitive purpose of the challenged provisions. *Craigmiles v. Giles*, 312 F.3d 220, 224 (6th Cir. 2002) ("Courts have repeatedly recognized that protecting a discrete interest group from economic competition is not a legitimate governmental purpose").

Mr. Gasbarro also argues that he should not be subject to discovery because "this case is about the constitutionality of the two laws, not about enforcement of them." This argument ignores Count III of the Amended Complaint, which alleges: "The enforcement mechanism of

§3-5-11's prohibition of chain stores permits unfettered discretion by the DBR in permitting some Class A to engage in the prohibited activities while not permitting others." Statutes that allow for unfettered discretion or selective enforcement in the control over expressive conduct violate the First Amendment. *Shuttlesworth v. City of Birmingham*, 382 U.S. 87 (1965). *See also, Plaintiffs' Statement of Elements to be Proven at Trial*, pp.10-11 (discussing same).

Plaintiff Haronian has presented evidence to the Rhode Island Department of Business Regulation of illegal chain store activities by Mr. Gasbarro, including transporting alcoholic beverages between stores, transporting alcoholic beverages across state lines, perjuring himself on liquor license applications, and concealing his ownership interest in a liquor store. Despite this complaint having been filed in July of 2004, the DBR has not issues a show cause order or apparently taken any enforcement action concerning these violations of §3-5-11. During this same period, the DBR has undertaken numerous investigations concerning the Plaintiffs.

Mr. Gasbarro's argument that he should not be deposed because there is no selective enforcement claim should be rejected because there is in fact a selective enforcement claim. His argument that he does not posses relevant information concerning this litigation should be rejected because as the original president of United Independent, he played a key role in the drafting and passage of the challenged amendments and as a liquor store owner, he can provide testimony comparing the practices of the Plaintiffs and those of other retail liquor stores.

Respectfully submitted,

WINE & SPIRITS RETAILERS, INC., *et al.*

By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

Dated: February 10, 2006