UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*
*v.*
STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**PLAINTIFFS' OBJECTION TO UILR'S MOTION FOR PROTECTIVE ORDER**

The Plaintiffs object to the motion of Intervenor Defendant United Independent Liquor Retailers of Rhode Island seeking a protective order to block the depositions of its president and the deposition pursuant to Rule 30(b)(6) of the organization. The motion should be denied for the reasons stated in the *Memorandum In Support of Plaintiffs' Objection to UILR's Motion for Protective Order*.

Respectfully submitted,
WINE & SPIRITS RETAILERS, INC., *et al.*
by their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

Dated: February 10, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*
*v.*
STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**MEMORANDUM IN SUPPORT of PLAINTIFFS' OBJECTION TO UILR'S MOTION FOR PROTECTIVE ORDER**

The Rhode Island Department of Business Regulation has commenced actions against the plaintiff storeowners to enforce §3-5-11. United Independent has sought to intervene in that enforcement action. In that motion, United Independent describes the role it foresees for itself in the trial in the present matter. "[I]n the federal court action, UILR is seeking to prove the very same violations of the subject statute at issue in this proceeding." **Exhibit A**, p.2. What violations will United Independent seek to prove at trial? What evidence do they intend to offer in support of these allegations? United Independent takes the position in its motion for a protective order that the Plaintiffs are not permitted to ask these questions.

United Independent has repeatedly claimed to possess evidence of wrongdoing by the Plaintiffs and told the First Circuit that:

> Defendant UILR has strong reason to believe that the connections between W&S and their franchisees go well beyond collusive wholesale purchasing and price advertising, and include actual control over each franchisee's business. Specific allegations in this respect will await discovery.

United Independent has repeated argued to this Court that the Plaintiffs' posses unclean hands. Presumably, United Independent still intends to make these claims at trial. Yet, United Independent asks this Court to prevent the Plaintiffs from seeking discovery on these very topics.

United Independent asks this Court to permit trial by ambush by not allowing the Plaintiffs to explore any of the facts United Independent intends to offer at trial.

## I. United Independent chose to intervene as a party rather than seek participation as an amicus.

United Independent asserts that it has intervened for a limited purpose and therefore should not be subject to discovery. This misstates its role as a party in this matter. United Independent has intervened as a full party and has actively participated in deposition. Rather than seeking the limited role as an amicus, United Independent chose to intervene as a full party pursuant to Rule 24. Presumably doing so in order to give itself the full opportunity to present evidence at trial. Having assumed the role of a full participating at trial, the Plaintiffs must be given the opportunity to explore what the evidence United Independent will seek to present.

## II. The trial in this matter will not be limited to the "pure legal question of constitutionality" and will involve questions of fact upon which the Plaintiffs are entitled to take discovery.

In its present motion, United Independent argues that the issue for trial is a "pure legal question of constitutionality." In its motion to intervene in the DBR action, United Independent takes a very different position:

> The issue in federal court is not simply one of the constitutionality of the subject statute; DW&S also seeks equitable relief in the form of an injunction. In so doing, the doctrine of "unclean hands," in the form of the very same lawbreaking identified in the show cause order here is squarely before the federal court. Since the UILR possess the right to intervene in that action and is assisting the Attorney General in proving the lawbreaking by DW&S stores there, it most certainly has the right to intervene in this administrative hearing to assist the DBR in doing exactly the same thing.

**Exhibit A**, p.2. Before the DBR, United Independent has stated its intention of delving into factual issues and legal questions beyond the "pure legal question of constitutionality" at the trial before this Court. United Independent further argues to the DBR, "[t]he evidence of 'unclean

hands' in the form of law violations [] is very relent to the issue of injunctive relief in the federal court case." It clearly intends to offer evidence and theories about which the Plaintiffs should be permitted to seek discovery, including depositions of entity and its officers.

At trial, this Court will be required determine if the interest offered by the Defendants is the actual interest motivating the amendments. *Linmark Associates, Inc. v. Township of Willingboro*, 431 U.S. 85, 93 (1977); *Shaw v. Hunt*, 517 U.S. 899, 910 (1996). It will then have to determine if the interest meets various standards applicable, which requires the intent to be either "paramount, one of vital importance," *Elrod v. Burns*, 427 U.S. 347, 362 (1976) (speech), "substantial," *Central Hudson*, 447 U.S. at 566 (commercial speech), "important or substantial," *O'Brien*, 391 U.S. at 377 (restrictions with incidental impact on speech), or "compelling," *Kittery Motorcycle, Inc. v. Rowe*, 320 F.3d 42, 47 (1st Cir. 2003) (equal protection). If the Court finds that the interest is pure protectionism, then the amendments fail even the rational relationship standard. *Craigmiles v. Giles*, 312 F.3d 220, 224 (6th Cir. 2002) ("Courts have repeatedly recognized that protecting a discrete interest group from economic competition is not a legitimate governmental purpose").

In determining which of these standards is applicable and in determining the sufficiency of the tailoring of the interest to the offered purpose this Court will be required to make findings of fact. *See e g. Knights of Columbus, Council No. 94 v. Lexington*, 272 F.3d 25, 31 (1st Cir. 2001) ("To ascertain whether a regulation is content-based, an inquiring court must determine whether it regulates speech because of disagreement with the particular message that the speech conveys"); *Anderson v. City of Boston*, 375 F.3d 71, 80 (1st Cir. 2004) (narrow tailoring analysis is a mixed question of fact and law).

This Court will be called upon to make a number of other factual determinations. Under any of the heightened scrutiny standards applicable under Plaintiffs First and Fourteenth Amendment claims, the Court must make factual determinations concerning the governmental interest that is being served by the legislation and concerning narrow tailoring. Under both Plaintiffs' Commerce Clause claim and the anti-trust defense offered by all defendants, this Court must make factual findings concerning the purpose and impact of the legislation. Under Plaintiffs' unfettered discretion claim, the Court must make factual determinations about the State's actual application of the statutes. United Independent, as the drafter of the amendments and as an organizations of liquor stores knowledgeable about the application the statutes can provide highly relevant fact testimony.

## III. United Independent as fact witness.

In addition to its role as a full party in this matter, United Independent also plays a different role this case – as a fact witness. United Independent has repeatedly stated that it drafted the amendments at issue in this litigation. *United Independent's Motion to Intervene as a Party Defendant*, p.1 (stating that United Independent sought intervention in order to "defend the constitutionality of statutes that it was instrumental in moving to successful passage into law"). In its motion to intervene in DBR's action enforcing the provisions of §3-5-11 against the Plaintiffs, United Independent takes a very different position from the one it takes in its motion for a protective order from this Court.

## IV. The Topics designated for the 30(b)(6) deposition of United Independent.

United Independent offers no justification why it should be free to offer evidence at trial concerning the topics identified in the Schedule A to the 30(b)(6) deposition notice, but not subject to discovery on them. Its motion contains no specific objections to the individual topics

designated in the 30(b)(6) deposition notice. Instead United Independent merely makes broad claims of harassment and asks this Court to permit it to act as a party, to participate in discovery of the Plaintiffs, but to be free from discovery of its positions. These topics include:

Topic 1 asks United Independent to designate someone to discuss the "subject matter of this litigation." In their motion, United Independent does not identify what about this topic is not relevant to this litigation.

Topic 2 asks United Independent to designate someone knowledgeable about the documents produced by United Independent in discovery. Again, United Independent fails to make any specific objection to this topic.

Topic 3 seeks information about what United Independent will offer at trial concerning the purpose of §§3-5-11 and 3-5-11.1. The purpose of the statutes is relevant to determining which level of scrutiny is applicable and in determining whether the statutes can survive review under those various standards. United Independent should not be permitted to offer any evidence concerning the purpose of these statutes without first subjecting itself to discovery on this topic.

Topics 4 through 9 concerns the drafting the challenged provisions. United Independent has argued that the challenged provisions are a valid exercise of Rhode Island's authority to regulate anti-competitive behavior. Actions of United Independent, its members and wholesaler supporters demonstrates that the provisions themselves are anti-competitive and do not serve a legitimate governmental interest.

Topics 9 through 11 relate to the activities of the competitors of the Plaintiffs. Count III of the Amended Complaint concerns the selective enforcement by Rhode Island of §3-5-11.

Throughout this litigation, United Independent has accused the Plaintiffs' of engaging in anti-competitive activities, of having unclean hands, and of subverting the regulation of Rhode Island's three-tiered system for the distribution of alcoholic beverages. Topics 12 through 16 of Schedule A simply ask United Independent to designate someone who can discuss these accusations.

Topic 17 concerns advertising within the Rhode Island liquor industry, a topic at the very heart of this litigation. United Independent has repeated submitted examples of advertisements as exhibits attached to its various memoranda to this Court. It should not be permitted to sumit any evidence at trial concerning advertising activities without responding to discovery on this topic.

## V. Deposition of the President of United Independent.

The Plaintiffs also noticed the deposition of the President of United Independent, Elliot Fishbein. Mr. Fishbein is an officer of a party to this litigation. As with the topics designated for the 30(b)(6) deposition, United Independent offers no specific objection to the deposition of Mr. Fishbein. It again merely declares the disposition of a party to be harassment and relies entirely on the theory that there are no questions of fact in this trial. As explained above, this misstates the nature of Plaintiffs' claims and the nature of the defenses that will be offered by United Independent at trial.

## VI. Conclusion.

United Independent presumably intends to offer witnesses and exhibits at trial. Plaintiffs should not be denied the opportunity to question United Independent about the facts and theories it intends to offer. This Honorable Court should deny the motion for a protective order.

Respectfully submitted,

WINE & SPIRITS RETAILERS, INC., *et al.*

by their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

Dated: February 10, 2006