STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
DEPARTMENT OF BUSINESS REGULATION

| | | |
|---|---|---|
| IN THE MATTER OF<br><br>8 DOUGLAS WINE & SPIRITS STORES<br><br>(Show Cause Orders Issued Against Eight Douglas Wine & Spirits Class A liquor retailers) | : | DBR Nos. 05-L-0225 Through 05-L-0232 |

**REPLY TO OBJECTIONS TO MOTION TO INTERVENE**

Both Respondents (the eight Douglas Wine & Spirits stores) and surprisingly, the DBR, have objected to what the United Independent Liquor Retailers of Rhode Island, an association of dozens of independent Class A liquor retailers, thought would be a pro-forma granting of their motion to intervene to assist in enforcement at the Department level of clear violations of R.I. Gen. Laws § 3-3-11 *et seq.* For the reasons below, the UILR is the quintessential intervenor by right in this action, and its motion must be granted under Rhode Island Supreme Court precedent and the DBR's own Rule 23(A).

First, the UILR attaches as Exhibit A, a copy of its memorandum of law filed with Chief Judge Torres, which resulted in its intervention in a very much related federal court matter involving both Douglas Wine & Spirits (and three of the eight stores in this proceeding) and the UILR. In that case, the UILR was granted intervention and is assisting the Attorney General in defending the constitutionality of the very statute under which the present show cause order arises. As that memo shows, the interests of the UILR in the subject statute are overwhelming – in short, the UILR fought to get it passed while DW&S opposed it.

Second, as discussed during the prehearing conference in this matter, there is great

overlap between the federal court action (involving both DW&S and the UILR) and the show cause order. Indeed, in the federal court action, the UILR is seeking to prove *the very same violations of the subject statute at issue in this proceeding.* Indeed, attached as Exhibit B hereto is a copy of newspaper ads submitted as evidence at a hearing just a few weeks ago before Judge Torres – detailing a joint advertising violation by all 8 DW&S stores before this tribunal. These ads were shown to the Chief Judge, who stated that be took "very seriously" the UILR's claim of law violation. The issue in federal court is not simply one of the constitutionality of the subject statute; DW&S also seeks equitable relief in the form of an injunction. In so doing, the doctrine of "unclean hands," in the form of the very same lawbreaking identified in the show cause order here is squarely before the federal court. Since the UILR possesses the right to intervene in that action and is assisting the Attorney General in proving lawbreaking by DW&S stores there, it most certainly has the right to intervene in this administrative hearing the assist the DBR in doing exactly the same thing. Indeed, Exhibit B to this memo is properly admitted into evidence in *both proceedings*.

Third, this tribunal's Rule 23(A) expressly provides for intervention by right or permissively of interested parties to administrative hearings. Here, the UILR's participation is both "necessary [and]/or appropriate to the administration of" the subject statute. Aside from providing the tribunal with key evidence, the interest of the UILR in enforcing the statute is equal to if not greater than the interest of DBR. While DBR seeks to administer the law, the UILR seeks to assist in doing the same and to protect the level playing field without which its members are financially harmed. Indeed, Rule 23(E) indicates that Department Counsel is optional at this hearing ("the Hearing Officer *may*

request the Director to appoint Department Counsel to prosecute the case on behalf of the complainant") , as opposed to a party with a direct financial interest in ensuring that the law is enforced. Moreover, this action resulted from the UILR as complainant.

Fourth, addressing the DBR's concerns, as referenced above, the DBR has a related, but different interest than the UILR just as in the federal court case where the Attorney General has a related but different interest. Like in zoning matters or interests in specific funds (referred to in DBR's objection) the UILR members, as competitors seeking a level playing field for all, have a distinct financial interest in the outcome of this matter that DBR simply does not have here (and the AG does not have in the federal court action). The DBR's additional concern that the UILR somehow could broaden the case beyond the show cause order is misplaced. This tribunal has already made clear what it sees as the proper focus of the proceeding. Any deviation in that focus (and none is suggested by the UILR) must be approved by this tribunal. While the DBR says that concern over duplicitous litigation is not an issue here, it most certainly is, as explained below. Finally, no member of the UILR is under investigation for any violations of joint advertising, joint pricing, or joint purchasing to its knowledge – the prohibited business practices at issue in this proceeding (same or similar names is not an issue in the show cause order). There is no "inherent conflict" with the UILR's participation here and an individual member defending against a different show cause proceeding in different action.

Rather than hinder the case, the presence of the UILR in both cases will assist to avoid duplicative discovery . The evidence of "unclean hands" in the form of law violation which is very relevant to the issue of injunctive relief in the federal court case is, of course, the very issue before this tribunal in the show cause hearing. Indeed, the

importation of evidence between the two matters was discussed at the pretrial hearing before this tribunal. All parties agreed that it would make little sense to depose the three store managers *twice* on this issue of what their actions have been relevant to the prohibitions contained in R.I. Gen. Laws § 3-5-11 *et seq.* Otherwise, duplicitous litigation would abound. If, as suggested, the UILR and the DBR work to find a way to allow DBR participation in the depositions in that matter, then most certainly, the UILR must be allowed to intervene to assist in enforcement in this matter. (It is also worth noting that in the first three depositions so far in the federal court matter, the DBR prosecutor was in attendance, and the Liquor Control Administrator likewise appeared for a time.).

Fifth, remarkably, Respondents contend that the UILR "lacks the necessary injury in fact" to possess standing to intervene. On the contrary, it was the UILR's filing *of three complaints* detailing the illegal joint advertising and other law violations of Respondents that resulted in this show cause order in the first place. The very law at issue serves to preserve a level playing field among all Class A liquor retailers. DW&S' violation of the law's ban on joint purchasing, joint advertising, joint naming and joint pricing illegally tilts that playing field to the direct detriment of all other Class A license holders, including UILR members. In other words, there can be no question but that UILR members (and all other Class A license holders) are injured by the anti-competitive activities which resulted in the show cause order being issued.

Lastly, in *Newport National Bank v. Providence Institute for Savings*, 226 A.2d 137 (R.I. 1967) the Rhode Island Supreme Court held that competitors like the UILR have an absolute right to *appeal* any APA proceeding such as this as an "aggrieved party." Where a public hearing is held (as here) and a competitor receives favorable treatment from the

regulatory body a right of appeal lies. This proceeding is a public hearing and this tribunal is considering a show cause order under which the UILR has a great financial interest. Respondents correctly *concede* that under *Newport National* the ULIR "may obtain judicial review of the Department's decision" in this matter. Since the UILR has an absolute right to appeal an adverse decision of this tribunal as an "aggrieved party," then *as a matter of law and logic, it must also possess the concomitant right to participate in the very underlying proceeding from which its appeal arises.* In *Newport National*, the issue of the aggrieved competitor banks' right to intervene was not reached by the Court, since it ruled that the banks could appeal *whether or not* they were parties to the APA proceedings (and the only issue once the APA proceeding was completed was the right to appeal).

It would defy common sense for the Supreme Court to hold that a party has such an interest in an APA proceeding that may benefit a competitor that it was "aggrieved" enough to appeal a decision it had no role in, but at the same time determine that the competitor had no right to intervene in the proceeding to begin with. As such, the UILR respectfully suggests that the Rhode Island Supreme Court, through direct implication, has already resolved the instant motion to intervene, and has resolved it in favor of the UILR. At a minimum, long before the case went to the Supreme Court, the APA tribunal in *Newport National* "invited the [competitors] to submit such evidence and arguments as they wished." 226 A.2d at 140.

For the same reasons as above, intervention here is not "akin to giving [the UILR] a regulatory role against competitors" as suggested by the DBR. The Supreme Court has already decided (and Respondents concede) that the UILR has an absolute right to enter

the fray on any decision by the Department in this matter – the only question is at what point in the proceedings. Indeed, the Supreme Court recognized that it was competitor status that gave the complaining party standing and aggrieved status to begin with. This tribunal will decide the outcome of the show cause hearing, not the DBR prosecutor or the UILR. It is an enforcement issue, not a "regulatory" one.

For these reasons, the UILR asks that its motion to intervene be granted.

UNITED INDEPENDENT LIQUOR RETAILERS

By its Attorney,

Joseph S. Larisa, Jr., #4113
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 743-4700
(401) 633-6296 (fax)

DATED: January 3, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*

*v.*

STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**CERTIFICATE OF SERVICE**

The undersigned attorney for the Plaintiffs hereby certifies that true copies of *Plaintiffs' Objection to UILR's Motion for Protective Order* and *Memorandum In Support of Plaintiffs' Objection to UILR's Motion for Protective Order* were served upon the following attorneys of record by mail on this 10th day of February, 2006:

Rebecca Partington
Deputy Chief – Civil Division
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Joseph S. Larisa, Jr.
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903

Robert J. Roughsedge #5876