UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC.,<br>JOHN HARONIAN, *et al.*<br>Plaintiffs | : | |
| v. | : | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND<br>Defendants | : | |

**REPLY MEMORANDUM TO PLAINTIFFS' OBJECTION TO UILR'S MOTION FOR PROTECTIVE ORDER**

The Court need only peek at the attached "Schedule A" addressing the topics plaintiffs seek to demand answers to at a deposition of the UILR to determine that its purpose and effect is to harass the UILR. There are only two issues in this case: 1) whether the subject statutes are unconstitutional; and 2) whether plaintiffs' unclean hands bar it from obtaining equitable relief. On the first, no testimony of the UILR is relevant; and on the second, defendants have already provided to the Court and plaintiffs in several memoranda, argument and court exhibits, which of the provisions of the subject laws plaintiffs are violating. The central violations are the bans on joint advertising and common naming. The allegations and evidence have already been presented to plaintiffs. There is no ambush. Moreover, plaintiffs' requests for production and interrogatories are more than sufficient to provide the detail of the violation that plaintiffs' seek.[1]

[1] As discovery is ongoing, the UILR is in the process of supplementing its responses to both to provide exact detail on the provisions it will claim at trial are being violated and the documents supporting that claim of unclean hands (they are plaintiffs' own ads and

Demanding that the UILR testify about documents that it received from plaintiffs or newspaper ads placed by plaintiffs is baseless. The purpose and drafting of the subject amendments have nothing to do with this case. Lobbying activities and sources of funds, contributions and participation of third parties likewise are irrelevant inquiries designed to harass. Members, benefits, and the structure of the UILR add nothing, since the UILR is making no claims, and only the behavior of plaintiffs, in the form of unclean hands is at issue in this case.

Concerning the unlawful activities alleged against plaintiffs and other Douglas Wine & Spirits stores, those legal contentions were all made on advice of counsel and are contained in the pleadings, memoranda, and evidence in this case. Moreover, the detailed allegations will be contained in response to interrogatories. Finally, generic testimony on the three-tier distribution system and advertising in Rhode Island seek opinions from a nonexpert witness. The only illegal joint ads placed in the Providence Journal are those of plaintiffs. Moreover, the generic fact issues of advertising and the liquor industry have no bearing in this case.

Plaintiffs also want the UILR to testify as to the purpose of the amendments. That testimony too is irrelevant since a statute's purpose must come from the legislature or the executive branch. The UILR did not pass the Act into law.

In sum, plaintiffs already are well aware of defendants' unclean hands contentions and possess the documents in support. As discovery concludes, the UILR will update those documents and contentions in interrogatory responses and responses to requested

---

other documents) and whether there will be any witnesses. At this time, Plaintiffs already have in their possession all such documents and no witnesses are expected to testify.

for production. All other areas in which this deposition is sought are entirely irrelevant to this litigation and serves no purpose other than the harass, and cost time and money.

The UILR respectfully asks that its motion for a protective order be granted.

Respectfully submitted,

UILR
By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903
(401) 743-4700
(401) 633-6296 (fax)

DATED: March 1, 2006

## CERTIFICATION

I hereby certify that I sent in pdf format by email a true copy of the attached UILR Reply Memo on this 1st day of March 2006 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

## SCHEDULE A

The deponent shall designate one or more officers, administrators, or managing personnel, or other persons who consent to testify on its behalf, on each of the following categories:

1. The subject matter of this litigation; and
2. The documents produced by the United Independent Liquor Retailers Association of Rhode Island, Inc. in response to Plaintiffs' discovery requests; and
3. The purpose of §§3-5-11 (as amended) and/or 3-5-11.1; and
4. The drafting of §§3-5-11 (as amended) and/or 3-5-11.1; and
5. The lobbying activities of United Independent Liquor Retailers Association of Rhode Island, Inc.; and
6. The sources of all funds available to United Independent Liquor Retailers Association of Rhode Island, Inc.; and
7. All contributions made by United Independent Liquor Retailers Association of Rhode Island, Inc.; and
8. The involvement of wholesalers in United Independent Liquor Retailers Association of Rhode Island, Inc. or its finances; and
9. The membership of United Independent Liquor Retailers Association of Rhode Island, Inc.; and
10. All benefits and services provided by United Independent Liquor Retailers Association of Rhode Island, Inc. to its members; and
11. The structure of United Independent Liquor Retailers Association of Rhode Island, Inc.; and
12. Any allegedly unlawful activities engaged in by the Plaintiffs between January 1, 2000 and the present; and
13. Any allegedly unlawful activities engaged in by liquor stores affiliated with W&SR that are not plaintiffs in this action; and
14. Any allegedly anti-competitive activities engaged in by the Plaintiffs; and
15. Any allegedly anti-competitive activities engaged in by liquor stores affiliated with W&SR that are not plaintiffs in this action; and
16. Rhode Island's three-tiered system for the distribution of alcoholic beverages; and
17. Advertising within the Rhode Island retail liquor industry.