UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC.,<br>JOHN HARONIAN, *et al.*<br>Plaintiffs | : | |
| v. | : | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND<br>Defendants | : | |

**REPLY MEMORANDUM TO PLAINTIFFS' OBJECTION TO GASBARRO'S <u>MOTION TO QUASH DEPOSITION SUBPOENA</u>**

Plaintiffs fail to mention to the Court that Chris Gasbarro is a *nonparty* to this litigation and owns *no* Rhode Island liquor store. Plaintiffs have brought no cause of action against him or against DBR for any alleged wrongdoing. Moreover, any such factual allegation would have nothing whatsoever to do with plaintiffs' claim that the subject anti-chain store statutes are unconstitutional and nothing to do with the question of whether *plaintiffs,* who are seeking equitable relief, are barred by the doctrine of unclean hands – by their own unlawful conduct – from obtaining an injunction. These are the only two issues in the case.

Mr. Gasbarro is not the "founder"of the UILR and did not play "a pivotal role" in the enactment of the subject amendments. Moreover, so what if he was? There is no claim that Mr. Gasbarro is a member of the General Assembly. Private parties did not pass the statute into law, and no court has ever held that testimony from private parties is germane to the purpose of a statute. The purpose of the statutes must be found in the

legislature, not from someone who does not even own a Rhode Island liquor store and upon whom the challenged statutes do not even apply.

Plaintiff Haronian then claims that "he has presented evidence to [DBR] of illegal chain store activities by Mr. Gasbarro . . ." Plaintiffs apparently believe that their "unfettered discretion" claim of DBR enforcement allows them to subpoena every liquor store owner in the State who they believe violated the subject law and ask them about any alleged violations. Even worse, plaintiffs apparently contend that even *non* Rhode Island liquor store owners can be brought it.

Judge Torres was not buying it at the last chambers conference when counsel for plaintiffs, trying to explain the relevance of any discovery of UILR members (nevermind someone like Mr. Gasbarro who does not have a liquor store), that "unclean hands works both ways." That is preposterous. The doctrine of unclean hands precludes a party from invoking the equity jurisdiction of the court when that party is itself violating the law. Here, UILR is not seeking any relief, so its actions are irrelevant. More importantly, Mr. Gasbarro is *not even a party* making any contentions, so his actions or inactions have nothing whatsoever to do with plaintiffs' own unclean hands.

Plaintiff Haronian claims he brought claims at DBR against Mr. Gasbarro in July of 2004 and complains that DBR has brought no action against Mr. Gasbarro. He also complains that DBR has brought action against plaintiffs, thereby "selectivel enforcing" the statute. None of this, however, has anything to do with any issue in this case. If Mr. Haronian wants to know why there has been no action against Mr. Gasbarro, he should ask DBR, not Mr. Gasbarro. Yet the answer is painfully simple – contrary to Mr. Haronian's assertions, Mr. Gasbarro has not violated the subject law. All of his claims are

patently false and indeed frivolous. What Mr. Haronian does not tell the Court is that he has filed complaints against Mr. Gasbarro and in Massachusetts, making the same false claims as he does here. The Massachusetts has found no merit in any of these assertions. Plaintiffs, however, continue to flout Rhode Island law by placing joint ads and using a common name. Chief Judge Torres took "very seriously" defendants' evidence of these joint ads at the last hearing in this case, as evidence of unclean hands by plaintiffs, and indicated that he would consider that evidence at trial.

In sum, plaintiffs' witch hunt seeking to harass a private party who owns no Rhode Island liquor store must be rejected. No testimony they seek against Mr. Gasbarro has any relevance to this case, nor could it be reasonably calculated to lead to such evidence.

Mr. Gasbarro respectfully asks that the motion to quash be granted.

Respectfully submitted,

CHRISTOPHER GASBARRO
By his attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903
(401) 743-4700
(401) 633-6296 (fax)

DATED: March 1, 2006

## CERTIFICATION

I hereby certify that I sent in pdf format by email a true copy of the attached Reply Memo on this 1st day of March 2006 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736