UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC., and JOHN HARONIAN, et al., Plaintiffs, | : | |
| v. | : | |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as the Associate Director of the Rhode Island Department of Business Regulation, Defendants, | : | CA 04-418 T |
| and | : | |
| UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND, Defendant-Intervenor. | : | |

**ORDER**
**GRANTING MOTION TO QUASH AND**
**DENYING IN PART AND GRANTING IN PART**
**MOTION FOR PROTECTIVE ORDER**

Before the court are two motions: 1) Motion of Christopher Gasbarro to Quash Deposition Subpoena (Document ("Doc.") #70) ("Motion to Quash"); and 2) Intervenor Defendant UILR's[1] Motion for Protective Order (Doc. #71) ("Motion for Protective Order"). A hearing was held on March 6, 2006. After listening to oral argument, reviewing the memoranda submitted, reading the cases cited by counsel, and performing independent research, the court concludes, for the reasons stated below, that the Motion to Quash should be granted and that the Motion for Protective Order should be denied in part and granted in part.

By the Motion to Quash, nonparty Christopher Gasbarro ("Mr.

---

[1] UILR is the United Independent Liquor Retailers of Rhode Island. See First Amended Complaint (Doc. #61).

Gasbarro") moves pursuant to Fed. R. Civ. P. 26(c) and 45(c)(3)(A) to quash a deposition subpoena served upon him by Plaintiffs. He argues that "[t]his case is a specific constitutional challenge raised by plaintiffs in their complaint to R.I. Gen. Laws §§ 3-5-11 and/or 11.1. No information by any nonparty has any bearing on whether the challenged provisions pass constitutional muster - a pure question of law." Memorandum in Support of Gasbarro's Motion to Quash Deposition Subpoena ("Gasbarro Mem.") at 1. Additionally, Mr. Gasbarro represents that he "does not even hold a Class A liquor license in Rhode Island." Id. at 3. While he owns two liquor stores in Massachusetts and is licensed in Massachusetts, he maintains that there is no testimony which he could provide which would be relevant to any issue in this case, "nor could it lead to any relevant evidence." Id.

Plaintiffs assert that "Mr. Gasbarro is the founder of intervening defendant United Independent [Liquor Retailers of Rhode Island] and that in that capacity he played a pivotal role in the enactment of the amendments [at issue]." Memorandum in Support of Plaintiffs' Objection to the Motion of Christopher Gasbarro to Quash Deposition Subpoena ("Plaintiffs' Mem. Re Motion to Quash") at 1. According to Plaintiffs, Mr. Gasbarro "can shed light on the defense expected to be offered by the Defendants - that the amendments serve the purpose of improving competition within the retail liquor market," id., and that "[h]e can also provide testimony concerning the true anti-competitive purpose of the challenged provisions," id. In addition, Plaintiffs contend that Mr. Gasbarro can provide information relevant to their "selective enforcement claim." Id. at 3.

The fact that Mr. Gasbarro is a nonparty, who does not own a Rhode Island liquor store, significantly influences the court's

determination of the Motion to Quash.[2] The court fails to see how Mr. Gasbarro could provide testimony "relevant to the subject matter involved in the action," Fed. R. Civ. P. 26(b)(1), or "reasonably calculated to lead to the discovery of admissible evidence," id. This Magistrate Judge is not aware of any case where a court has looked to testimony given by a private individual in a deposition as evidence of the purpose of previously enacted legislation. Mr. Gasbarro was not a member of the General Assembly which passed the amendments, and his opinion as to their purpose would be valueless.[3]

As for Plaintiffs' contention that they have a selective enforcement claim and that Mr. Gasbarro can provide testimony relevant to this claim, see Plaintiffs' Mem. Re Motion to Quash at 3, even assuming that Plaintiffs have adequately pled such a

---

[2] Although unnecessary for the court's ruling, Mr. Gasbarro disputes that he is the founder of UILR. See Reply Memorandum to Plaintiffs' Objection to Gasbarro's Motion to Quash Deposition Subpoena ("Gasbarro Reply Mem.") at 1. The only evidence which Plaintiffs have offered to support their contrary contention is a printout from the Rhode Island Secretary of State's web site pertaining to "Lobbyists, Organizations or Interests," see Plantiffs' Exhibit ("Ex.") #1 from 3/6/06 hearing, which lists Mr. Gasbarro as the "Contact Person" for UILR. This hardly provides a basis for finding that he founded UILR or that "he played a pivotal role in the enactment of the amendments." Memorandum in Support of Plaintiffs' Objection to the Motion of Christopher Gasbarro to Quash Deposition Subpoena ("Plaintiffs' Mem. Re Motion to Quash") at 1.

[3] With reference to Plaintiffs' suggestion that an illicit purpose lies behind the amendments, see Plaintiffs' Mem. Re Motion to Quash at 1 (referring to "the true anti-competitive purpose of the challenged provisions"), the court notes that an otherwise constitutional statute will not be struck down on the basis of an alleged illicit legislative motive, see United States v. O'Brien, 391 U.S. 367, 383, 88 S.Ct. 1673, 1682, 20 L.Ed.2d 672 (1968); see also Wreck Bar, Inc. v. Comolli, 857 F.Supp. 182, 190 (D.R.I. 1994)("[I]t is settled law that when a regulation serves a permissible purpose it is not rendered unconstitutional by the fact that it also might serve a secondary impermissible purpose.").

claim,[4] the appropriate person to question regarding this claim would be an official at DBR, the agency charged with enforcement, and not Mr. Gasbarro. In sum, the court finds that, in light of the issues raised by the instant action, requiring Mr. Gasbarro to submit to deposition by Plaintiffs would subject him to an undue burden. See Fed. R. Civ. P. 45(c)(3)(A)(iv). **Accordingly, the Motion to Quash is GRANTED.**

Turning to the Motion for Protective Order, UILR seeks a protective order pursuant to Fed. R. Civ. P. 26(c) to preclude the deposition of UILR and one of its officers under Fed. R. Civ. P. 30(b)(6). UILR asserts that Plaintiffs' purpose in seeking the deposition is to harass UILR "by seeking its deposition on factual and opinion matters of the organization having nothing to do with the pure legal question of constitutionality." Memorandum in Support of Defendant UILR's Motion for Protective Order ("UILR Mem.") at 1.

Plaintiffs counter that UILR is attempting to perpetrate "trial by ambush by not allowing the Plaintiffs to explore any of the facts United Independent intends to offer at trial."

---

[4] Plaintiffs allege in their complaint that "[t]he enforcement mechanism of §3-5-11's prohibition of chain stores permits unfettered discretion by the DBR in permitting some Class A [license holders] to engage in the prohibited activities while not permitting others," First Amended Complaint ¶ 25, and that "[t]his unfettered discretion in the permitting or prohibiting of the First Amendment activities described above renders §3-5-11 unconstitutional," id. ¶ 26. Plaintiffs do not explicitly allege selective enforcement. See First Amended Complaint.

In the court's view, whether the challenged statute allows "unfettered discretion," First Amended Complaint ¶¶ 25, 26, can be determined by examining the statute itself. It is not dependant upon evidence of selective enforcement. Put another way, if the statute is constitutionally deficient because it "permits unfettered discretion" on the part of DBR, it is deficient regardless of whether there has, in fact, been selective enforcement of the statute. Thus, the court is by no means convinced that Plaintiffs' claims regarding "unfettered discretion" can be fairly read as pleading "a selective enforcement claim." Plaintiffs' Mem. Re Motion to Quash at 3.

Memorandum in Support of Plaintiffs' Objection to UILR's Motion for Protective Order ("Plaintiffs' Mem. Re Protective Order") at 3. Among other arguments, Plaintiffs assert that "[t]hroughout this litigation, United Independent has accused the Plaintiffs[] of engaging in anti-competitive activities, of having unclean hands, and of subverting the regulations of Rhode Island's three-tiered system for the distribution fo alcoholic beverages," id. at 7, and that it simply asks UILR "to designate someone who can discuss these accusations," id.

At the March 6, 2006, hearing, counsel for UILR took the position that, under the circumstances of this case, no Rule 30(b)(6) deposition of UILR should be allowed. See Tape of 3/6/06 hearing. UILR's counsel suggested that Plaintiffs were in no danger of being ambushed because they were already aware of everything which UILR intends to offer at trial. See id. However, Plaintiffs are not required to take such assurance on blind faith. If UILR intends to offer witnesses and exhibits at trial, it must submit to deposition regarding those witnesses and exhibits. In reaching this conclusion, the court is significantly influenced by the fact that UIRL has objected to virtually all of Plaintiffs' interrogatories and requests for production. See Objections to Plaintiffs' Interrogatories; Objections to Requests for Production of Documents.[5] The court is also influenced by the fact that UILR chose to intervene in this case. Having voluntarily become a party to this action, it should not now be heard to complain about having to submit to routine discovery.

Having determined that UILR must submit to deposition if it

[5] At the March 6, 2006, hearing Plaintiffs' counsel submitted copies of UILR's objections to Plaintiffs' interrogatories and requests for production of documents. Following the hearing, the court determined that these documents should be marked, respectively, as Plaintiffs' Ex. 2 and 3.

intends to offer evidence at trial, the court considers the topics for that deposition which are listed on Schedule A. See UILR's Mem., Attachment A (Notice of Taking of Deposition of the United Independent Liquor Retailers Association of Rhode Island, Inc.[,] Pursuant to Fed.R.Civ.P. 30(b)(6)) ("Notice of Deposition"). The court agrees with UILR that there are only two issues in this case: whether the subject statutes are unconstitutional; and 2) whether Plaintiffs are guilty of unclean hands such that they are barred from obtaining equitable relief. See Reply Memorandum to Plaintiffs' Objection to UILR's Motion for Protective Order ("UILR Reply Mem.") at 1. Bearing those issues in mind, the court finds that UILR should provide a Rule 30(b)(6) deponent to testify concerning the following numbered topics which appear on Schedule A: 1 (but limited to the two issues described above), 2, 12, and 14. As to the other topics listed on Schedule A, the court finds that the information would not be relevant at trial, nor would it lead to discovery of relevant evidence. See Fed. R. Civ. P. 26(b)(1).

**Accordingly, UILR's Motion for Protective Order is denied in part and granted in part.** It is denied to the extent that Plaintiffs shall be allowed to conduct a Rule 30(b)(6) deposition of UILR as to topics 1, 2, 12, and 14 listed on Schedule A of the Notice of Deposition. The Motion for Protective Order is granted to the extent that Plaintiffs are precluded from deposing the Rule 30(b)(6) designee regarding the other topics listed on Schedule A.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
March 9, 2006

BY ORDER:

Matthew Saucell

Deputy Clerk