UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WINE & SPIRITS RETAILERS, INC., *et al.*<br>*Plaintiffs,*<br>*v.*<br>STATE OF RHODE ISLAND, *et al.*,<br>*Defendants.* | Civil Action No. 04-418-T |

**PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF JEFFREY J. GREER**

Pursuant to Fed.R.Civ.P. 37 and the Local Rules Cv 7 and 37, the Plaintiffs move to compel the deposition testimony of the Defendant State of Rhode Island's 30(b)(6) witness, Jeffrey J. Greer. Mr. Greer was instructed not to answer a series of questions relating to the actions of the Department of Business Regulation (DBR) prior to noticing any show cause hearings, on the grounds that the information was privileged under the "deliberative process privilege." The Plaintiffs motion to compel should be granted because the deliberative process privilege: (a) the is not applicable to Mr. Greer's testimony; (b) cannot be asserted by the Defendants' counsel; (c) has not been supported with precise reasons; and (d) is a qualified privilege that, in this case, weighs in favor of disclosure.

## I. RELEVANT FACTUAL BACKGROUND.

On December 21, 2005, the Plaintiffs filed a First Amended Complaint against the Defendants, challenging the constitutionality of §§3-5-10, 3-5-11 and 3-5-11.1 of the Rhode Island General laws. Specifically, the First Amended Complaint alleges seven counts: Count I, restrictions on speech in violation of the First Amendment; Count II, restrictions on assembly in violation of the First Amendment; Count III, unfettered discretion in

violation of the First Amendment; Count IV, violations of the Commerce Clause; Count V, unconstitutional taking in violation of the Fifth Amendment; Count VI, treatment of similarly situated businesses differently in violation of the Fourteenth Amendment; and Count VII, deprivation of rights in violation of 42 U.S.C. §1983. In addition, on January 18, 2006, the Plaintiffs submitted a Statement Of Elements To Be Proven At Trial, including freedom of speech restrictions (buying and selling of advice, name use, and advertising), discriminatory denial of a fundamental right under the Equal Protection Clause, freedom of association restrictions, selective enforcement/unfettered discretion in violation of the First Amendment, violations of the Commerce Clause (§3-5-10, §3-5-11, and anti-trust violations), and uncompensated taking in violation of the Fifth Amendment. This motion to compel primarily concerns the Plaintiffs discovery of evidence in support of their claims for unfettered discretion and selective enforcement.

On January 13, 2006, the Plaintiffs noticed the depositions of Jeffrey J. Greer and the State of Rhode Island, requesting a deponent for certain topics identified on a Schedule A. See Deposition Notices, attached as Exhibit A. Jeffrey J. Greer was offered by the State to testify on specific topics on the Schedule A. Accordingly, on February 2, 2006, the Plaintiffs deposed Jeffrey J. Greer in his capacity as the Associate Director of the Department of Business Regulation and as a witness for the State.

During the deposition of Mr. Greer, he was instructed not to answer certain questions regarding the Rhode Island Department of Business Regulation's process before the point at which a show cause hearing is noticed. The instructions not to answer by the Defendants' counsel are as follows:

Mr. Greer, since the amendment to 3-5-11, can you identify any license holders that the DBR has initiated a show cause hearing or held a show cause hearing against?

MS. PARTINGTON: I would just instruct him any show cause in past is okay to answer. **Anything pre show cause we'll go on to assert a privilege to.** That question is fine.

(Deposition of Greer, p. 31).

MR. ROUGHSEDGE: We've marked Exhibit 2-A through M and while we were off the record, we had a brief discussion about potential privacy interests of the individuals against whom these complaints are directed. I'm going to give counsel a chance to take a look at the exhibits and identify who -- or any individuals that you believe you represent.

(Pause In Proceedings)

MR. LARISA: Mr. Roughsedge, after reviewing Exhibit 2-A through 2-M, **I would object to any discussion pre show cause hearing based on clients who I believe are members of my client,** the United Independent Liquor Retailers of Rhode Island, Exhibit 2-L, 2-G, 2-C, and 2-B unless such time as there has been a show cause hearing with

0035

respect to any of the Class A retailers complained of in the liquor complaint forms.

MS. PARTINGTON: Just for the record, **we state that we consider all such complaint forms confidential and privileged and you can mark whatever you want an exhibit to this deposition, but by your making it an exhibit does not waive any confidentiality of or privilege the state holds.**

(Deposition of Greer, pp. 33-35).

Q Mr. Greer, looking at Exhibit 2-L, has a show cause hearing been noticed or held for either of the license holders listed?

MS. PARTINGTON: Objection to form and **I'd ask him not to answer based on this exhibit.** If you can ask him about a particular store name because again, this is confidential. I don't even want him talking about it. So if you could rephrase the

question, just rephrase it.

MR. ROUGHSEDGE: How do you propose we prove the selective enforcement claim?

0038

MS. PARTINGTON: You're going to have to work really hard. **Anything prior to show cause, if you want to ask him whether there's an enforcement proceeding at the show cause stage or later for John Doe's Liquors, that's fair game.**

(Deposition of Greer, pp. 37-38).

Q How do you decide which store out of all the stores named Haxton's to issue a show cause for?

MS. PARTINGTON: **I'm going to object and instruct him not to answer on the grounds of privileged delivered process and law enforcement.** I told you --

Q Well, have you taken any action against the other Haxton's?

MS. PARTINGTON: Objection, **instruct him not to answer, same reasons.**

Q Having received -- you received those complaints that are marked 2-A through M?

MS. PARTINGTON: Objection. **Don't answer, same reasons.**

MR. ROUGHSEDGE: You can't even say that you received them?

MS. PARTINGTON: No. They're

0042

not public documents.

(Deposition of Greer, pp. 41-42).

Q The ones -- the stores that you've identified for which a show cause hearing has been noticed, was that action taken based on the complaints identified in Exhibit 2-A through M?

MS. PARTINGTON: **I'm going to object and instruct him not to answer; same**

**0047**

**reasons.**

MR. ROUGHSEDGE: I don't know if I asked this. Let me get this on the record.

Q Did you take any action against any of the businesses identified in Exhibit 2-A -- complained of in Exhibit 2-A through M?

MS. PARTINGTON: **Objection, form**

**and the privileges. I'd instruct you not to answer.**

(Deposition of Greer, pp. 46-47).

Q Have you investigated any other store or stores to the extent you have investigated the Douglas stores?

MS. PARTINGTON: Objection. **I'm instructing him not to answer for the same reasons.**

(Deposition of Greer, pp. 61).

Q Exhibit 2-A Saleba, Inc. and G & S Liquors, do you know whether or not Saleba Saleba is still the president of both stores?

MS. PARTINGTON: Objection. **I'm going to instruct him not to answer based on the use of that exhibit.** If you could rephrase it, I'll let him answer.

(Deposition of Greer, p. 66).

Q Mr. Greer, what are the stores doing business as Douglas and People's doing now that is in violation of -- in your opinion in violation of the law?

MS. PARTINGTON: Objection, privilege and don't -- I'm asking him not to speculate and if there are any complaints pending prior to the show cause stage, **I am going to instruct him not to answer.**

(Deposition of Greer, p. 72).

Q Why is that any different than Douglas Wine & Spirits of Cranston and Douglas Wine & Spirits of North Providence?

MS. PARTINGTON: **I'm going to object and instruct him not to answer. You're getting into his thought process and that's privileged.**

MR. ROUGHSEDGE: His thought process? It's the state we're dealing with here. We have to --

MS. PARTINGTON: **It's the deliberative process privilege.**

MR. ROUGHSEDGE: There has to be a rational scheme of why one is bad and one isn't.

MS. PARTINGTON: **It's the deliberative process privilege; that's what I'm asserting.**

(Deposition of Greer, p. 116).

```
        Q Does the person running the
store as Joe Smith's Liquors, do they have to
0117
own it as a person, not a corporation?
        A No.
        Q Why not?
                MS. PARTINGTON:  Objection, same
instruction.  Don't answer that.
        Q So if the sole shareholder of
Douglas Wine & Spirits North Providence
changed her name to Douglas, would that be
allowed to stay?
                MS. PARTINGTON:  Don't answer
that.
                MR. ROUGHSEDGE:  Don't answer
that?
                MS. PARTINGTON:  Right.
```

(Deposition of Greer, pp. 116-117).

Despite an initially unclear assertion of privilege, the Defendants eventually asserted the "deliberative process privilege" as grounds for withholding all information concerning Mr. Greer's knowledge of any action taken by the Department of Business Regulations before a show cause hearing is noticed.

## II. ARGUMENT.

### a. The Defendants Bear The Burden Of Showing Why Mr. Greer's Testimony Should Not Proceed.

Evidence need not be admissible to be relevant, and thus discoverable. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30(1984). Fed. R. Civ. P. 26(b)(1) states, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." During Mr. Greer's deposition, the Defendants' counsel instructed him to not answer specific questions regarding the DBR's pre-show cause hearing investigation, asserting the "deliberative process privilege." As discussed below, this privilege is not applicable.

Fed. R. Civ. P. 37(a) provides the enforcement mechanism for "disgorging" discovery as it allows a party to compel answers and responses from another party who, with or without stated

objections, fails to afford the discovery sought. Fed. R. Civ. P. 37(a)(3) makes it clear that parties have the right to adequate answers and responses while 37(a)(4) allows sanctions against parties who unjustifiably resist providing such discovery. Notes of Advisory Committee on Rules, 1970 Amendment to Fed. R. Civ. P. 37.

Finally, the objecting party bears the burden of demonstrating why the discovery sought should not proceed. See *In Re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982). See also, 8 Wright & Miller, Federal Practice and Procedure: Civil § 2214, p 644 (1970). Therefore, the Defendants bear the burden of showing why Mr. Greer should not testify about matters relating to the DBR's pre-show cause hearing investigations.

**b. The Deliberative Process Privilege Is Not Applicable To Mr. Greer's Testimony.**

The Supreme Court of the United States has limited the deliberative process privilege to only include discovery that is ***both*** predecisional and deliberative. *Texaco Puerto Rico, Inc. v. Dept. of Consumer Affairs*, 60 F.3d 867, 885 (1st Cir.1995). It is "predecisional" if it was prepared in order to assist an agency decision-maker in arriving at his or her decision. *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975). It is "deliberative" if it is actually related to the process by which policies are formulated. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Thus, "[t]he deliberative process privilege focuses on advisory opinions, recommendations, and deliberations constituting a part of a process by which governmental decisions and policies are formulated. The privilege does not extend to purely factual materials, even if they are used in determination of policy." *Woodland Manor III Associates, L.P. v. Keeny*, 1995 WL 941473 (R.I.Super.1995), citing as reference, *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 640 (S.D.N.Y.1991).

The deliberative process privilege also does not protect factual findings and conclusions, as opposed to opinions and recommendation, *Adams v. United States*, 686 F.Supp. 417, 420 (S.D.N.Y.1988), nor does it protect factual materials that can be severed from a deliberative report. *EPA v. Mink*, 410 U.S. 73, 87-88 (1973). The Defendants' questions asked of Greer do not concern "opinions and recommendations" regarding the process by which the DBR's internal policies are formulated. Rather, the questions seek factual information regarding the DBR's entire investigations of possible violators of Sections 3-5-11 and 3-5-11.1 of the Rhode Island General laws. Further, the information questioned is not "deliberative" but rather concerns facts relating to the DBR's investigations. The answers to these questions are crucial to the Plaintiffs' claims that the DBR renders decisions with unfettered discretion and that the DBR selectively enforces Sections 3-5-10, 3-5-11 and 3-5-11.1 in violation of the Equal Protection Clause. On these grounds alone, the Court should compel Mr. Greer to answer the questions he was instructed not to answer.

**c. The Deliberative Process Privilege Cannot Be Asserted By Defendants' Counsel As Grounds To Prevent His Deposition Testimony.**

As identified above, the Defendants' counsel instructed Mr. Greer not to answer certain questions, asserting the "deliberative process privilege." However, "the claim of deliberative process privilege must be lodged by the head of the agency after personal consideration of the allegedly privileged material." *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 641 (S.D.N.Y.1991), citing, *Mobil Oil Corp. v. Department of Energy*, 102 F.R.D. 1, 5 (N.D.N.Y.1983). See also, *NLRB v. Sears*, supra 421 U.S. at 152 & n.9. The head of the agency may only assert such a privilege if he or she issues guidelines on the use of the privilege. *Id.* "The assertion of the privilege by an attorney is therefore improper." *Id.*, citing, *Coastal*

*Corp. v. Duncan*, 86 F.R.D. 514, 519 (D.Del.1980). The DBR did not assert the privilege, nor did it issue "guidelines on the use of the privilege." Accordingly, the Plaintiffs' motion to compel should be allowed because the Defendants' counsel cannot assert the deliberative process privilege.

**d. The Defendants Have Failed To Demonstrate With Specificity The Claim Of Deliberative Process Privilege.**

"The agency claiming the privilege must provide precise and certain reasons for preserving the confidentiality of the information." *Mobil Oil*, supra, 102 F.R.D. at 6; *Coastal Corp.*, supra, 86 F.R.D. at 517-19. Accordingly, a "scant, uninformative description of the withheld information is insufficient." *Id.* In this case, the Defendants have provided virtually no information regarding the reasons behind the asserted privilege beyond a brief exchange of words on the record during Mr. Greer's deposition. See highlighted excerpts of the Deposition of Greer, above. It is the Defendants burden to prove why Mr. Greer's withheld deposition testimony regarding the DBR's pre-show cause hearing investigations concern "opinions and recommendations" regarding the DBR's policies. There is no reason for which the Defendants could establish any legitimate reason for asserting the privilege because the information sought does not concern opinions and recommendations but rather facts surrounding investigations. As a result, the Plaintiffs motion to compel should be granted.

**e. The Deliberative Process Privilege Is A Qualified Privilege Where A Balancing Test Determines That The Plaintiffs' Interest In This Information Outweighs The DBR's Interest In Non-Disclosure.**

"The deliberative process privilege is a discretionary one." *Texaco Puerto Rico, Inc.*, supra, 60 F.3d at 885, citing, *In re Franklin Nat'l Bank Sec. Litig.*, 478 F.Supp. 577, 582 (E.D.N.Y.1979) (internal quotations omitted). Its application depends on the balancing of the agency's interest in non-disclosure against "the interest of the litigants, and ultimately society, in

accurate judicial fact finding" and the "public's interest in opening for scrutiny the government's decision making process." *Id.* The agency's interest in non-disclosure must be evaluated in view of the purpose of the privilege, which is to protect frank discussion of legal or policy matters within the agency in order to prevent injury to the quality of agency decisions. *NLRB v. Sears*, supra, 421 U.S. at 150-51. Consequently, "where the [information] sought may shed light on alleged government malfeasance, the privilege is routinely denied." *Texaco Puerto Rico, Inc.*, supra, 60 F.3d at 885 (internal quotations omitted), citing also, *Bank of Dearborn v. Saxon*, 244 F.Supp. 394, 401-03 (E.D.Mich.1965) ("the real public interest under such circumstances is not the agency's interest in its administration but in the citizen's interest in due process").

Here, it can be inferred from the colloquy during Mr. Greer's deposition that the DBR has acted arbitrarily and with a discriminatory motive towards the Plaintiffs. Mr. Greer was instructed not to answer questions about the DBR's action taken against other stores beyond the Plaintiffs. An example is as follows:

```
Q Have you investigated any other store or stores to the extent you have investigated the Douglas stores?
MS. PARTINGTON: Objection. I'm instructing him not to answer for the same reasons.
```

(Deposition of Greer, pp. 61). Mr. Greer was instructed not to answer this question ***after*** he had already admitted that the DBR has launched an investigation into the Douglas stores. In fact, all of the information that Mr. Greer was instructed not to provide concerns the DBR's treatment of other stores beyond the Plaintiffs. This information is critical to the Plaintiffs' claims for unfettered discretion and selective enforcement.[1]

[1] In order to lay a context for this motion, it should be noted that one of the Plaintiffs filed a series of complaints with the DBR detailing illegal activities by other liquor stores. These complaints documented these activities and included a video that showed, among other activities, the illegal transfer and sale of alcoholic beverages across state lines and between stores. Apparently no action has been taken based on

The Plaintiffs are entitled to more than drawing an inference from Mr. Greer's testimony to prove their case because Fed. R. Civ. P. 26(b)(1) states, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Plaintiffs' claims concern unfettered discretion and selective enforcement. Recently, the Supreme Court of Rhode Island summarized the elements necessary to proven by a selective-enforcement claimant. See *Providence Teachers' Union Local 958, ALF-CIO, AFT v. City Council of City of Providence*, 888 A.2d 948 (2005). Specifically, the State Court relied on a Second Circuit decision that "directly addressed selective enforcement in the context of state administrators." *Id.* at 954, citing, *LeClair v. Saunders*, 627 F.2d 606 (2nd Cir.1980), *cert. denied*, 450 U.S. 959 (1981). Selective-enforcement claimants must show: "(1) they, compared with others similarly situated, were selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *LeClair*, supra, 627 F.2d at 609-10. Therefore, the Plaintiffs are entitled to: first, discover the DBR's treatment of other stores; and second, discover the DBR's considerations in such treatment of the Douglas stores, as well as other stores. The Defendants' counsel has improperly prevented this information from being disclosed to the Plaintiffs. The Plaintiffs are entitled to investigate the elements of their case.

More importantly, the withheld information does not concern policy formation and, therefore, is not entitled to protection under the deliberative process privilege. It concerns facts

---

these 2003 complaints. During this same time period, the Plaintiffs have been subject to numerous investigations.

and considerations surrounding investigations prior to noticing a show cause hearing. Additionally, the information may "shed light on alleged government malfeasance." This tips the balancing test in favor of the Plaintiffs. Therefore, the Plaintiffs are entitled to this information because its disclosure benefits the litigants, promotes accurate judicial findings, and benefits the judicial decision-making process, as well as society in general.

## III. CONCLUSION.

Wherefore, the Court should grant the Plaintiffs motion to compel, ordering Mr. Greer to testify about the DBR's pre-show cause hearing information.

Dated: March 2, 2006

WINE & SPIRITS RETAILERS, INC., *et al.*
By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987