**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE & SPIRITS RETAILERS, INC., et al.

Plaintiffs,

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, et al.

Defendants

**OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Local Rule 13, Defendants the State of Rhode Island and Jeffrey Greer file these objections to the Request for Production of Docujments propounded to them by the Plaintiffs:

1. Any proposed regulation contemplated by the DBR that concerned the issue of franchises or chain stores within the retail liquor distribution field.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such proposed, but not adopted, regulation(s) would be protected from discovery by the deliberative process privilege.

4. Any documents evidencing the effectiveness of the amendments at achieving the purpose(s) of the amendments.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any documents generated as a result of any administrative action prior to the show cause stage are privileged. Without waiving that objection, none yet, other than the Orders to Show Cause attached hereto.

5. Any documents concerning alternative methods of achieving the purpose(s) of the amendments.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

6. Any documents evidencing unlawful behavior by W&SR.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any documents generated as a result of any administrative action prior to the show cause stage are privileged. Without waiving that

objection, please refer to the depositions of Brian Hein and David Morrocco taken in the course of this litigation.

7. Any documents evidencing unlawful behavior by John Haronian.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any documents generated as a result of any administrative action prior to the show cause stage are privileged.

8. Any documents evidencing unlawful behavior by any franchisees of W&SR.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any documents generated as a result of any administrative action prior to the show cause stage are privileged. Without waiving that objection, refer to the Orders to Show Cause attached hereto, and the depositions of Brian Hein and David Morrocco taken in the course of this litigation.

9. Any documents evidencing unlawful behavior by any liquor store that has a consulting agreement with W&SR.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any documents generated as a result of any administrative action prior to the show cause stage are privileged. Without waiving that objection, refer to the Orders to Show Cause attached hereto, and the depositions of Brian Hein and David Morrocco taken in the course of this litigation.

10. Any documents evidencing price fixing activities related to the sale of alcoholic beverages by any liquor store, wholesaler, supplier, franchisor, franchisee, consultant or any other individual or entity.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Without waiving that objection, please refer to advertisements, advertised sales lists, marketing bulletins, emails, invoices and other documents produced during the course of this litigation, as well as the testimony given by John Haronian and David Morrocco during the course of this litigation.

11. The complete files concerning the complaints filed in the DBR by John Haronian in or about December of 2003 and July of 2004.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such information is exempt from discovery pursuant to the deliberative process, attorney work product and attorney/client privilege.

12. Any document concerning any decision, agreement or settlement related to the complaints filed in the DBR by John Haronian in or about December of 2003 and July of 2004.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

13. All DBR files concerning W&SR.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

14. All DBR files concerning John Haronian.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

15. All DBR files concerning DWS — Cumberland.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

16. All DBR files concerning DWS — Cranston.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

17. All DBR files concerning DWS — North Providence.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

18. All DBR files concerning United Independent.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

19. All DBR files concerning Mineral Spring Liquors, Inc. d/b/a Sac's Mineral Spring Liquors.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

20. All DBR files concerning Centerdale Liquor Store, Inc. d/b/a Sak's Centerdale Liquors & Wine Cellar.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

21. All DBR files concerning Barrington Liquors, Inc., d/b/a Phil Gasbarro Liquors.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

22. All DBR files concerning Murphy's of Pawtucket, Inc.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

23. All DBR files concerning Murphy's of Providence, Inc.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

24. All documents evidencing any anti-competitive activities engaged in by the Plaintiffs.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Without waiving that objection, please refer to advertisements, advertised sales lists, marketing bulletins, emails, invoices and other documents produced during the course of this litigation, as well as the testimony given by John Haronian and David Morrocco during the course of this litigation.

25. All correspondence or other documents evidencing communications between the DBR and United Independent.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

26. Any documents concerning joint purchasing of alcoholic beverages by any holder of a Class A license.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

27. Any documents evidencing any joint purchasing of alcoholic beverages by any of the Plaintiffs.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any such documents might contain material protected by the attorney client, work product and/or deliberative process privileges.

28. Any statistical data related to levels of consumption of alcoholic beverages in Rhode Island.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

29. Any statistical data related to the pricing of alcoholic beverages in Rhode Island.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

30. All tax records or other records indicating the revenues generated or volume of sales from the sale of alcoholic beverages by individual stores holding a Class A liquor license during the past twelve months.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

STATE OF RHODE ISLAND,
JEFFREY GREER,
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within document, postage pre-paid, first class mail, on this 16th day of February, 2006 to those indicated below:

Melissa D'Abrizzo

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
55 Dorrance Street, Suite 301B
Providence, RI 02903