UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC.,
et al.

Plaintiffs,

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, et al.

Defendants

**OBJECTIONS OF DEFENDANTS, JEFFREY GREER AND THE STATE OF RHODE ISLAND, TO PLAINTIFFS' INTERROGATORIES**

Pursuant to Local Rule 13, Defendants the State of Rhode Island and Jeffrey Greer file these objections to the Interrogatories propounded to them by the Plaintiffs:

3. Do any of the activities identified in the complaints filed with the DBR by John Haronian in or about December of 2003 and July of 2004 constitute evidence of chain store operations or franchises in violation of §3-5-1 1, 3-5-11 (as amended) or 3-5-1 1.1. If not, why not.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

4. What action has been taken in response to complaints filed by John Haronian to the DBR.

**OBJECTION**: Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, any action taken prior to the issuance of an Order to Show Cause is exempt from discovery pursuant to the deliberative process privilege.

5. State all findings, conclusions, and determinations made by the DBR concerning its investigations into the operations of the Plaintiffs.

**OBJECTION**: Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

6. What is the legislative purpose of §3-5-10.

**OBJECTION:** Calls for a legal conclusion.

7. What is the legislative purpose of §3-5-11 (as amended).

**OBJECTION:** Calls for a legal conclusion.

8. What is the legislative purpose of §3-5-11.1.

**OBJECTION:** Calls for a legal conclusion.

9. If it is your contention that §3-5-10 and/or 3-5-11 (as amended) and/or 3-5-1 1.1 are supported by either a compelling state interests, or a significant state interest, for each such interest please state: the interest; who identified the interest; when the interest was identified; and identify any documents describing or memorializing the interest.

**OBJECTION:** Calls for a legal conclusion.

10. If it is your contention that §S3-5-1 1 (as amended) and/or 3-5-11.1 are narrowly tailored to achieve any of the interest identified in your answer to Interrogatory No. 9 above, state the basis for that contention.

**OBJECTION:** Calls for a legal conclusion.

11. If you contend that the relationship between W&SR and any liquor store constituted an illegal chain store operation under §3-5-1 1, as that statute existed prior to the Amendments, state the basis for that contention. Please identify with particularity the provisions of §3-5-11 you believe were being violated and the activities that you contend constituted a violation of those provisions.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

13. Identify each activity or action of W&SR, John Haronian, Douglas Wine & Spirits — Cumberland, Inc., Douglas Wine & Spirits — Cranston, Inc., or Douglas Wine & Spirits North Providence, Inc. that you contend violates §3-5-11 (as amended). In your answer, identify with particularity the provision(s) of §3-5-li (as amended) that you contend each activity violates.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Without waiving that objection, please refer to the Orders to Show Cause, attached hereto.

14. Identify each activity or action of W&SR, John Haronian, Douglas Wine & Spirits — Cumberland, Inc., Douglas Wine & Spirits — Cranston, Inc., or Douglas Wine & Spirits North

Providence, Inc. that you contend violates §3-5-1 1.1. In your answer, identify with particularity the provision(s) of §3-5-11.1 that you contend each activity violates.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Without waiving that objection, please refer to the Orders to Show Cause, attached hereto.

15. If you contend that any aspect of the consulting agreements between W&SR and Douglas Wine & Spirits — Cumberland, Inc. (bates numbers CUMBOO84-CUMBOO85), Douglas Wine & Spirits — Cranston, Inc. (CRANOO96-CRANOO97), or Douglas Wine & Spirits N. Providence, Inc. (NPRVOO6O-NPRVOO61) violate any provision of §3-5-11 (as amended), identify both the specific language of the consulting agreements you contend violates §3-5-11 (as amended) and specific provision of §3-5-11 (as amended) that you contend is being violated.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

16. If you contend that any aspect of the consulting agreements between W&SR and Douglas Wine & Spirits — Cumberland, Inc. (bates numbers CUMBOO84-CUMBOO85), Douglas Wine & Spirits — Cranston, Inc. (CRANOO96-CRANOO97), or Douglas Wine & Spirits N. Providence, Inc. (NPRVOO6O-NPRVOO6 1) violate any provision of § 3-5-11.1, identify both the specific language of the consulting agreements you contend violates §3-5-11.1 and specific provision of §3-5-11.1 that you contend is being violated.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

18. Identify every harm to the public that results from the franchise relationship that existed between the Plaintiffs prior to the enactment of the Amendments.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence.

19. Identify every harm to the public that results from the current relationship between the Plaintiffs.

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Without waiving that objection, at this time, based on the information obtained in discovery, I believe that consumer choice is in jeopardy.

20. Identify all actions currently being taken to enforce §3-5-11 (as amended) and/or § 3-5-11.1 against any holder of a Class A license (including both the former franchisees of W&SR and liquor stores with no relation to W&SR).

**OBJECTION:** Overbroad, irrelevant, immaterial, not reasonably calculated to lead to the discovery of relevant evidence. Further, the interrogatory seeks privileged matter in conjunction with ongoing administrative action.

22. If it is your contention that the choice of name by which a business identifies itself to consumers if not protected speech, state the basis for this contention (see Instruction C above).

**OBJECTION:** Calls for the ultimate legal conclusion in this case. Without waiving that objection, for the arguments relating to that issue, please refer to the legal memoranda filed in this case.

23. If it is your contention that joint advertising is not protected speech, state the basis for this contention (see Instruction C above).

**OBJECTION:** Calls for the ultimate legal conclusion in this case. Without waiving that objection, for the arguments relating to that issue, please refer to the legal memoranda filed in this case.

For the Defendants,

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within document, postage pre-paid, first class mail, on this 28th day of February, 2006 to those indicated below:

Melissa S. DiFenzo

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
55 Dorrance Street, Suite 301B
Providence, RI 02903