**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE & SPIRITS RETAILERS, INC., et al.

Plaintiffs,

v.

C.A. NO. 04-418T

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, et al.

Defendants

**RESPONSE TO REQUEST FOR ADMISSIONS**

1. Rhode Island law permits W&SR to sell advice to the holders of Class A licenses.

**Response: Admit.**

2. Rhode Island law permits W&SR to sell advice to multiple holders of Class A licenses.

**Response: Admit.**

3. Rhode Island law permits W&SR to charge a fee for providing management advice to holders of Class A licenses.

**Response: Admit.**

4. Rhode Island law permits W&SR to charge a fee for providing marketing advice to the holder of a Class A license.

**Response: Admit.**

5. Rhode Island law permits W&SR to charge a fee for providing marketing advice to more than one holder of a Class A license.

**Response: Admit.**

6. Rhode Island law permits the holders of Class A licenses to buy advice from W&SR.

**Response: Admit, if done so individually.**

7. Rhode Island law permits the holders of Class A licenses to advertise truthful

information about their products and prices.

**<u>Response:</u> If they act independently of other Class A license holders, admit.**

8. Rhode Island law permits W&SR to prepare newspaper ads for liquor stores.

**<u>Response:</u> Unable to admit or deny without a more detailed description of what is meant by "prepare."**

9. Rhode Island law permits more than one Class A license holder to utilize the services of the same accounting firm.

**<u>Response:</u> Admit, if done so individually.**

10. Rhode Island law permits liquor stores to match the advertised prices of other liquor stores.

**<u>Response:</u> Admit, short of allowing Class A licenses from acting in concert to engage in such activities.**

11. Rhode Island law permits liquor stores to provide information concerning their sales to W&SR.

**<u>Response:</u> Admit, if done so individually.**

12. Rhode Island law permits suppliers and wholesalers of alcoholic beverages to place identical point of purchase displays in multiple liquor stores.

**<u>Response:</u> Admit.**

13. Rhode Island law permits suppliers and wholesalers of alcoholic beverages to utilize advertisements that list the names of multiple liquor stores that sell their product.

**<u>Response:</u> Unable to answer, as that scenario has not arisen and I would have to engage in speculation without more facts available to me.**

14. Rhode Island law does not permit the holders of Class A licenses to jointly speak to their prospective customers through joint advertising.

**<u>Response:</u> Rhode Island law provides that one indicia of a prohibited chain store organization is "participation in a coordinated or common advertisement with one or more liquor licensed business in any advertising media." R.I. Gen. Laws §3-5-11.**

15. Rhode Island law does not permit more than one holder of Class A license to identify themselves to their prospective customers using the same recognizable trade name.

**<u>Response:</u> Rhode Island law provides that one indicia of a prohibited chain store organization is "any term or name identified as a chain or common entity." R.I. Gen. Laws §3-5-11.**

16. The DBR was aware of the franchise relationship that existed between the Plaintiffs prior to the effective date of the Amendments.

**<u>Response:</u> Admit.**

18. The franchise relationship between the Plaintiffs was altered in 2004 based on concerns raised by the DBR during its review.

**<u>Response:</u> Unable to respond, and I do not know whether or why the franchise relationship was altered in 2004, other than a change in the law.**

19. The DBR reviewed the changes discussed in Request for Admission No. 18.

**<u>Response:</u> See response to Request No. 18.**

22. No formal legislative findings were made prior to the adoption of the Amendments.

**<u>Response:</u> Admit. Rhode Island has no formal legislative findings or history. *See,* <u>DEPCO v. Brown</u>, 659 A.2d 95 (R.I. 1995).**

Jeffrey J. Greer

Sworn to and subscribed before me in the County of Providence, State of Rhode Island, this the 28th day of February, 2006:

My Commission Expires: 11/6/07

Notary Public

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within document, postage pre-paid, first class mail, on this 20th day of February, 2006 to those indicated below:

Melissa S. DiFruzzo

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
55 Dorrance Street, Suite 301B
Providence, RI 02903