UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WINE & SPIRITS RETAILERS, INC., *et al.*<br>*Plaintiffs,*<br>*v.*<br>STATE OF RHODE ISLAND, *et al.*,<br>*Defendants.* | Civil Action No. 04-418-T |

**PLAINTIFFS' MOTION for an ORDER COMPELLING RESPONSES to PLAINTIFFS DOCUMENT REQUESTS and INTERROGATORIES to INTERVENING DEFENDANT UNITED INDEPENDENT LIQUOR RETAILERS or IN THE ALTERNATIVE to EXCLUDE UNDISCLOSED EVIDENCE**

Defendant United Independent answered only 1 of 25 interrogatories and produced no documents in response to Plaintiffs' requests for production. *See* **Exhibit A** (objections to Plaintiffs' interrogatories) and **Exhibit B** (objections to Plaintiffs' document requests). The lone interrogatory United Independent answered concerned the identity of the person responding on behalf of the organization. For all other interrogatories, the Defendant either objected without responding or simply referred the Plaintiffs to the pleadings filed in this matter without any explanation or specific citations.

The parties anticipate a trial in April of 2006. Plaintiffs' attempts to resolve this dispute without the intervention of the Court failed. **Exhibit C** (Plaintiffs' letter to United Independent, which was never responses to) and **Exhibit D** (e-mail responding to Exhibit C). The Plaintiffs move this Court for and order compelling responses or in the alternative to exclude the Defendants from offering any evidence at trial that was not disclosed in discovery.

## NATURE OF THE CASE

Wine & Spirits Retailers, Inc. (W&SR), a Rhode Island corporation, was in the business of franchising liquor store operations in Rhode Island and Massachusetts. In 2004 Rhode Island outlawed franchising in the liquor retail industry. At the same time Rhode Island banned franchises, it also banned liquor stores from engaging in a number of other activities including joint advertising, using a similar or common name, associating with each other to share business planning and marketing strategies. W&SR and its owner John Haronian sued challenging the validity of these restrictions. John Haronian is also the owner of three liquor stores in Massachusetts and therefore is precluded from directly owning a Rhode Island liquor store under another provision challenged by the Plaintiffs. Haronian and W&SR were later joined by three former franchisees of W&SR. Once the provisions of these amendments became effective, the Plaintiffs altered their business relationship in order to comport with the new statutory requirements. The Plaintiffs changed their relationship from one of franchisor and franchisee to a consulting relationship. The Defendants have argued that this new relationship still violates the new statutory scheme and the Rhode Island Department of Business Regulation has begun enforcement action against the plaintiff liquor stores.

In this action, the Plaintiffs challenged the 2004 amendments, along with two pre-existing aspects of Rhode Island liquor control law, on a number of grounds including freedom of speech (advertising and the giving of advice), freedom of expressive association, equal protection, Commerce Clause, and deprivation of federally protect statutory and constitutional rights.

On February 14, 2005, a group of the Plaintiffs' competitors calling themselves the United Independent Liquor Retailers of Rhode Island (United Independent) intervened to

"defend the constitutionality of statutes that it was instrumental in moving to successful passage into law." *United Independent's Motion to Intervene as a Party Defendant.*

## I. <u>Speech and expressive association</u>

Plaintiffs' first challenged §§3-5-11 and 3-5-11.1 as violating their rights to freedom of speech and of expressive association as protected by the First Amendment. Among the First Amendment activities restricted by the challenged statutes are the giving of advice for a fee, joint advertising, associating to speak to prospective consumers, associating to speak to each other in order to share management and marketing strategies, limitations on the name by which the Plaintiffs can identify themselves to the public, and restrictions on the content of signs and advertisements.

The restriction of the giving of paid advice is a restriction of "pure speech" subject to the highest level of First Amendment scrutiny. *Bd. of Trs. of State Univ. of N.Y. v. Fox,* 492 U.S. 469, 482 (1989) (using "tutoring, legal advice, and medical consultation provided (for a fee)" as examples of speech protected by the First Amendment as pure speech). For pure speech, "[c]ontent based prohibitions may endure – but only if they are justified by compelling state interests. Accordingly, such prohibitions engender strict judicial scrutiny." *Knights of Columbus, Council No. 94 v. Lexington*, 272 F.3d 25, 31 (1st Cir. 2001) (internal citation omitted). Under this standard, the Defendants must "demonstrate that 'the harms it recites are real and that its restriction will in fact alleviate them *to a material degree.*'" *Bad Frog Brewery, Inc. v. New York State Liquor Authority*, 134 F.3d 87, 98 (2nd Cir. 1998) (emphasis in original), *quoting*, *Edenfield v. Fane*, 507 U.S. 761, 771 (1993).

Even if a sufficient interest is established, the State "may not choose means that unnecessarily restrict constitutionally protected liberty" in order to achieve the interest. *Elrod v.*

*Burns*, 427 U.S. 347, 362 (1976), *quoting*, *Kusper v. Pontikes*, 414 U.S. 51, 59 (1973). At trial, the Court "must not only assess the substantiality of the governmental interests asserted but also determine whether those interests could be served by means that would be less intrusive on activity protected by the First Amendment." *Schad v. Borough of Mount Ephraim*, 452 U.S. 61 (1981).

Restrictions on invitations to enter into commercial transactions are reviewed under the Commercial Speech standard. *Virginia Pharmacy Board v. Virginia Citizens Consumer Council*, 425 U.S. 748, 762 (1976) (defining commercial speech as "speech which does 'no more than propose a commercial transaction'"). Under this standard, a restriction on advertisements or other commercial speech is permissible only upon a showing by the State that either the advertising is misleading, or that (1) the government interest in regulation is substantial, (2) the regulation directly advances that interest, and (3) the regulation is not more extensive than necessary to serve the interest. *Central Hudson Gas & Electric Corp. v. Public Service Comm'n.*, 447 U.S. 557, 566 (1980). Thus the Defendants must overcome the fact intensive inquiry under the *Central Hudson* standard to sustain the restrictions on Plaintiffs' advertising.

"The commercial speech doctrine protects the communication of truthful information to potential customers about a proposed commercial transaction." *Wine & Spirits*, 418 F.3d at 49, *citing*, *Fox,* 492 U.S. at 482 and *Central Hudson,* 447 U.S. at 561-63. The giving of advice for a fee is also protected speech. *Fox*, *supra.* The First Amendment preserves the right of associating together in order to engage in protected expression. *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 460 (1958) ("It is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech"). "[I]t

is immaterial whether the beliefs sought to be advanced by association pertain to political, economic, religious or cultural matters, and state action which may have the effect of curtailing the freedom to associate is subject to the closest scrutiny." *Id.*, at 46-61. In defending the restrictions on association for an expressive purpose, the Defendants must "convincingly show a substantial relation" between the restriction and a "compelling governmental interest." *Gibson v. Florida Legislative Investigation Committee*, 372 U.S. 539 (1963). The Plaintiffs' discovery seeks disclosure of the evidence and contentions the Defendants will present in their effort to meet these fact intensive standards.

The State prohibits Plaintiffs from using the same or similar names on the signage used to identify themselves to the public. The determination of what is similar is left to the unfettered discretion of bureaucrats. The State can impose reasonable restrictions on the size of signs. *Ward v. Rock Against Racism*, 491 U.S. 781 (1989) (reasonable "time, place, or manner" restrictions, but only if they are "justified without reference to the content of the regulated speech"). But, restrictions that consider the content of the sign are subject to heightened scrutiny. *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 501-08 (1996) (finding unconstitutional a Rhode Island ban on including liquor prices on signs and in advertising). When restrictions are based on the message conveyed by the sign, they must be reviewed as a content-based restriction on speech. *Lorillard Tobacco Co. v. Reilly/Altadis U.S.A. Inc. v. Reilly*, 533 U.S. 525, 573-74 (2001) (invalidating height restrictions applicable only to tobacco signs because they singled out a specific message – those concerning tobacco products – for different treatment).

After concluding that logos and signs are commercial speech and that their regulation must be reviewed under the *Central Hudson* test (*Bad Frog*, 134 F.3d at 97), the Second Circuit

held that although the state contended "that the frog appeals to youngsters and promotes underage drinking," "[t]he truth of these propositions is not so self-evident as to relieve the state of the burden of marshaling some empirical evidence to support its assumptions." *Bad Frog*, 134 F.3d at 100. Plaintiffs discovery requests are relevant to determining what "empirical evidence" the State has to support the restrictions.

## II. Equal Protection

When a state imposes a limitation on a fundamental right, "'critical examination' of the state interests . . . is required." *Zablocki v. Redhail*, 434 U.S. 374, 383 (1978) (addressing the fundamental right to marry). The State must demonstrate, first, that it has "sufficiently important state interests" and, second, that the statute "is closely tailored to effectuate only those interests." *Id.*, at 388. Freedom of speech and expressive association are fundamental rights. *Gibson*, 372 U.S. at 544 ("rights of free speech and free association are fundamental").

Plaintiffs contend that the challenged provisions restrict these fundamental rights in a discriminatory manner based on who the speaker is and based on the subject matter of the speech. Such discriminatory restrictions on the fundamental rights are subject to the highest level of scrutiny under the Equal Protection Clause. *Police Dep't of Chicago v. Mosley*, 408 U.S. 92 (1972); *Fowler v. Rhode Island*, 345 U.S. 67 (1953).

> [W]hen the government intrudes on one of the liberties protected by the Due Process Clause of the Fourteenth Amendment, 'this Court must examine carefully the importance of the governmental interests advanced and the extent to which they are served by the challenged regulation.' Because the ordinance challenged in this case significantly limits communicative activity within the Borough, we must scrutinize both the interests advanced by the Borough to justify this limitation on protected expression and the means chosen to further those interests.

*Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 70 (1981). When a statute restricts speech, the State must justify that restriction under the First Amendment, when the statute also

discriminates as to whom the restriction applies, the State must also justify the restriction under the Equal Protection Clause. *Id.* at 98.

## III. Commerce Clause

Plaintiffs contend that §§ 3-5-10, 3-5-11, and 3-5-11.1 should be declared void under the dormant Commerce Clause, which limits the power of states to erect barriers against interstate trade. *Walgreen Co. v. Rullan,* 405 F.3d. 50, 55 (1st Cir. 2005), *cert. denied,* 126 S. Ct. 1059 (2006). Section 3-5-10 discriminates against interstate commerce on its face and "violates the Commerce Clause unless it 'advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives.'" *Stephen D. DeVito, Jr. Trucking, Inc. v. Rhode Island Solid Waste Management Corporation,* 770 F. Supp. 775, 780 (D.R.I. 1991), *quoting, New Energy Co. of Ind. v. Limbach, 486* U.S. 269, 278 (1988). Statutes, such as §§ 3-5-11, and 3-5-11.1, which have the effect of significantly favoring in-state commercial interests over out-of-state interests are subject to the same strict scrutiny. *Walgreen, supra,* 405 F.3d at 55. Even if this Court determines that § 3-5-11.1 regulates in-state and out-of-state interests evenhandedly, the statute is subject to the *Pike* balancing test. *Id.*

> Although the criteria for determining the validity of state statutes affecting interstate commerce have been variously stated, the general rule that emerges can be phrased as follows: Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities.

*Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (internal citation omitted).

The requested discovery is relevant because the Supreme Court has made it clear that the dormant Commerce Clause evaluation requires a "sensitive, case-by-case analysis of purposes and effects." *Id.*, quoting *West Lynn Creamery, Inc. v. Healy*, 512 U.S. 186, 201 (1994).

## IV. Antitrust Claims

As stated in *Plaintiffs' Statement of Elements to be proven at Trial*, the Plaintiffs also contend that the Rhode Island statutes violate the Sherman Act. 15 U.S.C. §1. Sections 3-5-10, 3-5-11, and 3-5-11.1 restrict efficient and competitive practices and create or facilitate agreement in restraint of competition. In particular, the prohibition against liquor franchises prevents plaintiffs from efficient buying and distribution practices that would result in lower prices and greater choices for Rhode Island consumers. The requested discovery is relevant to plaintiffs' Sherman Act claims for a number of reasons. First, while some of the restraints qualify as *per se* antitrust violations, others may be subject to the rule of reason analysis. Plaintiffs will be required to demonstrate at trial that the "agreement involved the exercise of power in a relevant economic market, that this exercise had anti-competitive consequences, and that those detriments outweighed efficiencies or other economic benefits." *Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield of R.I.*, 373 F.3d 57, 61 (1st Cir. 2004). Once plaintiffs demonstrate antitrust violations and the hybrid nature of the Rhode Island restraints, the State will be required to satisfy the *Midcal* test and prove that the challenged restraints are clearly articulated and affirmatively expressed as state policy and that the policy is actively supervised by the State itself. *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 105 (1980).

## V. Taking

The 2004 amendment to the Rhode Island Liquor Control statute, §§3-5-11 (as amended) and 3-5-11.1, deprive the Plaintiffs of their property rights deriving from their reasonable investment backed expectation in their State approved franchises. The Fifth Amendment to the Constitution of the United States provides that, "private property" shall not be "taken for public use without just compensation." *Chicago, Burlington & Quincy R.R. Co. v. Chicago*, 166 U.S. 226, 234-35 (1897) (due process requires both that the property be taken for a public use and that the owner of the property be compensated by the state for his loss). The Fifth Amendment requires "a full and perfect equivalent for the property taken." An alternative standard in determining the amount of just compensation, "is what has the owner lost, not what has the taker gained." *Monongahela Navigation Co. v. United States*, 148 U.S. 312, 326 (1893); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986 (1984) (looking at whether the plaintiff had a reasonable investment-backed expectation in intangible property after determining that the plaintiff did own that intangible property).

The Plaintiffs had a reasonable investment backed expectation in the continued operation of their franchises, including, but not limited to their trade name, which the State is attempting to take through the addition of §3-5-11(b)(1)(vi) to the Liquor Control statute. *Jacob Siegel Co. v. Federal Trade Commission*, 327 U.S. 608, 612 (1946) ("trade names . . . are valuable business assets").

## VI. Twenty-first Amendment Defense

The requested discovery is also relevant to the State's defense that the Twenty-first Amendment to the United States Constitution shields the challenged statutes. Under this theory, the Defendants will be required to prove that the interests implicated by the statutes are so

closely related to the State's core concerns under the Twenty-first Amendment that the regulations may prevail, notwithstanding conflict with federal policies. *See, e.g., North Dakota v. United States*, 495 U.S. 423, 432 (1990). This balancing test includes an analysis of whether the "regulatory scheme serves its stated purpose (in other words, 'is the scheme effective?')." *TFWS, Ins. v. Schaefer*, 242 F.3d 198, 213 (4th Cir. 2001). The Supreme Court has reiterated that the Twenty-first Amendment defense is fact intensive and requires careful scrutiny of the competing concerns. *See, e.g., California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 110 (1980).

## ARGUMENT

### I. Inappropriate objections

Certain objections repeatedly raised by the Intervening Defendant are consistently misapplied. This section discusses these objections in general. Because United Independent also makes relevancy objections to every single interrogatory except No. 1, each of these requests are quoted and discussed below.

#### A. Parties are required to disclose the contentions of fact and of law that they will offer at trial.

The Plaintiffs are permitted to require the Defendants to disclose any "opinion or contention that relates to fact or the application of law to fact" that they may make at trial. Fed.R.Civ.P. 33(c). One of the primary purposes of discovery is to narrow the potential issues at trial by requiring parties to disclose in a binding fashion the contentions of fact and law they will present at trial. The purpose of interrogatories is to limit the positions an opposing party may take at trial, thereby narrowing the issues to be tried. "[T]here is no better example of an admission of a party opponent, which is admissible because it is not hearsay (Fed.R.Evid.801(d)(2)), than an answer to an interrogatory." *Melius v. National Indian Gaming*

*Com'n*, 2000 WL 1174994, *1 (D.D.C. 2000). By failing to respond to discovery, United Independent seeks to leave itself open to surprise the Plaintiffs with undisclosed arguments and evidence at trial.

**B. References to pleadings and unspecified documents in lieu of answering**

United Independent responds to Interrogatories Nos. 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 by simply referring Plaintiffs "to the memoranda of law submitted in this case." No other response is given. For Interrogatory No. 8, United Independent again fails to provide an actual answer and instead refers the Plaintiffs to United Independent's "position, letters and memoranda presented to the DBR dealing with their position." Although United Independent refers Plaintiffs to "their position, letters and memoranda" filed with the DBR, they do not produce copies of these documents and "positions" or provide specific citations. Their co-defendant, Rhode Island has refused to produce copies of these documents. So in addition to refereeing to documents not permitted under Rule 33(d), United Independent also fails to provide copies the documents.

References to pleadings and other non-business records is not a valid response to interrogatories. *See* Fed.R.Civ.P. 33(d); *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577-78 (M.D.N.C. 2002) ("the documents plaintiff intends to use are not business records as required by Rule 33(d). Pleadings, depositions, exhibits, and affidavits which plaintiff intends to use are not Rule 33(d) business records" (footnote omitted)); *Melius*, 2000 WL 1174994, *1 ("A submission by that party's counsel which cross-references pleadings and exhibits is simply not an answer to that interrogatory by that party"). United Independent should be compelled to provide actual answers to Interrogatories Nos. 8 through 19 or be precluded from presenting any evidence or arguments at trial concerning these subjects.

### C. Relevance

For purposes of discovery, the question of relevance is to be read broadly. Evidence need not be admissible to be relevant and thus discoverable. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984). Rule 26(b)(1) states, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." A party objecting to discovery on the grounds of relevancy has a very heavy burden to meet and courts are to error on the side of permitting the discovery. "We do not believe it is either necessary or desirable for a court to attempt to probe sophisticated issues on an undeveloped record. If, at this stage of the proceedings, a lack of materiality is not apparent, then an inquiring court should err, if at all, on the side of liberality." *Resolution Trust Corp. v. North Bridge Assoc.*, 22 F.3d 1198, 1208 (1st Cir. 1994). "Evaluating the potential significance of unknown facts in regard to unadjudicated issues is something of a metaphysical exercise. Consequently, the threshold of materiality at this stage of a case is necessarily low." *Id.* at 1207.

### D. The Defendants bear the burden of supporting their objections

An objecting party bears the burden of demonstrating why the discovery sought should not proceed. *In Re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982); 8 Wright & Miller, Federal Practice and Procedure: Civil § 2214, p 644 (1970).

## II. Relevance

### A. What is the purpose of the amendments?

Under any of the relevant standards of review for Plaintiffs' speech, commercial speech, expressive association, equal protection and commerce clause claims, the Court will be required to analysis the sufficiency of the restrictions' purpose. *See e.g. Turner Broadcasting Sys. v. FCC*, 512 U.S. 622, 642 (1994) (courts must devote "the most exacting scrutiny to regulations

that suppress, disadvantage, or impose differential burdens on speech because of its content"). At trial the Defendants will have to argue that the purpose of the challenged provisions is legitimate, and dependant on the level of constitutional scrutiny applied, that it is substantial, significant or compelling. Plaintiffs have asked all defendants to identify what purpose they will contend at trial to be the actual purpose of the restrictions. They have refused to disclose what their contentions at trial will be. Plaintiffs do not suggest that an intervening defendant can establish an interest other than the actual interest that motivated the State's enactment of the legislation. What Plaintiffs seek is disclosure of what United Independent will contend that interest to be.

> **Interrogatory No. 11.** If it is your contention that §§3-5-10 and/or 3-5-11 (as amended) and/or 3-5-11.1 are supported by either a compelling state interests, or a significant state interest, for each such interest please state: the interest; whether some entity of the State of Rhode Island has made findings concerning that interest; what entity of the State of Rhode Island identified the interest; when the interest was identified; and identify any documents describing or memorializing the interest.
>
> OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the UILR refers plaintiffs to the memoranda of law submitted in this case.

The Court cannot simply accept the interest offered by the State as the actual purpose of the challenged restrictions. *Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1069 (10th Cir. 2001) ("'the government bears the responsibility of building a record adequate to clearly articulate and justify' these state interests").

Even under the lowest level of constitutional review, courts have held such naked protectionism to be unconstitutional. *Craigmiles v. Giles*, 312 F.3d 220, 224 (6th Cir. 2002) ("Courts have repeatedly recognized that protecting a discrete interest group from economic competition is not a legitimate governmental purpose"). Purpose is also a relevant question fact because it dictates that level of constitutional scrutiny the Court will need to apply. *Knights of*

*Columbus*, 272 F.3d at 31 ("To ascertain whether a regulation is content-based, an inquiring court must determine whether it regulates speech because of disagreement with the particular message that the speech conveys").

The following requests seek to uncover evidence of an illicit purpose behind the amendments.

> **Interrogatory No. 20.** Identify any wholesaler, distributor, or supplier of alcoholic beverages that works with, contributes to or is a member of United Independent.
>
> OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.
>
> **Interrogatory No. 21.** State the role of United Independent in the drafting and passage of the Amendments.
>
> OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.
>
> **Document Request No. 5.** All documents concerning the involvement of United Independent in the drafting of the Amendments.
>
> OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.
>
> **Document Request No. 6.** All correspondence between United Independent and the DBR or any other entity or official of the State of Rhode Island.
>
> OBJECTION: Overbroad, irrelevant, immaterial, privileged and not reasonably calculated to lead to the discovery of admissible evidence.
>
> **Document Request No. 7.** All communications between United Independent and any member of the Rhode Island General Assembly.
>
> OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.
>
> **Document Request No. 19.** All communications between United Independent and any wholesaler, distributor or supplier of alcoholic beverages.
>
> OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

As addressed above, simply referring to pleadings is not a permissible response to an interrogatory under Rule 33(d). An actual answer, binding on the Defendant as an admission, and limiting the potential issues at trial by avoiding trial by ambush, is required.

**B. Are the amendments narrowly tailored?**

The next step in the analysis of Plaintiffs' constitutional claims it the tailoring prong of the various heightened scrutiny standards. United Independent refuses to respond to Plaintiffs' interrogatory concerning the sufficiency of the tailoring of the restrictions to the purported purpose.

> **Interrogatory No. 12.** If it is your contention that §§3-5-11 (as amended) and/or 3-5-11.1 are narrowly tailored to achieve any of the interest identified in your answer to Interrogatory No. 12 above, state the basis (see Instruction C above) for that contention.
>
> OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving This objection, the UILR refers plaintiffs to the memoranda of law submitted in this case.

The narrow tailoring analysis is a mixed question of fact and law. *Anderson v. City of Boston*, 375 F.3d 71, 80 (1st Cir. 2004); *Lorillard Tobacco Co. v. Reilly/Altadis U.S.A. Inc. v. Reilly*, 533 U.S. 525, 566 (2001) ("A regulation cannot be sustained if it 'provides only ineffective or remote support for the government's purpose . . . or if there is 'little chance' that the restriction will advance the State's goal"), *quoting, Edenfield v. Fane*, 507 U.S. 761, 770 (1993) and *Greater New Orleans Broadcasting Association v. United States*, 527 U.S. 173, 193 (1999).

**C. "Unclean Hands"**

United Independent's constant argument throughout this litigation has been that the Plaintiffs posse "unclean hands" barring them from equitable relief. Yet when asked to identify

the alleged wrongful acts of the Plaintiffs that they intend to offer at trial, United Independent refuses to do so – arguing that this information would be ***irrelevant***.

> **Interrogatory No. 8.** If you contend that the relationship between W&SR and any liquor store constituted an illegal chain store operation under §3-5-11, as that statute existed prior to the Amendments, state the basis for that contention. Please identify with particularity the provisions of §3-S-11 you believe were being violated and the activities that you contend constituted a violation of those provisions.
>
> OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, as is well know to plaintiffs, The UILR took an active role in complaining about numerous violations by plaintiffs. Plaintiffs' attorneys have in their position, letters and memoranda presented to the DBR detailing that position.

Here again United Independent responds by referring to unspecified pleadings and "positions" taken. No copies of these "position, letters and memoranda presented to the DBR" are provided. No specific citations to these documents made and Plaintiffs' document request seeking these documents was ignored. This is how United Independent responded to interrogatory after interrogatory.

> **Interrogatory No. 9.** Identify each activity or action of W&SR, John Haronian, Douglas Wine & Spirits – Cumberland, Inc., Douglas Wine & Spirits – Cranston, Inc., or Douglas Wine & Spirits North Providence, Inc. that you contend violates §3-5-11 (as amended). In your answer, identify with particularity the provision(s) of §3-5-11 (as amended) that you contend each activity violates.
>
> OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the UILR refers plaintiffs to the memoranda of law submitted in this case.
>
> **Interrogatory No. 10.** Identify each activity or action of W&SR, John Haronian, Douglas Wine & Spirits–Cumberland, Inc., Douglas Wine & Spirits – Cranston, Inc., or Douglas Wine & Spirits North Providence, Inc. that you contend violates §3-5-11.1. In your answer, identify with particularity the provision(s) of §3-5-11.1 that you contend each activity violates.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the UILR refers plaintiffs to the memoranda of law submitted in this case.

**Interrogatory No. 15.** Identify every harm to the public that results from the franchise relationship that existed between the Plaintiffs prior to the enactment of the Amendments.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

**Interrogatory No. 16.** Identify every harm to the public that results from the current relationship between the Plaintiffs.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

**Interrogatory No. 17.** If it is your contention that any part of the Plaintiffs' business practices violate federal or state anti-trust laws, state the basis for that contention (see Instruction C above).

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence; also calls for a legal conclusion. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

United Independent should either be compelled to respond to these interrogatories or be precluded from offering any "unclean hands" evidence at trial. At this point it bears repeating that this case is scheduled for trial in April. This delay by the Defendants until the eve of trial should weight towards preclusion rather compulsion of responses as the more appropriate sanction.

United Independent was equally non-responsive to document requests.

**Document Request No. 1.** All documents evidencing any anti-competitive activities engaged in by the Plaintiffs.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the UILR notes

that such documents appear as joint advertisement in the Providence Journal and have been provided by plaintiffs and others in response to discovery requests and depositions.

**Document Request No. 2.** Any documents evidencing price fixing activities related to the sale of alcoholic beverages by any Plaintiff.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the UILR notes that such documents appear as joint advertisement in the Providence Journal and have been provided by plaintiffs in response to discovery requests.

**Document Request No. 3.** All documents evidencing any unlawful conduct by any of the Plaintiffs.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the UILR notes that such documents appear as joint advertisement in the Providence journal and have been provided by plaintiffs in response to discovery requests.

Which documents are they referring to? No documents were produced with this response and no reference is included to the bates numbers for the documents produced by the Plaintiffs. There is simply no way for the Plaintiffs to know from this response what specific documents the Defendants are refereeing to. Again, the Defendants should be precluded from offering any evidence at trial that was not produced in discovery.

**D. Limits on the Applicability of the challenged statutes**

The Defendants have argued that the restrictions on speech and expressive association contained within the challenged statutes have less impact than argued by the Plaintiffs. The Plaintiffs have propounded a number of interrogatories and document requests to determine what contention the Defendants will make at trial concerning the extent to which the challenged provisions do or do not prohibit the Plaintiffs' activities. Plaintiffs asked the Defendants to state their contentions on this issue and again they refused to do so.

**Interrogatory No. 13.** If you contend that any aspect of the consulting agreements between W&SR and Douglas Wine & Spirits – Cumberland, Inc. (bates numbers

CUMB0084-CUMB0085), Douglas Wine & Spirits – Cranston, Inc. (CRAN0096-CRAN0097), or Douglas Wine & Spirits North Providence, Inc. (NPRV0060-NPRV0061) violate any provision of §3-5-11 (as amended), identify both the specific language of the consulting agreements you contend violates §3-5-11 (as amended) and specific provision of §3-5-11 (as amended) that you contend is being violated.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence; also calls for a legal conclusion. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

**Interrogatory No. 14.** If you contend that any aspect of the consulting agreements between W&.SR and Douglas Wine & Spirits – Cumberland, Inc. (bates numbers CUMBOO84-CUMBOO85), Douglas Wine & Spirits – Cranston, Inc. (CRAN0096-CRAN0097), or Douglas Wine & Spirits North Providence, Inc. (NPRV0060-NPRV0061) violate any provision of §3-5-11.1, identify both the specific language of the consulting agreements you contend violates §3-5-11.1 and specific provision of §3-5-11.1 that you contend is being violated.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence; also calls for a legal conclusion. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

**Interrogatory No. 18.** If it is your contention that the choice of name by which a business identifies itself to consumers is not protected speech, state the basis for this contention (see Instruction C above).

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence; also calls for a legal conclusion. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

**Interrogatory No. 19.** If it is your contention that joint advertising is not protected speech, state the basis for this contention (see Instruction C above).

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence; also calls for a legal conclusion. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

Once again United Independent refers to pleadings rather than answering interrogatories. *Melius*, 2000 WL 1174994, *1 ("A submission by that party's counsel which cross-references pleadings and exhibits is simply not an answer to that interrogatory by that party").

Interrogatories Nos. 13, 14, 18 and 19 to the claims and defenses the Defendants will offer at trial. These interrogatories go to the very heart of this litigation. *See Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 47-50 (1st Cir. 2005). The relevancy objection to these interrogatories is baseless and the refusal to provide actual binding answers by vague references to pleadings is abusive noncompliance with Rule 33.

## III. Witnesses

As recently as March 1, 2006, United Independent has argued to this Court that it posses evidence of the "unclean hands" of the Plaintiffs that it will seek to introduce at trial. Yet, on February 28, 2006, United Independent claimed that it was unaware of any individual knowledgeable about the claims and defenses in this matter.

> **Interrogatory No. 25.** Please identify all persons known to the defendants or the defendants' attorneys with known or believed to have substantial discoverable information about the claims or defenses, together with a statement of the subject and a brief summary of that information.
>
> RESPONSE: None yet; will update before trial.

While refusing to identify any knowledgeable individuals, United Independent indicates that it may still seek to offer witnesses, who it will disclose some time "before trial." Because United Independent has refused to disclose the identify of any potential witnesses, it should be precluded from calling any fact witness at trial without first establishing that that witness was unknown to United Independent as of February 28, 2006 and could not have been discovered by United Independent during a diligent effort to respond to discovery.

## CONCLUSION

After intervening in this matter as a full party, rather than as an amicus, United Independent has taken part in discovery, has presented evidence, and apparently intends to participate fully at trial. Despite this, United Independent has refused to respond to discovery. It has refused to produce even a single document in response to Plaintiffs' document requests and has only answered one interrogatory – giving the name of the individual who "answered" the interrogatories on behalf of United Independent.

The Court should not permit this abusive practice. If United Independent wishes to participate in the trial of this matter as a full party, it must participate in discovery first. United Independent should be compelled to answer Plaintiffs' interrogatories and should be precluded from offering any evidence not produced in discovery.

## REQUEST FOR ORAL ARGUMENT

It is believed that oral argument may assist the Court in its consideration of this motion. One hour of oral argument is respectfully requested.

Respectfully submitted,

WINE & SPIRITS RETAILERS, INC., *et al.*

By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

Dated: March 17, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*
*v.*
STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**CERTIFICATE OF SERVICE**

The undersigned attorney for the Plaintiffs hereby certifies that true copies of the *Plaintiffs' Motion for an Order Compelling Responses to Plaintiffs Document Requests and Interrogatories to Intervening Defendant United Independent Liquor Retailers or in the Alternative to Exclude Undisclosed Evidence* were served upon the following attorneys of record by mail on this 17th day of March, 2006:

Rebecca Partington
Deputy Chief – Civil Division
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Joseph S. Larisa, Jr.
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903

Robert J. Roughsedge #5876