UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC and JOHN HARONIAN, *et al.* | : | |
| Plaintiffs | : | |
| v. | : | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND | : | |
| Defendants | : | |

## OBJECTIONS TO PLAINTIFFS' INTERROGATORIES

Pursuant to Local Rule 13, the United Independent Liquor Retailers of Rhode Island ("UILR"), by and through its attorney, file these objections to the Interrogatories propounded to them by plaintiffs:

1. Please state the name(s), residential address(es), work address(es) and position, and/or job titles of all person(s), other than your attorneys, with whom you conferred and/or consulted in preparing answers to these interrogatories.

RESPONSE: Elliot Fishbein is President of the United Liquor Retailers of Rhode Island. The UILR has objected to these interrogatories through its attorneys.

2. State who created United Independent and for what purpose United Independent was created. Include in your response the name and business address of the individuals and entities participating in the creation of United Independent and identify the role each played in its founding.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

3. Identify officers, founders and members of United Independent from inception to the present. For each, please state: their name, their business address, and their position within United Independent.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, said officers are on file at the Office of Secretary of State.

4. Describe the services United Independent provides to its members.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

5. What benefits does United Independent provide to its members?

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

6. What fees or dues or other monetary contribution is required or requested of the members of United Independent and how are the amounts of said fees, dues or other monetary contribution calculated and collected.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

7. Identify all individuals and entities that have provided financial support to United Independent. For each, state the name of the individual or entity, their business address, and the amount of financial support given to United Independent.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

8. If you contend that the relationship between W&SR and any liquor store constituted an illegal chain store operation under §3-5-11, as that statute existed prior to the Amendments, state the basis for that contention. Please identify with particularity the provisions of §3-5-11 you believe were being violated and the activities that you contend constituted a violation of those provisions.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to

lead to the discovery of admissible evidence. Without waiving this objection, as is well know to plaintiffs, the UILR took an active role in complaining about numerous violations by plaintiffs. Plaintiffs' attorneys have in their position, letters and memoranda presented to the DBR detailing that position.

9. Identify each activity or action of W&SR, John Haronian, Douglas Wine & Spirits – Cumberland, Inc., Douglas Wine & Spirits – Cranston, Inc., or Douglas Wine & Spirits North Providence, Inc. that you contend violates §3-5-11 (as amended). In your answer, identify with particularity the provision(s) of §3-5-11 (as amended) that you contend each activity violates.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the UILR refers plaintiffs to the memoranda of law submitted in this case.

10. Identify each activity or action of W&SR, John Haronian, Douglas Wine & Spirits–Cumberland, Inc., Douglas Wine & Spirits – Cranston, Inc., or Douglas Wine & Spirits North Providence, Inc. that you contend violates §3-5-11.1. In your answer, identify with particularity the provision(s) of §3-5-11.1 that you contend each activity violates.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the UILR refers plaintiffs to the memoranda of law submitted in this case.

11. If it is your contention that §§3-5-10 and/or 3-5-11 (as amended) and/or 3-5-11.1 are supported by either a compelling state interests, or a significant state interest, for each such interest please state: the interest; whether some entity of the State of Rhode Island has made findings concerning that interest; what entity of the State of Rhode Island identified the interest; when the interest was identified; and identify any documents describing or memorializing the interest.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the UILR refers plaintiffs to the memoranda of law submitted in this case.

12. If it is your contention that §§3-5-11 (as amended) and/or 3-5-11.1 are narrowly tailored to achieve any of the interest identified in your answer to Interrogatory No. 12 above, state the basis (see Instruction C above) for that contention.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to

lead to the discovery of admissible evidence. Without waiving this objection, the UILR refers plaintiffs to the memoranda of law submitted in this case.

13. If you contend that any aspect of the consulting agreements between W&SR and Douglas Wine & Spirits – Cumberland, Inc. (bates numbers CUMB0084-CUMB0085), Douglas Wine & Spirits – Cranston, Inc. (CRAN0096-CRAN0097), or Douglas Wine & Spirits North Providence, Inc. (NPRV0060-NPRV0061) violate any provision of §3-5-11 (as amended), identify both the specific language of the consulting agreements you contend violates §3-5-11 (as amended) and specific provision of §3-5-11 (as amended) that you contend is being violated.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence; also calls for a legal conclusion. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

14. If you contend that any aspect of the consulting agreements between W&SR and Douglas Wine & Spirits – Cumberland, Inc. (bates numbers CUMB0084-CUMB0085), Douglas Wine & Spirits – Cranston, Inc. (CRAN0096-CRAN0097), or Douglas Wine & Spirits North Providence, Inc. (NPRV0060-NPRV0061) violate any provision of §3-5-11.1, identify both the specific language of the consulting agreements you contend violates §3-5-11.1 and specific provision of §3-5-11.1 that you contend is being violated.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence; also calls for a legal conclusion. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

15. Identify every harm to the public that results from the franchise relationship that existed between the Plaintiffs prior to the enactment of the Amendments.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

16. Identify every harm to the public that results from the current relationship between the Plaintiffs.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the UILR

refers plaintiffs to the memoranda of law submitted in this case.

17. If it is your contention that any part of the Plaintiffs' business practices violate federal or state anti-trust laws, state the basis for that contention (see Instruction C above).

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence; also calls for a legal conclusion. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

18. If it is your contention that the choice of name by which a business identifies itself to consumers is not protected speech, state the basis for this contention (see Instruction C above).

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence; also calls for a legal conclusion. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

19. If it is your contention that joint advertising is not protected speech, state the basis for this contention (*see* Instruction C above).

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence; also calls for a legal conclusion. Without waiving these objections, the UILR refers plaintiffs to the memoranda of law submitted in this case.

20. Identify any wholesaler, distributor, or supplier of alcoholic beverages that works with, contributes to or is a member of United Independent.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

21. State the role of United Independent in the drafting and passage of the Amendments.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

22. Identify all political contributions made by United Independent, stating to whom the contributions were made and in what amount.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

23. Identify all political contributions made by the members of United Independent, stating to whom the contributions were made and in what amount.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

24. For each expert witness you intend to call to testify in this lawsuit, state:

a. the person's identity, including name, address, profession or occupation, employment history, experience, knowledge, education, training and background;
b. the subject matter on which the expert is anticipated to testify;
c. the substance of the facts and opinions to which the expert is expected to testify;
d. a summary of the grounds of each opinion;
e. the facts relied upon in forming each opinion and/or conclusion;
f. a complete list of all published articles, books, studies or other works authored, in whole or in part, by such witness;
g. for each hearing or trial in which the expert witness has testified state the case name, docket number, court or administrative agency, date(s) of testimony, and for which party the expert witness testified; and
h. a complete bibliography of books, treatises, articles and other works which such witness regards as authoritative on the subject on which he/she will testify.

RESPONSE: No objection; none yet.

25. Please identify all persons known to the defendants or the defendants' attorneys with known or believed to have substantial discoverable information about the claims or defenses, together with a statement of the subject and a brief summary of that information.

RESPONSE: None yet; will update before trial.

UNITED INDEPENDENT LIQUOR
RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 743-4700
(401) 633-7296 (fax)

DATED: February 21, 2006

CERTIFICATION

I hereby certify that I sent by email in pdf format a true copy of the attached Objections to Interrogatories on this 21st day of February 2006 to the following:

Rebecca Tedford Partington #3890 — rpartington@riag.ri.gov
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq. — rroughsedge@lawson-weitzen.com
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736