UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC and JOHN HARONIAN, *et al.* | : | |
| Plaintiffs | : | |
| v. | : | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND | : | |
| Defendants | : | |

## OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Local Rule 13, the United Independent Liquor Retailers of Rhode Island ("UILR"), by and through its attorney, file these objections to the requests for production propounded to them by plaintiffs:

1. All documents evidencing any anti-competitive activities engaged in by the Plaintiffs.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the disovery of admissible evidence. Without waiving this objection, the UILR notes that such documents appear as joint advertisement in the Providence Journal and have been provided by plaintiffs and others in response to discovery requests and depositions.

2. Any documents evidencing price fixing activities related to the sale of alcoholic beverages by any Plaintiff.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the UILR notes that such documents appear as joint advertisement in the Providence Journal and have been provided by plaintiffs in response to discovery requests.

3. All documents evidencing any unlawful conduct by any of the Plaintiffs.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the disovery of admissible evidence. Without waiving this objection, the UILR notes that such documents appear as joint advertisement in the Providence Journal and have been provided by plaintiffs in response to discovery requests.

4. All documents concerning United Independent's lobbying activities.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the disovery of admissible evidence.

5. All documents concerning the involvement of United Independent in the drafting of the Amendments.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

6. All correspondence between United Independent and the DBR or any other entity or official of the State of Rhode Island.

OBJECTION: Overbroad, irrelevant, immaterial, privileged and not reasonably calculated to lead to the discovery of admissible evidence.

7. All communications between United Independent and any member of the Rhode Island General Assembly.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

8. All communications between United Independent and any lobbying firm.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

9. The current and all previous By-Laws of United Independent.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the disovery of admissible evidence.

10. All meeting minutes for United Independent.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

11. All documents reflecting votes of the Board of Directors or other governing body of United Independent.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

12. All annual reports.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

13. All financial statements related to United Independent.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

14. All documents sent to or otherwise provided or made available to the members and supporters of United Independent.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

15. All documents evidencing the membership of United Independent.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

16. All documents evidencing contributions or any form of finical support made to United Independent.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

17. All bank statements related to United Independent.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

18. All documents filed by United Independent with any entity of the State of Rhode Island.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

19. All communications between United Independent and any wholesaler, distributor or supplier of alcoholic beverages.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

20. All documents filed by United Independent with the IRS, including, but not limited to, tax returns and IRS Forms 990, 990EZ, 1023 and/or 1024, including all schedule to form 990 or 990EZ.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

21. Any filing related to Sections 501(c), 509(a), 507(d), and/or 4940 of the Internal Revenue Code.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

22. Any advertisement placed by any member of United Independent or by United Independent itself.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

23. All documents provided to, reviewed by and/or relied upon by any of the experts you intend to call at trial.

OBJECTION: Overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none exist at this time.

UNITED INDEPENDENT LIQUOR
RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 743-4700
(401) 633-7296 (fax)

DATED: February 21, 2006

# CERTIFICATION

I hereby certify that I sent by email in pdf format a true copy of the attached Objections on this 21st day of February 2006 to the following:

Rebecca Tedford Partington #3890 rpartington@riag.ri.gov
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq. rroughsedge@lawson-weitzen.com
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736