**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE & SPIRITS RETAILERS, INC.
and JOHN HARONIAN,
Plaintiffs,

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, and
JEFFREY J. GREER, in his capacity as
the Associate Director of the Department
of Business Regulation, UNITED INDEPENDENT
LIQUOR RETAILERS OF RHODE ISLAND
Defendants,

**<u>OBJECTION</u>**

Now come the Defendants in the above-entitled matter and object to Plaintiff's Motion to Compel Deposition Testimony of Jeffrey J. Greer. A memorandum in support is attached.

Respectfully Submitted,

Defendants
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within Objection, by first class mail, postage prepaid, on this 20th day of March, 2006 to those indicated below:

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
55 Dorrance Street, Suite 301B
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE & SPIRITS RETAILERS, INC.
et al.,

Plaintiffs,

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, et al.

Defendants

**MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMON OF JEFFREY J. GREER**

I. FACTS AND PROCEDURAL HISTORY

Plaintiffs have moved to compel Defendant, Jeffrey J. Greer, in his official capacity as Associate Director of the Division of Commercial Licensing and Racing and Athletics, to answer questions concerning administrative matters pending before the Department of Business Regulation. Defendants have consistently objected to providing this information, both in written discovery and at Greer's deposition. The objections are based on relevance and privilege. This case is, quite simply, a facial constitutional challenge to a statutory amendment. The real reason behind the disputed discovery is for these plaintiffs to gain an advantage at pending administrative hearings. This Court should not allow the discovery mechanism available in the federal courts to be used so that the plaintiffs can get a leg up in administrative proceedings pending at the DBR.

The questions at issue can be segregated into the following categories:

- Whether the DBR has received complaints against the plaintiffs or against rival liquor stores for violations of the statute?

- Whether DBR has conducted an investigation into any such complaints, and, if so, what are the details concerning such investigations?

- If a show cause hearing notice was issued, what was it based on?

- How would the DBR decide hypothetical cases not yet before it, and how do these hypothetical cases differ from what the plaintiffs are doing now?

- Questions concerning actions taken by these plaintiffs and how those actions might possibly violate existing law.

The reason offered at the deposition for asking questions about administrative actions concerning rival Class A license holders is to further what they call their "selective enforcement" claim. As this Court has recently recognized, these plaintiffs have pled no such cause of action, even if such a federally recognized cause of action existed. *See,* "Order Granting Motion to Quash and Denying in Part and Granting in Part Motion for Protective Order", March 9, 2006. The Amended Complaint contains an "unfettered discretion" claim, which states in its entirety: "The enforcement mechanism of §3-5-11's prohibition of chain stores permits unfettered discretion by the DBR in permitting some Class A to engage in the prohibited activities while not permitting others." The phrase "selective enforcement" does not appear in the Amended Complaint. Even if it did, it is questionable whether it is a cognizable cause of action, rather than a defense to an administrative or criminal proceeding. Finally, any such claim would be limited to a review of the statutory language, as pled by the Plaintiffs and as recognized by this Court in its March 9th Order. Thus, the relevance of the information sought is highly questionable, and must be determined before any claim of privilege is examined.

## II. ARGUMENT

The Information Sought is not Relevant

Any inquiry into a discovery issue starts with the requirement that the information sought be relevant. F.R.C.P. 26(b)(1). The State has consistently objected to providing information concerning pending administrative enforcement actions on several grounds, including relevance and privilege. As has been argued previously, this case should be simple and straightforward: a facial challenge against a statute. Any facts concerning pending administrative actions, especially those pending against non-parties, are simply not relevant. The glaring truth is that these plaintiffs are using their discovery requests to further their administrative cases.

The State has produced 30 Orders to Show Cause, issued to plaintiff stores, other Douglas stores, and competitors. These Orders are based on alleged violations of the provisions concerning joint advertising, and the "same name" problem. These Orders are 2-3 pages in length, and set out the allegations leveled by DBR against the Class A license holders.[1] No further information should be compelled from DBR via Greer's deposition or otherwise. It is simply not relevant. Further, to order that such information be produced would require DBR to pre-litigate each of the 30 pending actions, as well as explain why action was not brought in innumerable other cases.[2] This would be extraordinarily burdensome and time-consuming, and would not shed a ray of light on the constitutionality of any provision in the statute. Further, there are ongoing conferences and pending hearings that would be affected by compelling this information. It appears to DBR that the discovery sought in this case is more relevant in the pending

---

[1] A representative Show Cause Order is attached for the Court's reference.
[2] In all, there are 257 Class A license holders.

administrative actions, where there are no such discovery mechanisms available. The United States Supreme Court has stated that "[I]n deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 n. 17 (1978).

The Information Sought is Privileged

As a general policy, government officials should not be subjected to depositions unless there is no alternative source for obtaining the required evidence. United States v. Miracle Recreation Equipment Co., 118 F.R.D. 100, 108 (S.D. Iowa 1987); Amer. Broadcasting Co. v. U.S. Info. Agency, 599 F.Supp. 765 (D.C. Cir. 1984); Cornejo v. Landon, 524 F.Supp. 118 (N.D. Ill. 1981).

In this case, the State allowed Greer to be subjected to a deposition because he is a named party, and because he is the individual with the most knowledge concerning the regulation of liquor sales in Rhode Island. However, that being said, the questioning throughout the bulk of the deposition far surpassed factual inquiries. Rather, counsel repeatedly inquired as to why particular actions were or were not taken, and posed hypothetical questions to Mr. Greer. Permitting unrestricted access to DBR's investigation and administrative information is prohibited by the deliberative process privilege. Federal courts have long recognized a policy against exploring into the mental process of governmental decision makers. N.O. v. Callahan, 110 F.R.D. 637, 642 (D. Mass. 1986); Gomez v. City of Nashua New Hampshire, 126 F.R.D. 432 (D.N.H. 1989). This privilege is known as the "governmental," "executive", or "deliberative process" privilege. Rodgers v. Hyatt, 91 F.R.D. 399, 404 (D. Colorado 1980); Kinoy v. Mitchell,

67 F.R.D. 1, 10-11 (S.D.N.Y. 1975). The purpose of this long-standing privilege is to prevent injury to the quality of governmental decisions. The United States Supreme Court has described the scope and rationale of the privilege as follows:

> the cases uniformly rest the privilege on the policy of protecting the 'decision making process of government agencies and focus on documents' reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decision and policies are formulated.

N.L.R.B. v. Sears Roebuck and Company, 421 U.S. 132, 150 (1975) (citations omitted).

Under the deliberative process privilege, the opinions, recommendations, and evaluations that may or may not have been made by DBR, Jeffrey Greer, or any other individual within the Department cannot be the subject of inquiry. The parties should be precluded from delving into administrative enforcement decisions made during the investigation of a particular matter and the reasoning as to the filing or not filing of an administrative action. Such disclosure would improperly divulge mental process protected by the privilege and seriously impede the continuing ability of the Department to do its job in this area, as well as the myriad of other areas of enforcement tasked to DBR.

The deliberative process privilege promotes candor in internal government deliberations and decisions. The purpose of the privilege is to promote the public interest by encouraging a free flow of communication within the government regarding the formulation of policy. The privilege "encourages frank discussion of ideas and policies, thereby ensuring the quality of governmental decision making." Mobil Oil Corp., v. Department of Energy, 102 F.R.D. 1, 5 (N.D.N.Y. 1983) (citing NLRB. v. Sears, Roebuck & Co., supra.). Administrative officials should not be

considering the possibility that, years later, they will be called to discuss their mental processes when determining whether to bring an enforcement action.

The Court should also note that there has been a long accepted intolerance towards judicial inquiry into the process by which government litigation decisions are formulated. For example, in United States v. American Tel. and Tel. Co., 524 F.Supp. 1381, 1389 (D.D.C. 1981) the court held that United States Justice Department attorneys could not be interrogated as to why they changed their position in a lawsuit. One of the leading cases on this matter is Carl Zeiss Shiftung v. V.E.B. Carl Zeiss, Jenna, 40 F.R.D. 318 (D.D.C. 1966) aff'd sub nom.V.E.B. Carl Zeiss, Jenna v. Clark, 384 F.2d 979 (D.C. Cir. 1967) cert. denied 389 U.S. 952 (1967), where the court notes "the privilege subserves a preponderating policy of frank expression and discussion among those whom rests the responsibility of making the determinations that enable government to operate . . ." Id. at 324. The court went on to note that in order for the department to function adequately, it "must depend heavily upon candid exchange of ideas, not only among its own staff but also, particularly because of the institutional nature of its decisions, with other agencies whose interests are involved. Id. at 324-325.

The deliberative process privilege applies to decisions made by state agencies. In Moorhead v. Lane, 125 F.R.D. 680 (C.D. Ill. 1989), for example, the court described at length the procedure it must follow in order to determine whether a state correctional facility was entitled to deliberative process privilege from discovery in federal courts. Ultimately, it decided that "it is proper to recognize a executive predecisional deliberative process privilege for state agencies. *Id.* at 686. Likewise, in N.O. v. Callahan, 110 F.R.D. 637 (D. Mass. 1986), the court noted that although the

Massachusetts legislature had not expressly created a governmental privilege, its statutory exclusion of certain internal communications from the definition of "public records" together with case law supporting the concept of nondisclosure of mental processes of agency decision makers indicates legislative and judicial acceptance of the theory behind the privilege. Consequently, the court recognized the state mental health facility's claim of privilege as applied to inter-agency memoranda. *Id.* at 642-43. *See also,* City of Colorado Springs v. White, 967 P.2d 1042, 1049 (Colo. 1998) (citing cases). No Rhode Island Supreme Court opinion has been issued on the subject, but the Superior Court considered whether it applied in the case of Woodland Manor III Associates, L.P. v. Keeny, 1995 WL 941473 (R.I. Super. 1995).

Since the information sought is pre-decisional and deliberative, the instant motion should be denied.

The Questions Seek Expert Opinions

Many of the questions posed asked for opinions from Mr. Greer about whether certain activity would violate the law in some unspecified future time period. This is not the function of a discovery deposition, and these questions are extremely inappropriate when asked of a governmental decision-maker. Mr. Greer acknowledged at his deposition that he is not an expert in any of the aspects of the liquor industry. This, too is the type of inquiry prohibited by the deliberative process privilege.

## III. CONCLUSION

This Court must focus the course of this litigation. This case is a constitutional challenge to a statute. It does not matter what administrative enforcement actions are pending pursuant to that statute. The DBR has a privilege against explaining why it did

or did not take action in a particular case. To accept the plaintiffs' argument would needlessly prolong this case, and mandate that each of the 30 pending enforcement actions be examined before this case could proceed. Defendants respectfully request that the instant motion be denied.

Respectfully Submitted,

Defendants
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of the within document, postage pre-paid, first class mail, on this 20th day of March, 2006 to those indicated below:

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
55 Dorrance Street, Suite 301B
Providence, RI 02903