**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE & SPIRITS RETAILERS, INC.,
et al.
Plaintiffs,

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, et al.

Defendants

# OBJECTION

Now come the Defendants in the above-entitled matter and object to Plaintiff's Motion for an Order Compelling Responses to Plaintiffs' Document Requests and Interrogatories to Defendants Rhode Island and Greer or in the Alternative, to Exclude all Documents not Disclosed in Discovery.

Respectfully Submitted,

Defendants
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within Objection, by first class mail, postage prepaid, on this 31st day of March, 2006 to those indicated below:

Melina DiFuzo

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
55 Dorrance Street, Suite 301B
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WINE & SPIRITS RETAILERS, INC.
Et al.
Plaintiffs,

v. C.A. NO. 04-418T

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, and
JEFFREY J. GREER, in his capacity as
the Associate Director of the Department
of Business Regulation, UNITED INDEPENDENT
LIQUOR RETAILERS OF RHODE ISLAND
Defendants,

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR AN ORDER COMPELLING RESPONSES TO PLAINTIFFS' DOCUMENT REQUESTS AND INTERROGATORIES TO DEFENDANTS RHODE ISLAND AND GREER ORIN THE ALTERNATIVE, TO EXCLUDE ALL DOCUMENTS NOT DISCLOSED IN DISCOVERY**

Plaintiffs continue in their quest to have the State provide them with information irrelevant to their claims. They also would have this Court believe that they have pled claims which they have not.

Boundaries need to be set in this case. It is a facial challenge to a statute. It is not some sort of super administrative tribunal to pre-try DBR enforcement actions. The causes of action as set forth in the First Amended Complaint are: Count I—abridgement of freedom of speech (First Amendment); Count II—abridgement of freedom to assemble (First Amendment); Count III—unfettered discretion (First Amendment); Count IV—violation of the Commerce Clause (Article I, §8); Count V—elimination of reasonable investment backed property rights (Fifth Amendment); Count VI—equal protection (Fourteenth Amendment); Count VII—deprivation of rights (42 U.S.C. §1983). Any argument based on violations of the Sherman Act, as argued in Plaintiffs' Motion and Memorandum, should thus not be entertained. Further, the extent of discovery available

or necessary in a facial challenge to a statute should be limited, as the necessary facts are few. The issue is whether the statute, on its face, impermissibly interferes with some constitutionally protected right enjoyed by the Plaintiffs?

Interroagtories

The objectionable interrogatories can be distilled into the following categories:

- Discovery of complaints and allegations filed by these Plaintiffs with the DBR, their status or outcome, and the reasoning for any action taken.
- Discovery of complaints and allegations concerning other Class A license holders, their status and outcome, and the reasoning for any action taken.
- Hypothetical questions about whether particular action taken would violate state law.
- The state interests underlying the statute under attack.
- Legal arguments.

Although Defendants do not believe that information concerning the activities of non-party Class A license holders are in any way relevant, by way of a supplemental document request, DBR has turned over all files regarding enforcement of the statute, post-amendment. They have the facts, but are still not entitled to the reasoning behind the action taken, because of the applicable privileges. *See,* Memorandum in Support of Objection to Compel Testimony of Jeffrey J. Greer.

Document Requests

The document requests were seeking information completely unrelated to any constitutional issues.[1] Some border on the frivolous. For example, Plaintiffs seek "all files of DBR" concerning W&SR, John Haronian, DWS—Cumberland, DWS—Cranston, DWS—North Providence, United Independent, Mineral Spring Liquors, Inc. d/b/a Sac's Mineral Spring Liquors; Centerdale Liquor Store, Inc. d/b/a Sak's Centerdale Liquors & Wine Cellar, Barrington Liquors, Inc., d/b/a Phil Gasbarro Liquors, Murphy's of Pawtucket, and Murphy's of Providence. (Requests No. 13-23). Such "files" would have no probative evidence. All such post-amendment files have been produced. Requests 26-27 concern any documents concerning joint purchasing of alcoholic beverages by any holder of a Class A license, and by any of the Plaintiffs. The request is overly broad and completely irrelevant. Requests 28-30 seeks detailed statistical records that have absolutely no application to the present action.

Requests for Admission

The Requests for Admission suffer from the same malady as the rest of Plaintiffs' discovery—the requests are more appropriate, if at all, in the administrative arena. Requests 17-21 request information about the pre-amendment statute, as well as UILR's role in drafting it. Those are clearly irrelevant. The bulk of the remainder involve actions by Class A license holders not parties to this action. How any action by any other Class A license holder sheds light on the constitutional infirmities pled by these Plaintiffs is a mystery. (Further, the documents concerning DBR's enforcement efforts make these

[1] The State is supplementing its initial discovery requests by producing all of the files concerning all enforcement activity as to all Class A license holders. Although the State remains steadfast in its belief that such material is irrelevant, its production during the administrative portion of this action essentially waived any claim of privilege.

moot). Particularly objectionable is Request no. 37, which seeks to have the State admit to the contents of Christopher Gasbarro's Ante-Nuptual Agreement.

This Court should not force the DBR to pre-litigate the administrative matters now pending before it. Nor should the Court force DBR to give advice to these Plaintiffs as to how to act within the boundaries of the law, or indeed advice as to what that law means. Those issues are for the attorneys to argue, and are not the proper subject of fact discovery. The instant Motion should be denied.

Defendants
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Pa
Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2303
Fax: (401) 222-2995

CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of the within document, postage pre-paid, first class mail, on this 31st day of March, 2006 to those indicated below:

Melina DiFonzo

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Joseph S. Larisa, Jr., Esquire
55 Dorrance Street, Suite 301B
Providence, RI 02903