UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs*,
*v.*
STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**NOTICE OF APPEAL PURSUANT TO LR CV 72 ON PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY OF JEFFREY J. GREER**

Pursuant to LR Cv 72 and 7, the Plaintiffs hereby notice an appeal of a decision denying Plaintiffs' Motion to Compel Deposition Testimony of Jeffrey J. Greer (Document #87).

Plaintiffs move to compel the deposition testimony of the Defendant State of Rhode Island's 30(b)(6) witness, Jeffrey J. Greer. Mr. Greer was instructed not to answer a series of questions relating to the actions of the Department of Business Regulation (DBR) prior to noticing any show cause hearings, on the grounds that the information was privileged under the "deliberative process privilege." The Plaintiffs moved to compel on the basis that no such privilege exits under Rhode Island law. The Magistrate Judge never addressed this issue and instead ruled that the information sought was not relevant to the claims raised by the Plaintiffs.

The Plaintiffs appeal the Magistrate Judge's finding that the Plaintiffs' challenge of §§ 3-5-11 and 3-5-11.1 are limited to facial challenges. The Plaintiffs have from the outset made clear that their challenge is both facial and as applied. The Defendants have acknowledged this. The actions of the State after the date of filing of the complaint make clear that this is not just a facial challenge. Moreover, the law of this Circuit is clear that a government entity may violate the

First Amendment by discriminating in the application of supposedly neutral standards. *See Aids Action Committee of Mass. v. MBTA,* 42 F.3d 1, 10-11 (1st Cir. 1994).

The Plaintiffs rely upon their memorandum of law filed with this notice. A copy of the Magistrate Judge's decision is attached to the memorandum of law as required by LR Cv 72. Plaintiffs request a hearing on this matter lasting approximately thirty minutes.

Dated: April 20, 2006

WINE & SPIRITS RETAILERS, INC., *et al.*
By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WINE & SPIRITS RETAILERS, INC., *et al.*<br>*Plaintiffs,*<br>*v.*<br>STATE OF RHODE ISLAND, *et al.*,<br>*Defendants.* | Civil Action No. 04-418-T |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' NOTICE OF APPEAL PURSUANT TO LR CV 72 ON PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY OF JEFFREY J. GREER**

The Plaintiffs motion to compel should be granted because the deliberative process privilege does not exist and the Plaintiffs' challenge of the statutes is an as applied challenge which requires discovery and evidence on the interpretation and application of the law to the Plaintiffs and those similarly situated.

## I. RELEVANT FACTUAL BACKGROUND.

On December 21, 2005, the Plaintiffs filed a First Amended Complaint against the Defendants, challenging the constitutionality of §§3-5-10, 3-5-11 and 3-5-11.1 of the Rhode Island General laws. Specifically, the First Amended Complaint alleges seven counts: Count I, restrictions on speech in violation of the First Amendment; Count II, restrictions on assembly in violation of the First Amendment; Count III, unfettered discretion in violation of the First Amendment; Count IV, violations of the Commerce Clause; Count V, unconstitutional taking in violation of the Fifth Amendment; Count VI, treatment of similarly situated businesses differently in violation of the Fourteenth Amendment; and Count VII, deprivation of rights in violation of 42 U.S.C. §1983. In addition, on January

18, 2006, the Plaintiffs submitted a Statement Of Elements To Be Proven At Trial, including freedom of speech restrictions (buying and selling of advice, name use, and advertising), discriminatory denial of a fundamental right under the Equal Protection Clause, freedom of association restrictions, selective enforcement/unfettered discretion in violation of the First Amendment, violations of the Commerce Clause (§3-5-10, §3-5-11, and anti-trust violations), and uncompensated taking in violation of the Fifth Amendment. This motion to compel primarily concerns the Plaintiffs discovery of evidence in support of their claims for unfettered discretion and selective enforcement.

On January 13, 2006, the Plaintiffs noticed the depositions of Jeffrey J. Greer and the State of Rhode Island, requesting a deponent for certain topics identified on a Schedule A. See Deposition Notices, attached as Exhibit A. Jeffrey J. Greer was offered by the State to testify on specific topics on the Schedule A. Accordingly, on February 2, 2006, the Plaintiffs deposed Jeffrey J. Greer in his capacity as the Associate Director of the Department of Business Regulation and as a witness for the State.

During the deposition of Mr. Greer, he was instructed not to answer certain questions regarding the Rhode Island Department of Business Regulation's process before the point at which a show cause hearing is noticed. The instructions not to answer by the Defendants' counsel are as follows:

> Mr.
> Greer, since the amendment to 3-5-11, can you
> identify any license holders that the DBR has
> initiated a show cause hearing or held a show
> cause hearing against?
> MS. PARTINGTON: I would just
> instruct him any show cause in past is okay
> to answer. **Anything pre show cause we'll go**
> **on to assert a privilege to.** That question

is fine.

(Deposition of Greer, p. 31).

MR. ROUGHSEDGE: We've marked Exhibit 2-A through M and while we were off the record, we had a brief discussion about potential privacy interests of the individuals against whom these complaints are directed. I'm going to give counsel a chance to take a look at the exhibits and identify who -- or any individuals that you believe you represent.

(Pause In Proceedings)

MR. LARISA: Mr. Roughsedge, after reviewing Exhibit 2-A through 2-M, **I would object to any discussion pre show cause hearing based on clients who I believe are members of my client,** the United Independent Liquor Retailers of Rhode Island, Exhibit 2-L, 2-G, 2-C, and 2-B unless such time as there has been a show cause hearing with

0035

respect to any of the Class A retailers complained of in the liquor complaint forms.

MS. PARTINGTON: Just for the record, **we state that we consider all such complaint forms confidential and privileged and you can mark whatever you want an exhibit to this deposition, but by your making it an exhibit does not waive any confidentiality of or privilege the state holds.**

(Deposition of Greer, pp. 33-35).

Q Mr. Greer, looking at Exhibit 2-L, has a show cause hearing been noticed or held for either of the license holders listed?

MS. PARTINGTON: Objection to form and **I'd ask him not to answer based on this exhibit.** If you can ask him about a particular store name because again, this is confidential. I don't even want him talking about it. So if you could rephrase the question, just rephrase it.

(Deposition of Greer, pp. 37-38).

Q How do you decide which store out of all the stores named Haxton's to issue a show cause for?

MS. PARTINGTON: **I'm going to object and instruct him not to answer on the**

**grounds of privileged delivered process and law enforcement.** I told you --

Q Well, have you taken any action against the other Haxton's?
MS. PARTINGTON: Objection, **instruct him not to answer, same reasons.**
Q Having received -- you received those complaints that are marked 2-A through M?
MS. PARTINGTON: Objection. **Don't answer, same reasons.**
MR. ROUGHSEDGE: You can't even say that you received them?
MS. PARTINGTON: No. They're
0042
not public documents.

(Deposition of Greer, pp. 41-42).

Q The ones -- the stores that you've identified for which a show cause hearing has been noticed, was that action taken based on the complaints identified in Exhibit 2-A through M?
MS. PARTINGTON: **I'm going to object and instruct him not to answer; same**
**0047**
**reasons.**
MR. ROUGHSEDGE: I don't know if I asked this. Let me get this on the record.
Q Did you take any action against any of the businesses identified in Exhibit 2-A -- complained of in Exhibit 2-A through M?
MS. PARTINGTON: **Objection, form and the privileges. I'd instruct you not to answer.**

(Deposition of Greer, pp. 46-47).

Q Mr. Greer, what are the stores doing business as Douglas and People's doing now that is in violation of -- in your opinion in violation of the law?
MS. PARTINGTON: Objection, privilege and don't -- I'm asking him not to speculate and if there are any complaints pending prior to the show cause stage, **I am going to instruct him not to answer.**

(Deposition of Greer, p. 72).

Q Mr. Greer, looking at Exhibit 4, I represent to you this is an ad that was placed this past weekend in the Providence Journal. Is that a common or coordinated advertisement?
MS. PARTINGTON: Objection to form and I would ask you not to speculate.
MR. LARISA: And I would object on the grounds that you're not answering whether these ads are placed in all of the People's Liquor Warehouses on the shelves for customers to see.
MR. ROUGHSEDGE: What?
MR. LARISA: The question arises as you know when complaining about a common advertisement, Mr. Roughsedge, of whether these identical ads with the identical products and identical prices are at all four
0079
Liquor Warehouse locations, which would be presumably a major factor in whether this is a common or coordinated advertisement with one or more Class A liquor retailers.
MS. PARTINGTON: I think at this point, we're starting to go down a road where you're starting to ask one of the ultimate decision-makers for a legal opinion about an ad that may or may not have been placed yet. We don't know anything about it. To get him to --
MR. ROUGHSEDGE: I just represented it was.
MS. PARTINGTON: -- to predetermine whether it complies with the law or not, I think that's incredibly inappropriate in that action.
MR. ROUGHSEDGE: I'll make a representation that it was already placed.

Q Does this ad violate current law?
MS. PARTINGTON: I'm going to instruct you not to answer that.

(Deposition of Greer, pp. 78-79).

Q Isn't it true, sir, that you required for a time Douglas to get pre-approval of all advertisements before they were put anywhere?
A I believe I remember that.
Q So --
A But people -- he did not come to me. The question was -- the question that -- the answer that's got you questioning my response was do people come to me to ask me for approvals of the ads --
Q So you --
A -- pre-approval. The answer is
0083
no to that question.
Q So you used your authority and your position to order the Douglas stores to come to you for pre-approval of the ads?
A At one point in time, yes.
Q So I'm showing you Exhibit 4. Do you approve of this ad or not approve of this ad?
MS. PARTINGTON: Don't answer that.

(Deposition of Greer, p. 82).

Q Why is that any different than Douglas Wine & Spirits of Cranston and Douglas Wine & Spirits of North Providence?
MS. PARTINGTON: **I'm going to object and instruct him not to answer. You're getting into his thought process and that's privileged.**
MR. ROUGHSEDGE: His thought process? It's the state we're dealing with here. We have to --
MS. PARTINGTON: **It's the deliberative process privilege.**
MR. ROUGHSEDGE: There has to be a rational scheme of why one is bad and one isn't.
MS. PARTINGTON: **It's the deliberative process privilege; that's what I'm asserting.**

(Deposition of Greer, p. 116).

Q Does the person running the store as Joe Smith's Liquors, do they have to
0117

own it as a person, not a corporation?
A No.
Q Why not?
MS. PARTINGTON: **Objection, same instruction. Don't answer that.**
Q So if the sole shareholder of Douglas Wine & Spirits North Providence changed her name to Douglas, would that be allowed to stay?
MS. PARTINGTON: **Don't answer that.**
MR. ROUGHSEDGE: Don't answer that?
MS. PARTINGTON: Right.

(Deposition of Greer, pp. 116-117).

Despite an initially unclear assertion of privilege, the Defendants eventually asserted the "deliberative process privilege" as grounds for withholding all information concerning Mr. Greer's knowledge of any action taken by the Department of Business Regulations before a show cause hearing is noticed.

Several weeks later, the DBR answered interrogatories in a show cause proceeding pending before the DBR in no deliberative process privilege was claimed. The answers, attached hereto as Exhibit B, were signed by Mr. Greer and identified what were the other stores with similar names, what names changes were approved and why. Upon bringing this to the State's attention, the State supplemented its answers to discovery and provided the same information in this case. There remains no valid objection or reason not to allow the Plaintiffs to inquire into these areas at deposition.

## II. ARGUMENT.

### a. The Defendants Bear The Burden Of Showing Why Mr. Greer's Testimony Should Not Proceed.

Evidence need not be admissible to be relevant, and thus discoverable. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30(1984). Fed. R. Civ. P. 26(b)(1) states, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

party." During Mr. Greer's deposition, the Defendants' counsel instructed him to not answer specific questions regarding the DBR's pre-show cause hearing investigation, asserting the "deliberative process privilege." As discussed below, this privilege is not applicable.

Fed. R. Civ. P. 37(a) provides the enforcement mechanism for "disgorging" discovery as it allows a party to compel answers and responses from another party who, with or without stated objections, fails to afford the discovery sought. Fed. R. Civ. P. 37(a)(3) makes it clear that parties have the right to adequate answers and responses while 37(a)(4) allows sanctions against parties who unjustifiably resist providing such discovery. Notes of Advisory Committee on Rules, 1970 Amendment to Fed. R. Civ. P. 37.

Finally, the objecting party bears the burden of demonstrating why the discovery sought should not proceed. See *In Re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982). See also, 8 Wright & Miller, Federal Practice and Procedure: Civil § 2214, p 644 (1970). Therefore, the Defendants bear the burden of showing why Mr. Greer should not testify about matters relating to the DBR's pre-show cause hearing investigations.

**b. The Deliberative Process Privilege Is Not Applicable To Mr. Greer's Testimony under Rhode Island law.**

The State could not produce a single case supporting its claim that there exists a deliberative process privilege under Rhode Island law. At the hearing before the Magistrate Judge, the Assistant Attorney General claimed that the State often claims this privilege in court and sometimes the claim of privilege is successful. The Magistrate Judge does not cite to any case law on the claimed privilege and apparently did not rely on this privilege in the holding.

**c. The Deliberative Process Privilege Cannot Be Asserted By Defendants' Counsel As Grounds To Prevent His Deposition Testimony.**

As identified above, the Defendants' counsel instructed Mr. Greer not to answer certain questions, asserting the "deliberative process privilege." However, "the claim of deliberative process privilege must be lodged by the head of the agency after personal consideration of the allegedly privileged material." *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 641 (S.D.N.Y.1991), citing, *Mobil Oil Corp. v. Department of Energy*, 102 F.R.D. 1, 5 (N.D.N.Y.1983). See also, *NLRB v. Sears*, supra 421 U.S. at 152 & n.9. The head of the agency may only assert such a privilege if he or she issues guidelines on the use of the privilege. *Id.* "The assertion of the privilege by an attorney is therefore improper." *Id.*, citing, *Coastal Corp. v. Duncan*, 86 F.R.D. 514, 519 (D.Del.1980). The DBR did not assert the privilege, nor did it issue "guidelines on the use of the privilege." In fact, the DBR has since provided the information. Assuming there ever was such a privilege, the DBR has waived it. The State acknowledges this waiver of privilege in footnote one of the State's Memorandum of Support of Objection to the motion appealed (Document #93).

**d. The Plaintiffs' Challenge to the Statutes is Both Facial and As Applied.**

When this case was first filed, the law had not yet taken effect. But this does not mean that the Plaintiffs cannot challenge the statute on an as applied basis. Notice pleading is all that is required and "[a]ll pleadings shall be so construed as to do substantial justice." Fed.R.Civ.P.8(f). Even before its involvement in this case, the Defendant/Intervenors UILRRI was fully aware that the challenge was as applied. In its motion to intervene, the UILRRI states as reason to allow its intervention:

> Perhaps most importantly, plaintiffs appear to be making a as applied, as oppose to a facial challenge to the subject statutes. As such, the facts surrounding plaintiffs' business

> practices become of vital importance. The UILR has unique knowledge of plaintiffs' business practices, its members having been the direct victims of those practices.

Memorandum in Support of Motion of United Independent Liquor Retailers of Rhode Island to Intervene as Party Defendant, p.8 (Document #15).

After the §§3-5-11 and 3-5-11.1 went into effect, the Plaintiffs' legal relationships changed from Franchisor/Franchisee to Consultant/Client. The First Amended Complaint makes clear that the Plaintiffs did not change their relationships voluntarily. Subsequent and continuing actions by the State make clear that the statutes are affecting the Plaintiffs. At the hearing, the Plaintiffs presented the Magistrate Judge with a letter from Mr. Greer ordering one of the Plaintiffs to cease and desist from any future joint advertising. *See* Exhibit C. The DBR has also commenced two separate show cause proceedings to enforce the statutes against the Plaintiffs. *See* Exhibit D, representative show cause notices. The DBR has opined that it will consider a store a chain in violation of the law solely on the basis of "sharing the same name, even if they do not otherwise violate any of the other edicts of the statute." *See* Exhibit E. There is no longer any speculation about whether the Plaintiffs will be harmed by this law.

Even if this Court determines that these claims are not within the current pleadings, amendment of the complaint to conform to the evidence or supplement the pleadings is "freely given when justice so requires." Fed.R.Civ.P. 15. The Federal Rules on such matters were liberalized because "plaintiffs have sometimes been needlessly remitted to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief." *See* Fed.R.Civ.P. 15, Advisory Committee Notes (1963 Amendment). There is no need to require the instant Plaintiffs to file another lawsuit.

**e. The First Circuit Allows a Review of the Factual Application of the Law in Determining whether the Agency Employed Unfettered Discretion.**

The interpretation of these statutes as applied to the Plaintiffs and a comparison of the statutes application to other Class A licensees is relevant to this Court's determination of unfettered discretion. *See Aids Action Committee of Mass. v. MBTA,* 42 F.3d 1, 10-11 (1st Cir. 1994). Even supposedly neutral standards are unconstitutional if the agency discriminates in its application. *See id.* In order to prove this claim, the Plaintiffs must be allowed to gather and present evidence of the application of these statutes to themselves and others similarly situated.

## III. CONCLUSION.

Wherefore, this Court should grant the Plaintiffs' appeal of the decision attached hereto as Exhibit F as required by LR Cv 72 and grant the Plaintiffs' motion to compel, ordering Mr. Greer to testify about the DBR's pre-show cause hearing information and enforcement actions.

Dated: April 20, 2006

WINE & SPIRITS RETAILERS, INC., *et al.*
By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*

*v.*

STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**CERTIFICATE OF SERVICE**

The undersigned attorney for the Plaintiffs hereby certifies that true copies of Notice of Appeal Pursuant to LR Cv 72 on Plaintiffs' Motion to Compel Deposition Testimony Of Jeffrey J. Greer were served upon the following attorneys of record by United States first class mail, postage prepaid on this 21st day of April 2006:

Rebecca Partington
Deputy Chief – Civil Division
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Joseph S. Larisa, Jr.
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903

Michael Williams (*pro hac vice*)