UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC., and JOHN HARONIAN, et al., Plaintiffs, | : | |
| v. | : | |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as the Associate Director of the Rhode Island Department of Business Regulation, Defendants, | : | CA 04-418 T |
| and | : | |
| UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND, Defendant-Intervenor. | : | |

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFFS' MOTION TO COMPEL**

Before the Court is Plaintiffs' Motion to Compel Deposition Testimony of Jeffrey J. Greer (Document ("Doc.") #87) ("Motion to Compel" or "Motion"). Defendants State of Rhode Island and Providence Plantations and Jeffrey J. Greer (the "State Defendants") have filed an objection to the Motion. See Objection (Doc. #90). A hearing was held on April 6, 2006. After listening to oral argument, reviewing the memoranda submitted, and performing independent research, the Court concludes that the Motion should be denied for the reasons stated below.

By the Motion, Plaintiffs seek to compel Jeffrey J. Greer ("Mr. Greer"), an associate director of the Rhode Island Department of Business Regulation, to answer certain questions which he declined to answer at his February 2, 2006, deposition

based on the "deliberative process privilege."[1] Motion at 1. According to Plaintiffs, "[t]he answers to these questions are crucial to the Plaintiffs' claims that the DBR renders decisions with unfettered discretion and that the DBR selectively enforces Sections 3-5-10, 3-5-11 and 3-5-11.1 in violation of the Equal Protection clause." Motion at 8; see also id. at 10 ("This information is critical to the Plaintiffs' claims for unfettered discretion and selective enforcement.")(footnote omitted). Thus, in Plaintiffs' view, the Motion to Compel "primarily concerns the Plaintiffs['] discovery of evidence in support of their claims for unfettered discretion and selective enforcement." Id. at 2.

Fed. R. Civ. P. 26(b)(1) provides that: "Parties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party ...." Fed. R. Civ. P. 26(b)(1). However, this Court has previously expressed doubt that Plaintiffs have pled a selective enforcement claim. See Order Granting Motion to Quash and Denying in Part and Granting in Part Motion for Protective Order (Doc. #85) ("Order of 3/9/06") at 3-4; id. at 4 n.4. As Plaintiffs rely heavily on this claim as a basis for granting the instant Motion, see Motion at 2, 8, 10, the Court now addresses the question directly. Having closely examined the Amended Complaint, I find that Plaintiffs have not pled a selective enforcement claim and that such claim is not

[1] Plaintiffs state that the questions relate "to the actions of the Department of Business Regulation (DBR) prior to noticing any show cause hearings ...." Plaintiffs' Motion to Compel Deposition Testimony of Jeffrey J. Greer ("Motion to Compel" or "Motion") at 1. Describing them somewhat differently, Defendants State of Rhode Island and Providence Plantations and Jeffrey J. Greer (the "State Defendants") contend that the questions concern administrative matters pending before the DBR. See Memorandum in Support of Objection to Plaintiffs' Motion to Compel Deposition Testimony of Jeffrey J. Greer at 1. In order that the questions be available for review in the event of an appeal of this Memorandum and Order, the Court has directed that the copy of Mr. Greer's deposition which was presented at the April 6, 2006, hearing be marked as Hearing Exhibit A.

part of the instant action. See Amended Complaint (Doc. #61). The Amended Complaint fails to allege the necessary elements of a selective enforcement claim. See id.; see also Barrington Cove Ltd. P'ship v. Rhode Island Hous. & Mortgage Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001) (stating elements of selective treatment/ enforcement claim) (citing Rubinovitz v. Rogato, 60 F.3d 906, 909-10 (1st Cir. 1995)); Yerardi's Moody St. Rest. & Lounge, Inc. v. Bd. of Selectmen of Randolph, 932 F.2d 89, 92 (1st Cir. 1991) (quoting LeClair v. Saunders, 627 F.2d 606, 609-10 (2nd Cir. 1980)). Accordingly, to the extent that Plaintiffs contend the discovery sought is relevant to their claim for selective enforcement, such argument is rejected as Plaintiffs have not pled such a claim.

Turning to Plaintiffs' contention that the discovery is relevant to their alleged "claims that the DBR renders decisions with unfettered discretion ...," Motion at 8, the Court similarly finds that no such claims are pled in the Amended Complaint, see Amended Complaint. What the Amended Complaint alleges is that the challenged statute "permits unfettered discretion by the DBR in permitting some Class A [license holders] to engage in the prohibited activities while not permitting others," id. ¶ 25, and that "[t]his unfettered discretion in the permitting or prohibiting of the First Amendment activities described above[2] renders §3-5-11 unconstitutional," id. ¶ 26. In the Court's view, Plaintiffs' Amended Complaint is a facial attack on the constitutionality of the statute, and the determination of whether the statute is constitutionally deficit because it permits unfettered discretion by the DBR can be determined from

---

[2] The Amended Complaint's reference to "the First Amendment activities described above ...," Amended Complaint ¶ 26, appears to refer to "the rights of speech and association," id. ¶ 2; see also id. ¶¶ 23-24.

an examination of the statute itself. See Order of 3/9/06 at 4 n.4 (so stating); see also Forsyth County, Georgia v. Nationalist Movement, 505 U.S. 123, 133 n.10, 112 S.Ct. 2395, 2403 n.10, 120 L.Ed.2d 101 (1992)("[T]he success of a facial challenge on the grounds that an ordinance delegates overly broad discretion to the decisionmaker rests not on whether the administrator has exercised his discretion in a content-based manner, but whether there is anything in the ordinance preventing him from doing so."); see also Gen. Elec. Co. v. Johnson, 362 F.Supp.2d 327, 337 (D.D.C. 2005)("[A] facial challenge to the text of a statute does not typically require discovery for resolution because the challenge focuses on the language of the statute itself.")(citing Cafe Erotica of Florida, Inc. v. St. Johns County, 360 F.3d 1274, 1282 (11th Cir. 2004); New Hampshire Motor Transp. Ass'n v. Rowe, 324 F.Supp.2d 231, 232 (D. Me. 2004)("discovery ... [on state statute] not necessary to a ruling on a facial preemption challenge))(second and third alterations in original); cf. Shuttlesworth v. City of Birmingham, 382 U.S. 87, 93, 86 S.Ct. 211, 214, 15 L.Ed.2d 176 (1965)(stating that literal terms of ordinances at issue were "so broad as to evoke constitutional doubts of the utmost gravity"); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1357 (9th Cir. 1984)(noting that city ordinance which grants officials unfettered discretion to restrict speech "is constitutionally objectionable on its face").

Plaintiffs have already deposed Mr. Greer at considerable length, see Hearing Exhibit A, and there are at most only a few questions which were not answered on grounds of the deliberative process privilege and which arguably pertain to the issue of unfettered discretion, see id. Given that this issue is capable of being determined by referring to the statute itself, the Court declines to order that Mr. Greer submit to another deposition. Accordingly, the Motion to Compel is DENIED.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
April 11, 2006

BY ORDER:

Deputy Clerk