STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
DEPARTMENT OF BUSINESS REGULATION
233 RICHMOND STREET
PROVIDENCE, RHODE ISLAND 02903

| | |
|---|---|
| **IN THE MATTER OF** | |
| **Liquor Depot East Providence, Inc.**<br>**d/b/a Douglas Wine & Spirits –**<br>**East Providence, Inc.** | **DBR No. 05-L-0232** |
| **RESPONDENT.** | |

## ORDER TO SHOW CAUSE, NOTICE OF HEARING AND APPOINTMENT OF HEARING OFFICER

Pursuant to R.I. Gen. Laws § 3-5-21 and § 42-35-9, the Director of the Department of Business Regulation ("Department") hereby issues this Order to Show Cause, Notice of Hearing, and Appointment of Hearing Officer ("Order") to Liquor Depot East Providence, Inc., ("Respondent") requiring Respondent to appear before the Department and to answer why the Director of the Department should not issue an order suspending or revoking Respondent's license and/or impose an administrative penalty and/or issuing whatever penalty is determined to be appropriate pursuant to R.I. Gen. Laws § 3-5-21. In addition, the Director withdraws his Order to Show Cause, DBR No. LCA-EP-05-29, dated April 19, 2005.

The Director issues this Order for the following reasons:

1. Respondent holds a Class A license for the retail sale of alcoholic beverages pursuant to R.I. Gen. Laws § 3-7-3.

2. R.I. Gen. Laws § 3-5-21 provides that every license is subject to revocation or suspension and a licensee is subject to fine by the Department, on its own motion,

for breach by the holder of the license of the conditions on which it was issued or for violation by the holder of the license of any statute, rule or regulation applicable.

3. R.I. Gen. Laws § 3-5-11(a) provides:

> [Class A licenses] shall not be granted, issued, or transferred to or for the use of any "chain store organization," which term shall consist of any chain of retail or wholesale business or business organizations, and more specifically defined herein, including, without limitation, grocery stores, markets, department stores, and convenience stores, as well as retailers of alcoholic beverages, and which include chains in which one or more stores are located outside of the state.

4. R.I. Gen. Laws § 3-5-11(b)(1)(ii) defines the term "chain store organization" as, *inter alia*, any group of one or more holders of Class A liquor licenses who engage in one or more of the following practices with respect to the business conducted under such licenses, either directly or indirectly, or have any direct or indirect beneficial interest in the following practices:

(i) Common, group, centralized or coordinated purchases of wholesale merchandise.

(ii) Common billing or utilization of the services of the same person or the same entity in the management or operation of more than one liquor licensed business.

(iii) Participation in a coordinated or common advertisement with one or more liquor licensed business in any advertising media.

(iv) Coordinated or common planning or implementation of marketing strategies.

(v) Participation in agreed upon or common pricing of products.

5. Additionally, R.I. Gen. Laws § 3-5-11(b)(3) provides that the Department can find that any group of one or more license holders is a "chain store organization" as a factual matter after an evidentiary hearing.

5. Following the U.S. Court of Appeals for the First Circuit's affirmation of the U.S. District Court's refusal to enjoin the enforcement of R.I. Gen. Laws § 3-5-11, the Department sent Bulletin #2005-2 to Respondent on September 21, 2005, which provided notice to all Class A licensees of prohibited practices under R.I. Gen. Laws § 3-5-11 and of the Department's obligation to enforce the law.

6. Rule 30 of Commercial Licensing Regulation 8 requires Class A license holders to keep liquor invoices on the licensed premises for one (1) year from the date of each bill of sale or sales slip and make them available for inspection by the Department at all times.

7. During an inspection conducted on October 26, 2005, at Respondent's retail store located at 1235 Wampanoag Trail, East Providence, Rhode Island, Respondent did not have its liquor invoices on its premises. When asked where the invoices were, an employee of Respondent stated they were kept at the "corporate office" at 1405 Douglas Avenue, North Providence, Rhode Island.

8. Through its inspection process, the Department learned that certain other Class A license holders also keep their invoices at 1405 Douglas Avenue, North Providence, Rhode Island.

9. Maintaining and housing its invoices at an off-site location with other, similarly-named Class A license holders indicates that Respondent engages in centralized or coordinated purchases, common billing, and the utilization of services of an entity that manages or operates more than one Class A licensed business.

10. In an inspection conducted on October 26, 2005, at Respondent's retail store located at 1235 Wampanoag Trail, East Providence, Rhode Island, the

Department found an advertising flyer that was nearly identical in layout and content to advertising flyers found in the retail stores of other Class A license holders.

11. This advertising flyer evidences Respondent's participation in a coordinated marketing strategy, one that uses a common advertisement with agreed-upon pricing of products with one or more Class A licensed business.

12. Based on the foregoing, the Director has reason to believe that Respondent is part of a chain store organization and therefore is not in compliance with R.I. Gen. Laws § 3-5-11.

Accordingly, pursuant to R.I. Gen. Laws § 42-6-8, the Director orders Respondent to appear before a Hearing Officer at the Department on **November 17, 2005 at 2:30 a.m. at the Department of Business Regulation**, located at 233 Richmond Street, Providence, Rhode Island 02903, for a prehearing conference pursuant to Rule 5 of the Rules of Practice and Procedure in Administrative Hearings before the Department of Business Regulation and on the Notice to show cause why the Director should not order Respondent to cease and desist the prohibited practices referenced above and issue Respondent a fine in an amount not to exceed $10,000 pursuant to R.I. Gen. Laws § 3-5-11(b)(4).

The Director hereby appoints Neena Sinha Savage, Esq., as Hearing Officer for the purpose of conducting the hearing and rendering a decision in this matter. The proceedings shall be conducted in conformity with R.I. Gen. Laws §§ 42-35-1, *et seq*.

Dated this 4th day of November, 2005.

A. Michael Marques
Director

**CERTIFICATION**

I hereby certify that on this 4th day of November, 2005, a copy of this Order to Show Cause, was sent by first class mail postage prepaid and certified mail to Christopher Aldcroft, Liquor Depot East Providence, Inc., 1405 Douglas Avenue, North Providence, Rhode Island 02904, and by hand delivery to Neena Sinha Savage, Department of Business Regulation, 233 Richmond Street, Providence, Rhode Island 02903.