UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*

*v.* Civil Action No. 04-418-T

STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

**PLAINTIFFS' MOTION to EXCLUDE any ARGUMENT and EVIDENCE PURPORTING to SHOW "UNCLEAN HANDS"**

The Plaintiffs move this Honorable Court for an order excluding any evidence or argument at trial that purports to establish the "unclean hands" of the Plaintiffs. The defense of unclean hands is not a valid defense to the constitutional claims brought by the Plaintiffs. Additionally, the Defendants' discovery responses fail to provide any evidence in support of this theory. This motion should be granted for the reasons stated in the *Memorandum In Support of Plaintiffs' Motion to Exclude any Argument and Evidence purporting to show "Unclean Hands"*.

REQUEST FOR ORAL ARGUMENT

It is believed that oral argument may assist the Court in its consideration of this motion. One half hour of oral argument is respectfully requested.

Dated: June 9, 2006

Respectfully submitted,

WINE & SPIRITS RETAILERS, INC., *et al.*

By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*
*v.*
STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**MEMORANDUM IN SUPPORT of PLAINTIFFS' MOTION to EXCLUDE any ARGUMENT and EVIDENCE PURPORTING to SHOW "UNCLEAN HANDS"**

## INTRODUCTION

Pursuant to the invitation by this Court to narrow the issues and likely areas of testimony at trial, the Plaintiffs move to exclude the irrelevant arguments of the Defendants on the equitable unclean hands doctrine.

The Defendants' unclean hands arguments are fatally defective in to two key respects. First, these arguments are based on the presumption that the challenged restrictions are constitutional. Engaging in a constitutionally protected activity is not an "unclean" act. If the various restrictions are constitutional, then the Plaintiffs will loss this case and the statute can be enforced against them. If the restrictions are *not* constitutional, then the statutes are unenforceable and the unclean hands defense must fail.

Second, these arguments ignore the fact that Plaintiffs *have* changed their business practices in an effort to comply with the new statute. To date, the DBR has not found any of the Plaintiffs' current business practices, with the exception of their continued use of their trade

names, to be in violation of the new restrictions.[1] See *Rhode Island's Responses to Second Request For Admissions*, No. 61 ("DBR has never made a finding that the Plaintiffs' operations constitute an illegal chain store operation. **Response:** As of this date, it is admitted that no formal finding has been made" (this response pre-dates the May 24, 2006 decision concerning Plaintiffs' names)). In fact, both the State and the Interveners have acknowledged that the terms of the new consulting agreements entered into by the Plaintiffs following the denial of their request for a preliminary injunction at the outset of this litigation do not violated §§3-5-11 or 3-5-11.1.

> If you contend that any aspect of the consulting agreements between W&SR and Douglas Wine & Spirits - Cumberland, Inc. (bates numbers CUMB0084-CUMB0085), Douglas Wine & Spirits - Cranston, Inc. (CRAN0096-CRAN0097), or Douglas Wine & Spirits N. Providence, Inc. (NPRV0060-NPRV0061) violate any provision of §3-5-11 (as amended), identify both the specific language of the consulting agreements you contend violates §3-5-11 (as amended) and specific provision of §3-5-11(as amended) that you contend is being violated.
>
> **Response:** At this time, in conjunction with this litigation, I am making no such contention. I first saw this agreement on May 3, 2006, and have not yet reviewed it thoroughly. On paper, the agreement may not be a violation.

*Supplemental Response of Defendants, Jeffrey Greer and the State of Rhode Island to Plaintiffs' Interrogatories*, No. 15.

Consideration of an unclean hands defense would require this Court to place itself in the role of the administrative agency charged with enforcing these statutes. This Court would have to engage in fact finding normally left to Rhode Islands liquor regulators. This would entail the

---

[1] The DBR is reviewing the changes made by the Plaintiffs in order to determine if they are in compliance with the new restrictions. On May 24, 2006, the DBR concluded that the trade names used by the Plaintiffs stores is in violation of the name use restriction. This decision does not find that the Plaintiffs stores have engaged in any violation of §§3-5-11 or 3-5-11.1 other than through their speech (*i.e.* their use of similar trade names). The Plaintiffs have already indicated their intention to timely appeal this decision. The DBR is also reviewing other aspects of the Plaintiffs' business practices in order to determine if they violate the new restrictions, but has not set a date for hearing or briefing.

presentation of evidence, by both sides, concerning whether the action of the individual stores comply, or not comply, with the amended provisions. Rather than a trial on the constitutionality of the challenged statutory provisions, this Court would find itself conducting an administrative hearing. There is no reason for the Court to adopt such a role.

If the restrictions are constitutionally permitted, then the DBR will be in a position to enforce those provisions against the Plaintiffs, a process it has already begun. If the Plaintiffs are lying about the manner in which they conduct business and are engaging in some unlawful business activities, a proposition the Defendants have not supported in discovery, then the DBR is free to take appropriate enforcement action. Put simply, this is not the right forum to bring such complaints.

## ARGUMENT

### I. Compliance with a challenged statute is not a prerequisite of bring an action under §1983.

The clean hands doctrine cannot be read so as to make compliance with a challenged statute a precondition of bringing an action under 42 U.S.C. §1983. In *Leo Feist, Inc. v. Young*, 138 F.2d 972 (7th Cir. 1943), the plaintiff failed to comply with a statute requiring copyright holders to be licensed within Wisconsin in order to do business and secure their property rights within the state. The District Court dismissed the plaintiff's claims finding that his failure to comply with Wisconsin's statute constituted unclean hands. The Seventh Circuit reversed.

> The trial judge was of the opinion that plaintiff came into court with unclean hands because it had not complied with the Wisconsin statute. Thus, in effect, compliance with that statute was made a condition precedent to the institution of suit under the Federal Copyright Act . . . it is familiar doctrine that the prohibition of a federal statute may not be set at naught by a state statute.

*Leo Feist, Inc.*, 138 F.2d at 973. The Defendants seek to make compliance with §§3-5-11 and 3-5-11.1 a prerequisite for bringing a §1983 action to enforce federal constitutional and statutory rights.

The Defendants argue that the "unclean hands" of the Plaintiffs should protect the challenged statutes from constitutional review. This argument is the equivalent of saying that Rosa Parks could not challenge Montgomery, Alabama's segregated seating on buses because she broke that law by not sitting in the back of the bus. Or, to put this absurd scenario in terms of actual litigation, that the Plaintiff in *Evers v. Dwyer*, 358 U.S. 202 (1958) should have been precluded from attacking segregated seating on buses merely because he had deliberately violated Memphis' ordinance requiring him to sit at the back of the bus. In order to challenge the segregated seating ordinance, Evers first had to establish standing by subjecting himself to its restrictions. Under the Defendants' unclean hands arguments in the present matter, this act of establishing Evers' standing to sue should also have deprived him of the right to seek relief from the ordinance. If the Plaintiffs in the present action were not facing enforcement action for their use of their trade name and for their advertising activities, the Defendants would argue that they lacked standing to challenge the subject restrictions.

## II. Limitations on the applicability of the clean hands doctrine.

The Supreme Court noted the "inappropriateness of invoking broad common-law barriers to relief where a private suit serves important public purposes." *Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 138 (1968).[2] *See also*, *Gay Officers Action League v.*

[2] The portion of the *Perma Life Mufflers* decision addressing cooperation between separate business entities has been overruled by *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 766, 768 (1984) ("Other combinations, such as mergers, joint ventures, and various vertical agreements, hold the promise of increasing a

*Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001) (noting that the vindication of private constitutional rights is in the public interest).[3] Private rights of action such as those under the Sherman Act or those brought pursuant to 42 U.S.C. §1983 are statutorily created causes of action. Equitable defense like the clean hands doctrine are only applicable to such statutory actions if permitted by the language of the statutes themselves. *Perma Life Mufflers*, 392 U.S. at 138 ("There is nothing in the language of the antitrust acts which indicates that Congress wanted to make the common-law *in pari delicto* doctrine a defense to treble-damage actions"). The Plaintiffs in the present action allege that they have been deprived of various federally protected rights. Plaintiffs' private right of action based on 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

42 U.S.C. §1983. Nothing in the language of §1983 suggests that congress intended that equitable defenses like the Clean Hands Doctrine would be a defense to a claim of deprivation of a protected right under color of law.

Because the language of §1983 does not authorize courts to sustain an unconstitutional statute based on the allegedly improper actions of a plaintiff, any evidence of "unclean hands" is irrelevant.

---

firm's efficiency and enabling it to compete more effectively"), which held that vertical integration between subsidiaries and a parent company is not a Sherman Act violation. *See also*, *Texaco Inc. v. Dagher*, 126 S.Ct. 1276, 1279-1280 (2006) (noting that even horizontal price fixing agreements as part of a joint venture can be beneficial to competition).

[3] It is worth noting that the plaintiffs in *Gay Officers Action League* were not precluded from challenging the constitutionality of Puerto Rico's ban on police officers "associating with homosexuals" even though the plaintiffs had violated that restriction. 247 F.3d at 291.

## III. The clean hands standard

Even if the clean hands doctrine were applicable to §1983 actions challenging the validity of state statutes, the Defendants cannot meet the standard for asserting such a defense.

> To establish unclean hands, the defendant must show: (1) that the party seeking relief engaged in conduct involving fraud, deceit, unconscionability, or bad faith; (2) that such conduct is directly related to the matter at issue before the court; (3) that the conduct injures the other party; and (4) that the conduct affects the balance of equities between the litigants.

*RCN Telecom Services, Inc. v. DeLuca Enterprises, Inc.*, 413 F.Supp.2d 464, 475 (E.D.Pa. 2005), *citing*, *In re New Valley Corp.*, 181 F.3d 517, 523, 527 (3d Cir.1999).

### A. The evidence the Defendants intend to introduce do not raise to the level of unclean hands.

The nature of the "unclean" acts must be of a fraudulent nature, not merely a statutory violation. *Paramount Aviation Corp. v. Agusta,* 178 F.3d 132, 147 n. 12 (3d Cir. 1999) (the doctrine of unclean hands will only deny equitable relief "when the party seeking relief is guilty of ***fraud, unconscionable conduct, or bad faith*** directly related to the matter at issue that injures the other party and affects the balance of equities" (emphasis added)). The Defendants do not argue that the Plaintiffs have engaged in "fraud, unconscionable conduct, or bad faith." They merely allege that the Plaintiffs engage in the constitutionally protected activities that form the basis of Plaintiffs' claims.

The Defendants do not allege that the Plaintiffs have violated laws other than the provisions they challenged in this litigation. Rhode Island has stipulated in its interrogatory responses that it does not allege that the Plaintiffs have violated anti-trust law.

> If it is your contention that any part of the Plaintiffs' business practices violate federal or state anti-trust laws, state the basis for that contention (see Instruction C above).
>
> **Answer:** We are not specifically alleging a violation of any federal or state anti-trust laws in this action.

*Rhode Island's Answer to Plaintiffs' Interrogatories*, No. 21. Even with regard to the provisions of §§3-5-11 and 3-5-11.1, the Plaintiffs have altered their business practices in order comply with the provisions. The Plaintiffs have terminated their franchise relationship barred by §3-5-11.1, have stopped running joint ads in order to comply with §3-5-11(b)(1)(iii) and have altered their names in an effort to comply with §3-5-11(b)(1)(vi).[4]

It is not enough for the Defendant to allege that the Plaintiffs are violating the amendments being challenged in this case. Defendant must show that the Plaintiffs' "conducted [itself] as to shock the moral sensibilities of the judge," *Gaudiosi v. Mellon,* 269 F.2d 873, 882 (3d Cir. 1959), or stated otherwise, that Plaintiffs' conduct was "offensive to the dictates of natural justice." *Aptix Corp. v. Quickturn Design Sys., Inc.,* 269 F.3d 1369, 1375 (Fed.Cir. 2001).

**B. The allegedly unclean conduct of the Plaintiffs is not directly related to the matter at issue before the court**

The unclean hands doctrine is a judicially created doctrine that cannot trump the provisions of the Constitution.

> The doctrine of unclean hands only applies when the claimant's misconduct is directly related to the merits of the controversy between the parties, that is, when the tawdry acts "in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication."

*Texaco Puerto Rico, Inc. v. Department of Consumer Affairs*, 60 F.3d 867, 880 (1st Cir. 1995), *quoting, Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933).

As described above, the matter at issue before this Court is the Constitutionality of §§3-5-10, 3-5-11 and 3-5-11.1. This is not a license revocation hearing before a hearing officer of the

---

[4] Although the Plaintiffs have changed their business practices following this Court's denial of a preliminary injunction, they seek, through this litigation, to restore their former franchise relationship and their ability to jointly advertise to their customers and to utilize their trade names without the content restrictions imposed by the State.

Department of Business Regulation. It is for the DBR, not this Court to determine whether or not the Plaintiffs are acting in violation of §§3-5-11 or 3-5-11.1, and it is for this Court to determine the constitutionality of §§3-5-10, 3-5-11 and 3-5-11.1.

The DBR has already begun its own process of determining whether the Plaintiffs new business model complies with §§3-5-11 (as amended) and 3-5-11.1. So far, the DBR has only found a problem with the Plaintiffs use of their trade name. A review of the Plaintiffs' other business practices will be heard at a later date. This Court should avoid conducting its own review that would be redundant to the investigation being undertaken by the appropriate state agency.

**C. The Defendants cannot show that they were harmed by the alleged unclean acts of the Plaintiffs.**

"The alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct." *Mitchell Brothers Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir.1979), *cert. denied*, 445 U.S. 917 (1980) (rejecting unclean hands doctrine to pornographic films). An unclean hands defense requires that defendants show more than immoral conduct, "[t]his defense . . . requires the defendant to show that he himself has been injured by the plaintiff's conduct." *Lawler v. Gilliam*, 569 F.2d 1283, 1294 (4th Cir.1978).

Because the Defendants cannot show that they were injured by the Plaintiffs' activities, the doctrine of unclean hands is inapplicable in the present case.

**D. The Defendants cannot make any showing that the alleged unclean acts of the Plaintiffs have altered the equities between the parties.**

The unclean hands defense requires the Court to engage in the balancing of the equities between the parties. Given the mountain of evidence of illegal actions by the members of United

Independent and of the failure of the State to act when presented with evidence of this illegality, any such equitable balancing could not come out in the Defendants' favor.

If the Court permits the Defendants to offer evidence of unclean hands, the Plaintiffs must be permitted to offer evidence of the Defendants' unclean hands. Because the Clean Hands Doctrine is an equitable doctrine, the Court must consider the actions of all parties, not just of the Plaintiff. *Duggal v. Krishna*, 554 F.Supp. 1043, 1047 (D.D.C. 1983) (a defendant cannot succeed on an unclean hands defense if their action is more unconscionable than the Plaintiff's conduct).

> [T]he rule is not inexorable that a plaintiff who comes into court with unclean hands is always to be denied relief, regardless of other circumstances in the case; for, if the defendant has been guilty of conduct more unconscionable and unworthy than that of the plaintiff, the rule may be relaxed.

*Leo Feist, Inc.*, 138 F.2d at 975, *citing*, *Goodyear Tire & Rubber Co. v. Overman Cushion Tire Co.*, 95 F.2d 978, 983 (6th Cir. 1937) (stating same). Should this Court entertain consider a unclean hands theory, the Court must accept evidence concerning the actions of all parties in order for it to engage in the equitable analysis called for by the clean hands standard. *Tami v. Pikowitz*, 138 N.J. Eq. 410, 414, 48 A.2d 221, 223 (1946) ("It must be realized that the doctrine of unclean hands has its logical justification only in considerations of good conscience and natural justice . . . a court of equity in fulfillment of the reasons and objects of its creation and existence may in furtherance of natural justice aid the one who *comparatively* is the more innocent" (emphasis added)).

This evidence would show members of United Independent engaging in illegal liquor transfers, sharing profits from multiple liquor stores, centrally warehousing liquor for use in multiple stores and other activities illegal under §3-5-11. Evidence of the State's unconscionable

actions would relate to the DBR's permitting the illegal action of other liquor stores even after that illegal activity had been documented and presented to the DBR by Plaintiff Haronian.

## IV. The Defendants have failed to comply with discovery on the issue of "unclean hands" and therefore should be precluded from pursuing that theory at trial.

During discovery, the Plaintiffs asked the State Defendants and the Interveners to identify all evidence and contentions concerning the Plaintiffs' "unclean hands." None of their responses identifed any evidence of conduct that that "shocks moral sensibilities." The Defendants did not support any contention that the plaintiffs are "guilty of fraud, unconscionable conduct, or bad faith directly related to the matter at issue." Given the Defendants' failure to identify any "unclean" act of the Plaintiffs other than engaging in the conduct the Plaintiffs allege to be constitutionally protected, the unclean hands defense should not be entertained by this Court.

## CONCLUSION

This Court should not permit the trial of Plaintiffs' constitutional claims to become bogged down in what would be effectively be a license revocation hearing that would be more properly conducted in front of the Rhode Island Department of Business Regulation. Should this Court

Respectfully submitted,
WINE & SPIRITS RETAILERS, INC., *et al.*
By their Attorneys,

Robert J. Roughsedge (#5876)
Evan T. Lawson (*pro hac vice*)
Michael Williams (*pro hac vice*)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

Dated: June 9, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WINE & SPIRITS RETAILERS, INC., *et al.*
*Plaintiffs,*
*v.*
STATE OF RHODE ISLAND, *et al.*,
*Defendants.*

Civil Action No. 04-418-T

**CERTIFICATE OF SERVICE**

The undersigned attorney for the Plaintiffs hereby certifies that true copies of *Plaintiffs' Motion to Exclude any Argument and Evidence purporting to show "Unclean Hands"* and the *Memorandum In Support of Plaintiffs' Motion to Exclude any Argument and Evidence purporting to show "Unclean Hands"* were served upon the following attorneys of record by mail on this 9th day of June, 2006:

Rebecca Partington
Deputy Chief – Civil Division
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Joseph S. Larisa, Jr.
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903

Robert J. Roughsedge #5876