**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC. and JOHN HARONIAN, Plaintiffs | : | |
| v. | : | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND Defendants | : | |

**UILR OBJECTION TO MOTION TO EXCLUDE EVIDENCE**

The United Independent Liquor Retailers of Rhode Island ("UILR") object to plaintiffs' motion for an order "excluding any evidence or argument at trial that purports to establish the 'unclean hands' of the plaintiffs."

A memorandum of law in support of this objection is attached.

Respectfully submitted,

UNITED INDEPENDENT LIQUOR
RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903
(401) 743-4700
(401) 633-6296 (fax)

DATED: June 19, 2006

## CERTIFICATION

I hereby certify that I sent by email and/or fax a true copy of the attached Objection and Memo in Support on this 19th day of June 2006 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WINE AND SPIRITS RETAILERS, INC. and JOHN HARONIAN, Plaintiffs | : | |
| v. | : | C.A. NO. 04-418T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and JEFFREY J. GREER, in his capacity as Associate Director of the Rhode Island Department of Business, and the UNITED INDEPENDENT LIQUOR RETAILERS OF RHODE ISLAND Defendants | : | |

**MEMORANDUM OF UILR IN SUPPORT OF OBJECTION**

The United Independent Liquor Retailers of Rhode Island ("UILR") submit this memorandum in support of its objection to plaintiffs' motion for an order "excluding any evidence or argument at trial that purports to establish the 'unclean hands' of the plaintiffs."

The motion should be denied because the indisputable evidence of plaintiffs' relentless and uninterrupted lawbreaking for 14 months after passage of the Act – and over 10 months since the First Circuit affirmed this Court's denial of injunctive relief -- is properly admissible in this court of equity in a case where plaintiffs are demanding equitable relief. The evidence of plaintiffs' continued and continuing lawbreaking is relevant *not only to unclean hands, but also to the balance of the equities and the public interest in law compliance.* While plaintiffs attempt to scare the Court into believing that introduction of such evidence will prolong the trial, plaintiffs do not even identify *what* evidence they demand be excluded. The fact is that such evidence is in the form of exhibits and will likely be admitted by agreement.

*Exhibit A* to this memo are examples of illegal common or coordinated ads (plaintiffs agreed were admissible previously). Subsequent common or coordinated ads will also be introduced (through Memorial Day and July 4). *Exhibit B* hereto is a Decision from a hearing the Department of Business Regulation ordering the Class A liquor store plaintiffs (plus the five other DWS stores and the three PLW stores), *inter alia*, to cease and desist from using the same name (a term identified as a chain or common entity) in violation of the Act, lose their license for 10 days, and each pay a $5,000 penalty for flagrant law violation. *Exhibit C*, hereto, is a response by DBR to plaintiffs' interrogatory request showing that all Class A's *except* plaintiffs and the other DWS and PLW stores have complied with the law and changed their name.[1] Introduction of exhibits showing clear law violation by plaintiffs will not delay the trial at all.

Perhaps most importantly, plaintiffs themselves have identified both *Exhibits B and C as well as their own advertisements* as their *own* exhibits for evidence at trial. That being so, what plaintiffs are really asking has nothing to do with the evidence and everything to do with preventing this Court from considering any *argument* that joint exhibits are relevant to this Court's consideration of the equities.

Plaintiffs' complete disregard of the rule of law for over 10 months after *failing* to obtain an injunction from this Court or the First Circuit is nothing short of remarkable. Court denial of plaintiffs' demand for an injunction have had no effect on their illegal actions; they have proceeded as if an injunction had been granted. Their attempt to hide

---

[1] This evidence renders plaintiffs' claim that they "have altered their business practices in order to comply with the [Act]" and that they have "stopped running joint ads in order to comply with § 3-5-11(b)(1)(iii) and have altered their names in an effort to comply with § 3-5-11(b)(1)(vi)," *Pl. Memo* at 7, quite amazing to say the least.

from this Court's any and all evidence of their continued lawbreaking should be rejected.[2]

A. *The Law*

Plaintiffs pay short shrift to the fact that they are seek equitable relief in the form of a permanent injunction in addition to a declaratory judgment under Section 1983 on constitutional grounds. They point to no case where a Court is precluded from considering *equitable* defenses and elements of an injunction itself. To obtain injunctive relief, a court must balance the equities and look at the public interest. Clear evidence – in the form of identical advertisements and a DBR Order – of repeated law violation of the very provisions of an Act they continue to challenge is relevant both as an affirmative defense and in the equitable balance.

Plaintiffs mischaracterize the law regarding unclean hands in this Circuit. "It is a fundamental maxim that in order to invoke equity jurisdiction, the party seeking relief must come into court with clean hands." *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 814 (1945); *Williams v. Jones*, 11 F.3d 247, 256 (1st Cir. 1994) ("fraud and 'unclean hands' historically have been regarded as valid equitable defenses to injunctive relief"). "The doctrine of unclean hands applies to preliminary injunctions and affords the equity court broad discretion in rejecting an unclean litigant's claims." *Healthpoint, Ltd. v. Stratus Pharmaceuticals, Inc.*, 273 F.Supp.2d 769, 794 (W.D.Tex. 2001).

---

[2] Plaintiffs' protestations aside, they are not Rosa Parks. Aside from the difference between a race based civil rights matter and the instant case trying to turn a prohibition on collusive conduct by Class A liquor license holders into protected speech, plaintiffs here demanded equitable injunctive relief and were denied – yet continued to flout the law.

The First Circuit has applied the doctrine to uphold the denial of equitable relief, setting forth the salient legal principles:

> It is old hat that a court called upon to do equity should always consider whether the petitioning party has acted in bad faith or with unclean hands. *See Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 814 (1945) (explaining that the doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief"); *see also Dobbs, supra,* at 109; *see generally K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 910- 12 (1st Cir.1989) (discussing "unclean hands" doctrine in relation to the equitable maxim that "he who seeks equity must do equity"). But even though equitable doctrines are renowned for their elasticity, they are not without all limits. The doctrine of unclean hands only applies when the claimant's misconduct is directly related to the merits of the controversy between the parties, that is, when the tawdry acts "in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication."[3] *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933).

*Texaco Puerto Rico, Inc. v. Department of Consumer Affairs,* 60 F.3d 867, 880 (1st Cir. 1995).[4]

---

[3] In other words, "[t]he bad conduct [ ] must pertain to the subject matter of the suit and affect the equitable relations between the litigants. *Washington Capitols Basketball Club, Inc. v. Barry*, 304 F.Supp. 1193, 1200-1201 (N.D.Cal.), *aff'd*, 419 F.2d 472 (9th Cir. 1969). "[M]isconduct in the abstract, unrelated to the claim to which it is asserted as a defense, does not constitute unclean hands. The concept invoking the denial of relief is not intended to serve as punishment for extraneous transgressions, but instead is based upon 'considerations that make for the advancement of right and justice.' . . . What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendant." *Republic Molding Corp. v. B. W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir. 1963) *citing Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933).

[4] There is no requirement here, as plaintiffs' would have it, that the actions of plaintiffs "shock the moral sensibilities of the judge" or offend "natural justice." *Pl. Memo* at 7. It is more than enough that plaintiffs have directly and repeatedly violated the law by acting as if an injunction were granted by this Court or the First Circuit when both Courts have expressly denied that demand.

As in *Texaco*, the actions of the three Douglas Wine & Spirits stores since passage of the challenged statute reek with bad faith and unclean hands[5] – they violate the *very statutes* they seek to enjoin. The proposed Exhibits attached hereto show that plaintiffs have knowingly and willingly have flouted the very provisions of the statute they now seek to enjoin ever since it became effective on April 1, 2005. Plaintiffs continue to intentionally flout these prohibitions even after this Court refused to enjoin them and after the First Circuit removed any chance for a preliminary injunction in its detailed affirming opinion on August 10, 2005 – over ten months ago.

As the UILR proposed exhibits show, plaintiffs have clearly violated the statutory bans on: 1) coordinated or common advertisement; 2) participation in agreed upon or common pricing of products; and 3) any term or entity identified as a chain or common entity – and continue to act as an illegal chain store / franchise.[6] This evidence is relevant to plaintiffs' demand for equitable relief.

---

[5] This may well explain why not a single store was made a plaintiff at the outset of this case.

[6] Plaintiffs state that *they* should be able to offer evidence of alleged unclean hands by members of the UILR. This is wrong. *Plaintiffs have not even identified any such evidence in their exhibit list.* Aside from the fact that the claims made in plaintiffs' memo are false (and defamatory), and that any so-called "evidence" has not even formed the basis of a show cause order by DBR, plaintiffs are dead wrong for two reasons: 1) the UILR is not asking this Court of equity for any affirmative relief; and 2) the amorphous charge made by plaintiffs "that members of United Independent engag[ed] in illegal liquor transfers, sharing profits from multiple liquor stores, [and] centrally warehousing liquor for use in multiple stores" have nothing to do with the irrefutable, direct violations of the Act through joint advertising and joint naming. In other words, the UILR has a cease and desist order from DBR and identical newspaper ads showing direct violations of the Act; plaintiffs have nothing but unsubstantiated allegations (rejected by DBR) against unidentified UILR members.

B. *Conclusion*

For the reasons stated, the UILR evidence of plaintiffs' violation of the provisions of the subject Act is relevant and should be allowed to be introduced at trial.

Respectfully submitted,

UNITED INDEPENDENT LIQUOR
RETAILERS OF RHODE ISLAND

By its attorney,

Joseph S. Larisa, Jr., Esq. #4113
Larisa Law and Consulting, LLC
55 Dorrance Street, Suite 301B
Providence, RI 02903
(401) 743-4700
(401) 633-6296 (fax)

DATED: June 19, 2006

**CERTIFICATION**

I hereby certify that I sent by email and/or fax a true copy of the attached Objection and Memo in Support on this 19th day of June 2006 to the following:

Rebecca Tedford Partington #3890
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Robert J. Roughsedge, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736